IN THE _Circuit_ COURT OF THE _1st_ JUDICIAL DISTRICT
OF HINDS, COUNTY, MISSISSIPPI

_Melanie Young_

PLAINTIFF

NO. _22-618_

VS.

_MS Dept. Child Protection Services_

DEFENDANT

I, ZACK WALLACE, CIRCUIT CLERK, OF THE CIRCUIT COURT

IN AND FOR THE SAID STATE AND COUNTY DO HEREBY CERTIFY THAT

THE ATTACHED ARE TRUE AND CORRECT COPIES OF ALL THE PAPERS

FILED IN THIS OFFICE IN THE ABOVE STYLED AND NUMBERED CAUSE,

AS OF THIS DATE THE SAME IS OF RECORD IN THIS OFFICE IN DOCKET

BOOK NO. _MEC-22-618_ PAGE NO. _____ TO WIT:

GIVEN UNDER MY HAND AND SEAL OF OFFICE THIS THE _8_

DAY OF _October_, _2024_.

ZACK WALLACE, CIRCUIT CLERK
HINDS COUNTY, MISSISSIPPI

BY _Karla Bailey_ D.C.



CCKCTF-1

# Mississippi Electronic Courts
## Seventh Circuit Court District (Hinds Circuit Court - Jackson)
### CIVIL DOCKET FOR CASE #: 25CI1:22-cv-00618-EFP

YOUNG v. MISSISSIPPI DEPARTMENT OF CHILD
PROTECTION SERVICES
Assigned to: Judge Eleanor Faye Peterson
Member case: (View Member Case)

Date Filed: 09/22/2022
Current Days Pending: 746
Total Case Age: 746
Jury Demand: Plaintiff
Nature of Suit: Other Torts (175)

**Upcoming Settings:**

None Found

---

**Plaintiff**

**MELAINE YOUNG**

represented by **Robert Nicholas Norris**
Watson & Norris
4209 Lakeland Drive #365
FLOWOOD, MS 39232
601-968-0000
Fax: 601-968-0010
Email: nick@watsonnorris.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Louis Hanner Watson, Jr.**
Watson & Norris, PLLC
4209 LAKELAND DR # 365
FLOWOOD, MS 39232
601-253-1177
Fax: 601-968-0010
Email: louis@watsonnorris.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**MISSISSIPPI DEPARTMENT OF
CHILD PROTECTION SERVICES**

represented by **Morgan A Middleton**
Mississippi Emergency Management
General Counsel
Post Office Box 5644
#1 MEMA Drive
PEARL, MS 39288
601-933-6384
Email: mmiddleton@mema.ms.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*



**Bethany Brantley Johnson**
Office of the Attorney General

PO Box 220
JACKSON, MS 39205
601-359-4245
Email: bethany.johnson@ago.ms.gov
*ATTORNEY TO BE NOTICED*

**Clarence Lee Lott, III**
1946 Douglass Dr
JACKSON, MS 39211
601-573-8660
Email: lee.lott@tn.gov
*TERMINATED: 07/30/2024*
*ATTORNEY TO BE NOTICED*

**Lindsay Thomas Dowdle**
Mississippi Attorney General's Office
P.O. Box 220
JACKSON, MS 39205
601-359-3020
Email: lindsay.dowdle@ago.ms.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/22/2022 | 2 | COMPLAINT against MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES, filed by MELAINE YOUNG. (Attachments: # 1 Civil Cover Sheet,) (KK) (Entered: 09/22/2022) |
| 09/22/2022 | 3 | SUMMONS Issued to MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES. (KK) (Entered: 09/22/2022) |
| 01/13/2023 | 4 | SUMMONS Returned Executed by MELAINE YOUNG. MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES served on 1/11/2023, answer due 2/10/2023. Service type: Personal (Watson, Louis) (Entered: 01/13/2023) |
| 02/03/2023 | 5 | MOTION for Extension of Time to File Answer *Unopposed Motion for Extension of Time to File Answer and Defenses* by Defendant MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES (Middleton, Morgan) (Entered: 02/03/2023) |
| 02/06/2023 | 6 | NOTICE of Appearance by Bethany Brantley Johnson on behalf of MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES (Johnson, Bethany) (Entered: 02/06/2023) |
| 02/08/2023 | 7 | ORDER granting 5 Motion for Extension of Time to Answer. Signed by Judge Eleanor Faye Peterson on 02/08/2023. (LM) (Entered: 02/08/2023) |
| 03/01/2023 | 8 | AGREED SCHEDULING ORDER. Signed by Judge Eleanor Faye Peterson on 03/01/2023. (KK) (Entered: 03/01/2023) |
| 03/02/2023 | 9 | ANSWER to 2 Complaint by MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES. (Middleton, Morgan) (Entered: 03/02/2023) |
| 03/14/2023 | 10 | AGREED AMENDED SCHEDULING ORDER. Signed by Judge Eleanor Faye Peterson on 3/14/2023. (SH) (Entered: 03/14/2023) |
| 03/16/2023 | 11 | Joint MOTION to Consolidate Cases by Defendant MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES (Attachments: # 1 Exhibit A - Falgout Complaint, # 2 |

| | | |
|---|---|---|
| | | Exhibit B - Proposed Order,) (Johnson, Bethany) (Entered: 03/16/2023) |
| 04/05/2023 | 12 | ORDER granting (11) Motion to Consolidate Cases. Signed by Judge Eleanor Faye Peterson on 04/5/2023. (KC) (Entered: 04/05/2023) |
| 04/20/2023 | 13 | NOTICE OF SERVICE of Request for Production of Documents Propounded to Defendant's by MELAINE YOUNG. (Norris, Robert) (Entered: 04/20/2023) |
| 05/30/2023 | 14 | MOTION to Withdraw as Attorney by Defendant MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES (Middleton, Morgan) (Entered: 05/30/2023) |
| 06/08/2023 | 15 | NOTICE of Appearance by Clarence Lee Lott, III on behalf of MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES (Lott, Clarence) (Entered: 06/08/2023) |
| 07/28/2023 | 16 | NOTICE OF SERVICE of Interrogatories Propounded to Defendants' by MELAINE YOUNG. (Norris, Robert) (Entered: 07/28/2023) |
| 07/28/2023 | 17 | NOTICE OF SERVICE of Request for Production of Documents Propounded to Defendants' by MELAINE YOUNG. (Norris, Robert) (Entered: 07/28/2023) |
| 08/11/2023 | 18 | MOTION for Extension of Time to Complete Discovery *to Respond to Interrogatories and Requests for Production* by Defendant MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES (Johnson, Bethany) (Entered: 08/11/2023) |
| 08/16/2023 | 19 | ORDER GRANTING DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO INTERROGATORIES AND REQUESTS FOR PRODUCTION granting (18) Motion for Extension of Time to Complete Discovery; granting 18 Motion for Extension of Time to Complete Discovery.Signed by Judge Eleanor Faye Peterson on 8/15/23. (KB) (Entered: 08/16/2023) |
| 09/07/2023 | 20 | NOTICE OF SERVICE of Interrogatories Propounded to Ashley Falgout & Melanie Young, NOTICE OF SERVICE of Request for Production of Documents Propounded to Ashley Falgout & Melanie Young by MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES. (Johnson,Bethany) (Entered: 09/07/2023) |
| 09/12/2023 | 21 | NOTICE OF SERVICE of Responses to Interrogatories, NOTICE OF SERVICE of Responses to Request for Production by MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES. (Johnson, Bethany) (Entered: 09/12/2023) |
| 11/01/2023 | 22 | NOTICE OF SERVICE of Responses to Interrogatories by MELAINE YOUNG. (Norris, Robert) (Entered: 11/01/2023) |
| 11/01/2023 | 23 | NOTICE OF SERVICE of Responses to Request for Production by MELAINE YOUNG. (Norris, Robert) (Entered: 11/01/2023) |
| 11/01/2023 | 24 | NOTICE OF SERVICE of Responses to Interrogatories by ASHLEY FALGOUT. (Norris, Robert) (Entered: 11/01/2023) |
| 11/01/2023 | 25 | NOTICE OF SERVICE of Responses to Request for Production by ASHLEY FALGOUT. (Norris, Robert) (Entered: 11/01/2023) |
| 04/22/2024 | 26 | AGREED AMENDED SCHEDULING ORDER. Signed by Judge Eleanor Faye Peterson on 04/22/2024. (KK) (Entered: 04/22/2024) |
| 07/22/2024 | 27 | NOTICE of Appearance by Lindsay Thomas Dowdle on behalf of MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES (Dowdle, Lindsay) (Entered: 07/22/2024) |

| 07/23/2024 | 28 | MOTION to Withdraw as Attorney by Defendant MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES (Lott, Clarence) (Entered: 07/23/2024) |
|---|---|---|
| 07/30/2024 | 29 | ORDER granting (28) Motion to Withdraw as Attorney. Attorney Clarence Lee Lott, III terminated. Signed by Judge Eleanor Faye Peterson on 7/29/2024. (RH) (Entered: 07/30/2024) |
| 09/09/2024 | 30 | MOTION to Amend/Correct (2 in 25CI1:22-cv-00618-EFP) Complaint by Plaintiffs ASHLEY FALGOUT, MELAINE YOUNG (Attachments: # 1 Exhibit A - Amended Complaint,) (Norris, Robert) (Entered: 09/09/2024) |
| 09/10/2024 | 31 | ORDER granting (30) Motion to Amend/Correct. Signed by Judge Eleanor Faye Peterson on 09/10/2024. (KC) (Entered: 09/10/2024) |
| 09/11/2024 | 32 | AMENDED COMPLAINT against MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES, MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES, filed by ASHLEY FALGOUT, MELAINE YOUNG. (Norris, Robert) (Entered: 09/11/2024) |
| 10/02/2024 | 33 | ORDER granting 30 Motion to Amend/Correct. Signed by Debra H. Gibbs on 10/01/2024. (DKW) (Entered: 10/02/2024) |

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**MELANIE YOUNG**                                                                **PLAINTIFF**

**v.**                                          CAUSE NO.: _22-618_

**MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES**        **DEFENDANT**

### COMPLAINT
### JURY TRIAL DEMANDED

**COMES NOW** the Plaintiff, Melanie Young, by and through counsel, Watson & Norris, PLLC, and files this action to recover damages for the actions of Defendant Mississippi Department of Child Protection Services, which constitute the tort of outrage/intentional infliction of emotional distress (IIED) and the tort of wrongful termination. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

### THE PARTIES

1.    Plaintiff, Melanie Young, is an adult female who resides in Madison County, Mississippi.

2.    Defendant, Mississippi Department of Child Protection Services, may be served with process by serving Lynn Fitch, Attorney General for the State of Mississippi, 550 High Street, Jackson, Mississippi 39201.

### JURISDICTION AND VENUE

3.    This court has subject matter and personal jurisdiction over the Defendant and venue is proper in this Court.

4.    Pursuant to *Miss. Code Ann.* § 11-46-11, *et seq.*, Plaintiff timely sent Defendant the required Notice of Claim on June 15, 2022 via Certified Mail, Return Receipt

Requested which was received by Defendant on or about June 17, 2022. Plaintiff has not received a notice of denial of claim and the 95-day tolling period has now expired. Thus, Plaintiff timely files these claims pursuant to *Miss. Code Ann.* § 11-46-11, *et seq.*

## STATEMENT OF FACTS

5.      Plaintiff is an adult female resident of Madison County, Mississippi.

6.      Plaintiff was hired on October 1, 2020, as a Special Projects Officer IV (Education Liaison) at the Mississippi Department of Child Protection Services (MDCPS).

7.      Ashley Falgout was hired on July 1, 2009, as a Program Administrator of Independent Living at the Mississippi Department of Child Protection Services (MDCPS).

8.      Ms. Falgout was promoted a couple more times and then on October 1, 2020, she was promoted to the position of Bureau Director II.

9.      In this new role, Ms. Falgout's immediate supervisor was Deputy Director of Permanency Marcus Davenport.

10.     Ms. Falgout co-developed the Youth Transition Support Services (YTSS) program in 2017.

11.     In 2018, the YTSS program was moved under the Permanency Unit.

12.     In June 2020, Ms. Falgout was named the Interim Bureau Director over the YTSS program.

13.     In July 2020, Mr. Davenport called a YTSS unit meeting in July 2020 at which time he addressed Ms. Falgout and others and stated, "Your work is garbage, and y'all need to do better."

14.     In October 2020, Mr. Davenport initiated a personal relationship with Ms.

2

Falgout that consisted of lunches, dinners, phone conversations, and Face Time conversations.

15.    In early 2021, Plaintiff, Special Projects Officer IV (Education Liaison) at the Mississippi Department of Child Protection Services (MDCPS), discovered that MDCPS officials were routinely signing the Individualized Educations Plans (IEPs) for children in foster care covered by the Individuals with Disabilities and Education Act (IDEA).

16.    According to the IDEA, only the legal parent or guardian of IDEA children are permitted to sign IEPs for purposes of special education decision making.

17.    This ongoing legal violation impacted many of the children/youth under the charge of MDCPS and their biological parents.

18.    On February 8, 2021, Plaintiff and Ms. Falgout met with Mr. Davenport to address the above-mentioned legal violation being perpetrated against MDCPS children/youth and their biological parents.

19.    On April 1, 2021, Plaintiff was promoted to the position of Division Director II.

20.    At that time, Plaintiff continued in her role as Education Liaison but also took on this new position.

21.    In this new role, Plaintiff's immediate supervisor was Bureau Director II, Ms. Falgout.

22.    On May 5, 2021, Claimant emailed Strategy and Policy Attorney Kimberly Gore. In that email, among many questions, Claimant inquired of Ms. Gore, "In terms of special education, can MDCPS legally serve as the [Individuals with Disabilities Education Act] (IDEA) parent?"

3

23.    When Ms. Gore responded, the response to that question was the following: "No."

24.    The definition of parent under 20 U.S.C. § 1401(23)(B) specifically excludes the State. 20 U.S.C. § 1415(b)(2)(A) also provides that the surrogate parent "shall not be an employee of the State educational agency, the local educational agency, or any other agency that is involved in the education or care of the child." MDCPS cannot act as the surrogate parent because it is an agency involved in the care of the child."

25.    On May 19, 2021, Ms. Falgout emailed Deputy Commissioner of Child Welfare Kimberly Wheaton (i.e., Mr. Davenport's direct report) to express her concerns.

26.    Given the response Plaintiff and Ms. Falgout received from the legal department (i.e., Ms. Gore and others), it was clear that MDCPS officials were not legally allowed to serve as IDEA parents.

27.    Plaintiff and Ms. Falgout were now reaching out to Ms. Wheaton so that MDCPS could appropriately revise its policy and practice.

28.    On June 3, 2021, Plaintiff and Ms. Falgout met with Mr. Davenport to discuss education concerns.

29.    At that meeting Plaintiff provided Mr. Davenport with a document entitled Y TSS Education Plan.

30.    On that document, the second item stated: "IDEA Parent" We MUST have a special education decision maker for each child requiring special education and related services. MDCPS/MDCPS employees CAN NOT serve in this role per federal law. Therefore, until this is addressed the validity of each child/youth's IEP is compromised, the services they are to receive may be interrupted, MDCPS employees' ability to

4

effectively advocate on behalf child/youth is diminished, and the Agency is positioned to experience legal repercussions."

31.    Plaintiff presented this document to Mr. Davenport as part of a plan on how to move forward addressing the education-related issues.

32.    Plaintiff presented this and other items to Mr. Davenport in the hopes of moving forward with a revision of policy (i.e., to comply with federal law and federal block grants) and practical change.

33.    The following issues with not following the federal block grants was presented to Mr. Davenport:

- Not enrolling children/youth in school in accordance with federal and state compulsory school laws
- Not creating educational plans for children/ youth as required by ESSA and Fostering Connections Act
- Not creating Transitional Living Plans for youth age 17 and older per Title IV-E of the SSA
- Not providing housing support for youth age 18 and older per Title IV-E of the SSA
- Signing IEPs for youth in foster care and denying them the legal protections for students with disabilities under IDEA
- Not coordinating with MDE or the local school districts to ensure the educational stability mandated by ESSA and Fostering Connections
- Not allowing youth to remain in their school of origin as ordered by ESSA
- Not allowing biological parents/guardians to participate in the educational decisions for youth in foster care as stated in IDEA and ESSA

- Not collecting educational data required by ACF, CB and the SSA

- Reporting fraudulent data to the federal government surrounding Independent Living and education which affects federal funding

- Denying children and youth FAPE as guaranteed by IDEA

34.    In response, however, Mr. Davenport gave no clear resolution, feedback, or guidance on how to proceed with this issue.

35.    Rather than supporting Plaintiff in this endeavor, Mr. Davenport responded, "Education isn't a priority for me."

36.    Plaintiff and Ms. Falgout attempted to explain to Mr. Davenport that they had addressed the matter via email with MDCPS's legal department (i.e., Ms. Gore, Anna Claire Steel) and then they had further addressed the matter with Ms. Wheaton.

37.    When they asked Mr. Davenport how these issues of federal law and agency policy/practice were to be resolved, Mr. Davenport directed them to "Continue doing like we have always done, because there haven't been any problems - per Kimberly Wheaton".

38.    Plaintiff and Ms. Falgout requested this directive be given to them in writing, but Mr. Davenport denied this request.

39.    Plaintiff then stated to Mr. Davenport that she refused to knowingly participate, allow to continue, or instruct her direct reports or agency members to engage in illegal practices.

40.    Mr. Davenport then directed Plaintiff to cease all work she was doing to coordinate between MDCPS, the Mississippi Department of Education (MDE) and the

American Bar Association – Legal Center for Foster Care and Education and Casey Family Programs (ABA).

41.    This directive barred Plaintiff from effectively fulfilling her role and responsibilities on behalf of the children/youth of MDCPS.

42.    Following these events (in early June 2021), Ms. Falgout's personal relationship with Mr. Davenport began to change.

43.    Mr. Davenport discontinued all personal engagement with Ms. Falgout, and he limited his interaction to only formal professional engagement.

44.    Beginning around this time, Mr. Davenport told Ms. Falgout, on several occasions, either directly or by inference, that Commissioner Andrea Sanders wanted Ms. Falgout gone from MDCPS.

45.    Mr. Davenport portrayed himself to Ms. Falgout as attempting to protect her from those who wanted her removed.

46.    These statements conflicted with Ms. Sanders' direct interactions with Ms. Falgout, wherein she (Ms. Sanders) consistently expressed positive approval regarding Ms. Falgout's job performance.

47.    Increasingly, Mr. Davenport began interfering in Ms. Falgout's work duties.

48.    Unbeknownst to Ms. Falgout, Mr. Davenport met with service providers and community partners, with whom Ms. Falgout had long standing professional relationships, and attempted to undermine her (Ms. Falgout's) position and professional credibility.

49.    Mr. Davenport began directly contacting Ms. Falgout's staff and division directors (i.e., bypassing her) and questioning them about routine work matters.

50.    Ms. Falgout's staff began contacting her, expressing confusion as to why Mr. Davenport was questioning them.

51.    Ms. Falgout addressed this confusion to Mr. Davenport, who merely responded, "It's my right."

52.    Mr. Davenport negotiated service contracts to be paid out of the Independent Living – John H. Chafee Foster Care Independence Program budget without Plaintiff's knowledge, consent, or input.

53.    Mr. Davenport increasingly micromanaged Ms. Falgout's work duties and schedule.    He prohibited Ms. Falgout from communicating with other departments and he often instructed personnel in other departments to communicate directly with him, i.e., not with Ms. Falgout.

54.    On several occasions, Ms. Falgout attempted to address the way Mr. Davenport was interfering with her ability to fulfill her role as a Bureau Director.

55.    Ms. Falgout asked that Mr. Davenport put her job description/requirements in writing.

56.    Mr. Davenport responded that he would provide Ms. Falgout with a performance review, but she never received it.

57.    Mr. Davenport's interference with Ms. Falgout's work significantly interfered with any productive work in the YTSS program.

58.    Mr. Davenport effectively blocked this program, resulting in children and youth being denied services.

59.   In July 2021, Ms. Falgout met with Ms. Wheaton to discuss her (Ms. Falgout's) concerns about how Mr. Davenport was interfering with her (Ms. Falgout's) ability to perform her job.

60.   Ms. Wheaton responded that she would address the matter with Mr. Davenport.

61.   Also, around the first week of July 2021, Plaintiff and Ms. Falgout were called to Mr. Davenport's office.

62.   At that time, Ms. Davenport informed Plaintiff and Ms. Falgout that YTSS Federal Reporting designee and Education Liaison Cynthia Moore-Hardy had raised some concerns to him that he felt needed to be addressed.

63.   It is noteworthy that Ms. Moore-Hardy was a direct report to Plaintiff and as recently as April 2021 Plaintiff had confronted Ms. Moore-Hardy regarding issues of insubordination and inadequate work performance.

64.   Between April and July 2021, Plaintiff had discussed Ms. Moore-Hardy's problematic work performance with Mr. Davenport.

65.   Mr. Davenport had directed Plaintiff to submit documentation to Human Resources and had, on one occasion, stated that she (Ms. Moore-Hardy) should be terminated.

66.   In the second week of July 2021, however, Mr. Davenport radically shifted his position.

67.   Mr. Davenport called a meeting with Plaintiff, Ms. Falgout, and Ms. Moore-Hardy, in which Ms. Moore-Hardy verbalized allegations against Plaintiff.

9

68.    When Plaintiff attempted to speak up to defend herself, Mr. Davenport berated her and alleged that as a Division Director she was not allowed to respond.

69.    Mr. Davenport then turned to Ms. Falgout and stated that she (Ms. Falgout) had failed by allowing Plaintiff to defend herself.

70.    Ms. Falgout responded to Mr. Davenport, stating that he was wrong and was handling the entire situation incorrectly.

71.    On July 30, 2021, Director of Human Resources Jason Hulitt conducted an interview with Plaintiff.

72.    Prior to the interview, Mr. Hulitt told Plaintiff he was going to conduct an employee engagement interview.

73.    When the interview occurred, however, the aggressively interrogating nature of the interview was surprising to Plaintiff.

74.    In this interview, Mr. Hulitt asked Plaintiff about her relationship with Ms. Falgout, her direct reports, and Mr. Davenport (i.e., did Plaintiff have a relationship with

75.    Ms. Falgout outside of work? how long has she known Ms. Falgout? What was her relationship like with Mr. Davenport? how did she get along with her direct reports? etc.).

76.    Mr. Hulitt asked Plaintiff how long she had been with the agency, how long she had been a Division Director, and what made her qualified to hold her position.

77.    Mr. Hulitt asked Plaintiff about the unit she oversaw, its role and responsibilities.

78.    Mr. Hulitt insinuated that Plaintiff's professional and educational background were inadequate to qualify her for the position she held.

10

79.    In August 2021, Mr. Hulitt met with Ms. Falgout, as well, for an employee engagement interview.

80.    During this interview, Mr. Hulitt asked Ms. Falgout general questions, work-related questions, questions about her unit, and other topics.

81.    Ms. Falgout explained to Mr. Hulitt about how Mr. Davenport had interfered with her ability to perform her job and how both she and the unit were affected.

82.    Both employee engagement interviews (i.e., the one with Plaintiff and with Ms. Falgout) were recorded by Mr. Hulitt, using his state issued cell phone.

83.    Beginning in August 2021, Mr. Davenport discontinued all communication with Plaintiff.

84.    On September 14, 2021, both Plaintiff and Ms. Falgout were terminated, allegedly due to "falsification of time records."

85.    Both Plaintiff and Ms. Falgout were salaried employees of MDCPS.

86.    Their time sheets merely consisted of the dates and the hours they worked on those dates.

87.    Following this vague allegation by MDCPS, no explanation as to how the time sheets were allegedly 'falsified' was given.

88.    Both Plaintiff and Ms. Falgout filed appeals with the Mississippi State Personnel Board.

89.    Plaintiff will lose, at a minimum, approximately $60,000 of income in pay plus benefits per year.

## CAUSES OF ACTION

### COUNT I:  TORT OF OUTRAGE-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

11

90.    Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 89 above as if fully incorporated herein.

91.    By its actions described above, the Defendant intentionally inflicted emotional distress upon Plaintiff.

92.    The Defendant's actions have been such to evoke outrage and revulsion.

93.    The Defendant's actions are malicious, willful, wanton, grossly careless, indifferent and reckless.

94.    The effect of the Defendant's actions on Plaintiff were reasonably foreseeable.

95.    Plaintiff has suffered injury as a result of the Defendant's actions.

96.    As such, Plaintiff is seeking an award of compensatory damages in an amount to be determined by the jury to fully compensate her for the Defendant's actions.

97.    In addition, the Defendant's actions were done maliciously with the intent to cause Plaintiff injury.

## COUNT II: WRONGFUL TERMINATION

98.    Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 97 above as if fully incorporated herein.

99.    The acts of the Defendant described above constitute a willful and intentional violation of federal law, state law and/or Mississippi public policy which constitutes the tort of wrongful termination and entitles Plaintiff to damages.

## PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully prays that upon

hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount

to be determined by the jury:

     1.     Back wages and reinstatement; or
     2.     Future wages in lieu of reinstatement;
     3.     Compensatory damages;
     4.     Attorney's fees;
     5.     Lost benefits;
     6.     Pre-judgment and post-judgment interest;
     7.     Costs and expenses; and
     8.     Such further relief as is deemed just and proper.

THIS the 22nd day of September 2022.

Respectfully submitted,

MELANIE YOUNG, Plaintiff

By: /s/Louis H. Watson, Jr.
    Louis H. Watson, Jr.  (MB# 9053)
    Nick Norris (MB# 101574)
    Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, MS 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
Web:  www.watsonnorris.com

14

Case: 25CI1:22-cv-00618-EFP    Document #: 2-1    Filed: 09/22/2022    Page 1 of 1

# COVER SHEET
## Civil Case Filing Form
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Mississippi Supreme Court
Administrative Office of Courts

Form AOC/01
(Revised 1/1/2001)

| Court Identification | | Case Year | Docket Number |
|---|---|---|---|
| Docket Number | | | |

Docket Number: 0 1 5 1 C V

County #    Judicial    Court ID
District    (CH, CI, CO)

Case Year: 2 0 2 2

Docket Number: 0 1 8

Local Docket ID

Month: 0 9    Date: 2 2    Year: 2 0 2 2

This area to be completed by clerk

Case Number if filed prior to 1/1/94

IN THE **CIRCUIT** COURT OF **HINDS** COUNTY

Short Style of Case: Melanie Young v. Mississippi Department of Child Protection Services

Party Filing Initial Pleading: Type/Print Name **Louis H. Watson, Jr.** Signature _____ MS Bar No. **9053**

____ Check (✓) If Not an Attorney    ____ Check (✓) if Pro Hac Vice

Compensatory Damages Sought:  $ **Yes - to be determined**    Punitive Damages Sought: $ **Yes - to be determined**

*Is Child Support contemplated as an issue in this suit?* ____ Yes    ✓ No    If "yes" is checked, please submit a completed Child Support Information Sheet with Final Decree/Judgment

**PLAINTIFF - PARTY(IES) INITIALLY BRINGING SUIT SHOULD BE ENTERED FIRST (FIRST NAME IN SHORT STYLE) - ENTER ADDITIONAL PLAINTIFFS ON SEPARATE FORM**

Individual **Young**    **Melanie**    **K.**

Last Name    First Name    Maiden Name, if Applicable    Middle Init.    Jr/Sr/II/IV

Address of Plaintiff **Madison County, MS**

____ Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

____ Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A / Agency _____

Business _____

Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

____ Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A: _____

**DEFENDANT - NAME OF DEFENDANT (FIRST NAME IN SHORT STYLE) - ENTER ADDITIONAL DEFENDANTS ON SEPARATE FORM**

Individual _____

Last Name    First Name    Maiden Name, if Applicable    Middle Init.    Jr/Sr/II/IV

____ Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

____ Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A / Agency _____

Business **Mississippi Department of Child Protection Services**

Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

____ Check (✓) if Business Defendant is being sued in the name of an entity other than the above, and enter below:
D/B/A: _____

**ATTORNEY FOR THIS DEFENDANT:** Bar No. ____ or    Name: _____    Pro Hac Vice (✓) ____

(if known)

*In left hand column, check one (1) box that best describes the nature of this suit. In right hand column check all boxes which indicate secondary claims.*

**Business/Commercial**
- Accounting (Business)
- Bankruptcy
- Business Dissolution - Corporation
- Business Dissolution - Partnership
- Debt Collection
- Employment
- Examination of Debtor
- Execution
- Foreign Judgment
- Garnishment
- Pension
- Receivership
- Replevin
- Stockholder Suit
- Other

**Domestic Relations**
- Child Custody/Visitation
- Child Support
- Contempt
- Divorce: Fault
- Divorce: Irreconcilable Differences
- Domestic Abuse
- Emancipation
- Modification
- Paternity
- Property Division
- Separate Maintenance
- Termination of Parental Rights
- UIFSA (formerly URESA)
- Other

**Contract**
- Breach of Contract
- Installment Contract
- Insurance
- Product Liability under Contract
- Specific Performance
- Other

**Probate**
- Accounting (Probate)
- Birth Certificate Correction
- Commitment
- Conservatorship
- Guardianship
- Heirship
- Intestate Estate
- Minor's Settlement
- Muniment of Title
- Name Change
- Power of Attorney
- Testate Estate
- Will Contest
- Other

**Statutes/Rules**
- Bond Validation
- Civil Forfeiture
- Declaratory Judgment
- ERISA
- Eminent Domain
- Extraordinary Writ
- Federal Statutes
- Injunction or Restraining Order
- Municipal Annexation
- Racketeering (RICO)
- Railroad
- Seaman
- Other

**Appeals**
- Administrative Agency
- County Court
- Hardship Petition (Driver License)
- Justice Court
- MS Employment Security Comm'n
- Municipal Court
- Oil & Gas Board
- Workers' Compensation
- Other

**Children and Minors - Non-Domestic**
- Adoption - Noncontested
- Consent to Abortion for Minor
- Removal of Minority
- Other

**Torts-Personal Injury**
- Bad Faith
- Fraud
- Loss of Consortium
- Malpractice - Legal
- Malpractice - Medical
- Negligence - General
- Negligence - Motor Vehicle
- Products Liability
- Wrongful Death
- ✓ Other **IIED/Wrongful Termination**

**Mass Tort**
- Asbestos
- Chemical Spill
- Dioxin
- Hand/Arm Vibration
- Hearing Loss
- Radioactive Materials
- Other

**Real Property**
- Adverse Possession
- Ejectment
- Eminent Domain
- Judicial Foreclosure
- Lien Assertion
- Partition
- Receiver Appointment
- Tax Sale: Confirmation/Cancellation
- Title: Boundary &/or Easement
- Other

**Civil Rights**
- Elections
- Habeas Corpus
- Post Conviction Relief
- Prisoner
- Other

Case: 25CI1:22-cv-00618-EFP     Document #: 3     Filed: 09/22/2022     Page 1 of 1

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**MELANIE YOUNG**                                                        **PLAINTIFF**

**v.**                                                    CASE NO.: 22-615

**MISSISSIPPI DEPARTMENT OF**
**CHILD PROTECTION SERVICES**                                    **DEFENDANT**

### SUMMONS

**TO:   MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES**
Lynn Fitch, Attorney General for the State of Mississippi
550 High Street
Jackson, Mississippi 39201

### NOTICE TO DEFENDANT

**The Complaint which is attached to this summons is important and you must take immediate action to protect your rights.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to Watson & Norris, PLLC, 4209 Lakeland Drive #365, Flowood, Mississippi 39232, the attorney for the Plaintiff. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

ISSUED under my hand and the seal of said Court, this the _22nd_ day of _Sept_, 2022.



Honorable Zack Wallace
Circuit Clerk of Hinds County, MS

By: _____
        Deputy Clerk

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

**MELANIE YOUNG**                                                        **PLAINTIFF**

**v.**                                              CASE NO.: 22- 015

**MISSISSIPPI DEPARTMENT OF**
**CHILD PROTECTION SERVICES**                                  **DEFENDANT**

### SUMMONS

**TO:    MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES**
Lynn Fitch, Attorney General for the State of Mississippi
550 High Street
Jackson, Mississippi 39201

### NOTICE TO DEFENDANT

**The Complaint which is attached to this summons is important and you must take immediate action to protect your rights.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to Watson & Norris, PLLC, 4209 Lakeland Drive #365, Flowood, Mississippi 39232, the attorney for the Plaintiff. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

ISSUED under my hand and the seal of said Court, this the 22 day of Sept, 2022.



Honorable Zack Wallace
Circuit Clerk of Hinds County, MS

By: _____
         Deputy Clerk

## RETURN OF PROCESS SERVER

**STATE OF MISSISSIPPI**

**COUNTY OF** _Hinds_

( X )  I personally delivered copies of the summons on the _11th_ day of _January_ 20_23_ , to: _Lynn Fitch, Attorney General for the State of Mississippi_ who is designated by law to accept service of process on behalf of _____ _Mississippi Department of Child Protective Services_

(  )  After exercising reasonable diligence I was unable to deliver copies of the summons to _____ within _____ County, _____. I served the summons on the _____ day of _____, 20_____, at the usual place of abode of said _____ _____ by leaving a true copy of the summons with _____, who is the _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served, above the age of sixteen years and, unwilling to receive the summons, and thereafter on the _____ day of _____, 20_____, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

(  )  I was unable to serve the summons.

This the 12th day of January 2023.

_Mary Ann Dearma_
PROCESS SERVER

**RETURN TO:**

WATSON & NORRIS, PLLC
4209 Lakeland Drive #365
Flowood, MS  39232

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**MELANIE YOUNG**                                                    **PLAINTIFF**

**V.**                                                    **CAUSE NO. 22-618**

**MISSISSIPPI DEPARTMENT OF CHILD
PROTECTION SERVICES**                            **DEFENDANT**

## UNOPPOSED MOTION FOR EXTENSION OF TIME TO
## FILE ANSWER AND DEFENSES

COMES NOW, Defendant, Mississippi Department of Child Protection Services, by and through counsel, and hereby requests a brief extension of time to file its Answer and Defenses, and would show unto the Court the following:

1. Defendant and undersigned counsel are diligently reviewing the allegations set forth in the Complaint. Due to various scheduling conflicts and workloads, Defendant needs additional time to complete its investigation and satisfy obligations under M.R.C.P. 11.

2. Accordingly, Defendant requests twenty (20) additional days to file its responsive pleading, until March 2, 2023.

3. Counsel for Plaintiff has been contacted and has no objection to this request.

WHEREFORE, Defendant respectfully requests that the twenty (20) day extension to file its responsive pleading be granted.

RESPECTFULLY SUBMITTED, this the 3rd day of February, 2023.

MISSISSIPPI DEPARTMENT OF CHILD
PROTECTION SERVICES, *Defendant*

LYNN FITCH, ATTORNEY GENERAL
STATE OF MISSISSIPPI

*/s/ Morgan A. Middleton*
Special Assistant Attorney General
Mississippi Bar No. 105969
P.O. Box 220
Jackson, Mississippi 39205-0220
Telephone: (601) 359-4721
E-mail: Morgan.Middleton@ago.ms.gov

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have this day caused via the Court's electronic filing system, which provided a copy to all counsel of record.

This, the 3rd day of February, 2023.

*/s/ Morgan A. Middleton*
Special Assistant Attorney General

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

**MELANIE YOUNG**                                            **PLAINTIFF**

**V.**                                                      **CAUSE NO. 22-618**

**MISSISSIPPI DEPARTMENT OF CHILD**
**PROTECTION SERVICES**                                      **DEFENDANT**

### NOTICE OF APPEARANCE

Please take notice that Bethany B. Johnson hereby enters her appearance in

the above-captioned matter as counsel on behalf of the Defendant herein.

All future e-filings, pleadings and correspondence should include Bethany B.

Johnson at the address noted below.

> Bethany B. Johnson
> Special Assistant Attorney General – Civil
> 550 High Street; Suite 1100 (39201)
> Post Office Box 220
> Jackson, MS  39205
> Email:  Bethany.Johnson@ago.ms.gov

RESPECTFULLY SUBMITTED, this the 6th day of February, 2023.

> **MISSISSIPPI DEPARTMENT OF CHILD**
> **PROTECTION SERVICES,** *Defendant*
>
> **LYNN FITCH, ATTORNEY GENERAL**
> **STATE OF MISSISSIPPI**
>
> */s/ Bethany B. Johnson*
> Special Assistant Attorney General
> Mississippi Bar No. 10423
> Post Office Box 220
> Jackson, Mississippi 39205-0220
> Telephone: (601) 359-4245
> E-mail: Bethany.Johnson@ago.ms.gov

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have this day caused via the Court's electronic filing system, which provided a copy to all counsel of record.

This, the 6th day of February, 2023.

/s/ Bethany B. Johnson
Special Assistant Attorney General

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

MELANIE YOUNG                                                    **PLAINTIFF**

V.                                                              CAUSE NO. 22-618

MISSISSIPPI DEPARTMENT OF CHILD
PROECTION SERVICES                                              **DEFENDANT**

### ORDER EXTENDING TIME TO RESPOND TO COMPLAINT

THIS CAUSE having come before the Court on the motion of the defendant, Mississippi Department of Child Protection Services for a 20-day extension of time to respond to Plaintiff's Complaint, said motion appearing as Dkt. # 5, and the Court, having considered the same and finding that the motion is unopposed, and otherwise being fully advised in the premises, finds that said motion is well taken and should be **GRANTED.**

IT IS, THEREFORE, ORDERED AND ADJUDGED that Defendant's motion for a 20-day extension of time to respond to Plaintiffs' Complaint [Dkt. # 5] be and the same hereby is **GRANTED,** and Defendants shall have until and including Thursday, March 2, 2023, to file/serve its answer(s) or other response(s) to Plaintiffs' Complaint.

SO ORDERED AND ADJUDGED, this the _8_ day of February, 2023.

CIRCUIT COURT JUDGE

PRESENTED BY:

MORGAN A. MIDDLETON (MSB #105969)
Special Assistant Attorney General
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi  39205-0220
Tel.: (601) 359-4721
Fax: (601) 359-2003
Morgan.Middleton@ago.ms.gov

ATTORNEY FOR DEFENDANT

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

MELANIE YOUNG                                          PLAINTIFF

V.                                                CAUSE NO. 22-618

MISSISSIPPI DEPARTMENT OF CHILD
PROTECTION SERVICES                                   DEFENDANT

## AGREED SCHEDULING ORDER

In accordance with M.R.C.P. 26(c), and to provide for the regular and orderly progression of the above-styled and numbered cause, it is hereby ORDERED:

1.      That counsel in the above numbered action will initiate and complete all discovery authorized by the Mississippi Rules of Civil Procedure on or before September 22, 2023, including evidentiary depositions but not expert depositions and depositions of medical providers.  No further discovery except the above depositions will be permitted thereafter except by written stipulation of counsel or upon a showing of good cause and pursuant to order of this Court.  The deadline for completion of discovery may be shortened or enlarged upon request of a party and/or by a showing of good cause.

2.      Plaintiff's expert witnesses which are expected to be called as an expert witness at trial shall be designated according to applicable law and rules no later than August 4, 2023. The Court shall allow subsequent designation and/or discovery of expert witnesses upon a showing of good cause.

3.      Defendant's expert witnesses which are expected to be called as an expert witness at trial shall be designated according to applicable law and rules no later than August 4, 2023. The Court shall allow subsequent designation and/or discovery of expert witnesses upon a showing of good cause.

4.      All dispositive motions shall be filed on or before October 13, 2023.

5.      All other motions, including evidentiary *in limine* motions and all other non-dispositive motions shall be served no later than 45 days prior to Trial. Responses thereto shall be filed within 14 days after the motions *in limine* are filed. All replies to the responses shall be filed within 7 days of the responses.

6.      The trial date will be set by a separate Order.

7.      Deadlines may be extended by agreement of the parties by way of an agreed Order filed by the Parties, or by permission of the Court upon showing of good cause.

SO ORDERED this the _____/_____ day of _____*March*_____, 2023.

_____
HONORABLE FAYE PETERSON
HINDS COUNTY CIRCUIT
COURT JUDGE

AGREED TO BY:


   */s/ Nick Norris*_____
Nick Norris
Attorney for Plaintiff

   */s/ Morgan A. Middleton*
Morgan A. Middleton
Attorney for Defendant

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

MELANIE YOUNG                                                    PLAINTIFF

V.                                                    CAUSE NO. 22-618

MISSISSIPPI DEPARTMENT OF CHILD
PROTECTION SERVICES                                        DEFENDANT

### ANSWER AND DEFENSES

The Mississippi Department of Child Protection Services ("MDCPS"), by and

through counsel, submits its Answer and Defenses and responds to the allegations

contained in the Plaintiff's Complaint, and would show unto the Court as follows.

### THE PARTIES

1.      The allegations in Paragraph 1 of the Complaint are admitted.

2.      The allegations in Paragraph 1 of the Complaint are admitted

### JURISDICTION AND VENUE

3.      The allegations in Paragraph 3 of the Complaint are admitted.

4.      The allegations in Paragraph 4 of the Complaint are admitted

### STATEMENT OF FACTS

5.      The allegations in Paragraph 5 of the Complaint are admitted.

6.      The allegations in Paragraph 5 of the Complaint are admitted.

7.      In response to Paragraph 7 of the Complaint, MDCPS admits Ms.

Falgout was hired on June 29, 2009 as a Program Administrator for Defendant. All

other allegations are denied.

8.    In response to Paragraph 8 of the Complaint, MDCPS admits Ms. Falgout was promoted to Bureau Director II on October 1, 2020. All other allegations are denied.

9.    The allegations in paragraph 9 of the Complaint are admitted.

10.    The allegations in paragraph 10 of the Complaint are denied.

11.    The allegations in paragraph 11 of the Complaint are admitted.

12.    The allegations in paragraph 12 of the Complaint are admitted.

13.    The allegations in paragraph 13 of the Complaint are denied.

14.    The allegations in paragraph 14 of the Complaint are denied.

15.    The allegations in paragraph 15 of the Complaint are denied.

16.    Paragraph 16 contains legal conclusions to which no answer is required. If, however, an answer is required, Defendant admits the existence of the Individuals with Disabilities and Education Act. All other allegations are denied as stated.

17.    The allegations in paragraph 17 of the Complaint are denied as stated.

18.    In response to the allegations in paragraph 18 of the Complaint, MDCPS admits only that the plaintiff and Ms. Falgout met with Mr. Davenport regarding IEP signatures. All other allegations are denied.

19.    The allegations in paragraph 19 of the Complaint are admitted.

20.    The allegations in paragraph 20 of the Complaint are admitted.

21.    The allegations in paragraph 21 of the Complaint are admitted.

22.    The allegations in paragraph 22 of the Complaint are admitted.

23.    The allegations in paragraph 23 of the Complaint are admitted.

24.     Paragraph 24 contains legal conclusions to which no answer is required. If an answer is required, the allegations in Paragraph 24 are denied as stated.

25.     The allegations in paragraph 25 of the Complaint are denied as stated.

26.     Paragraph 26 contains legal conclusions to which no answer is required. If an answer is required, the allegations in Paragraph 26 are denied as stated.

27.     The allegations in paragraph 27 of the Complaint are denied as stated.

28.     The allegations contained in paragraph 28 of the Complaint are admitted.

29.     In response to the allegations in paragraph 29 of the Complaint, MDCPS admits that plaintiff provided Mr. Davenport with a document she and Ms. Falgout had created entitled YTSS Education Plan.

30.     The allegations in paragraph 30 of the Complaint are denied as stated.

31.     The allegations in paragraph 31 of the Complaint are admitted.

32.     Paragraph 32 appears to speak only to plaintiff's state of mind and does not require a response from defendant. If an answer is required, the allegations in paragraph 32 are denied.

33.     The allegations in paragraph 33 of the Complaint are denied as stated.

34.     The allegations in paragraph 34 of the Complaint are denied as stated.

35.     The allegations in paragraph 35 of the Complaint are denied.

36.     In response to the allegations in paragraph 36 of the Complaint, MDCPS admits only that Mr. Davenport knew plaintiff and Ms. Falgout had communications with the legal department in general. All other allegations are denied as stated.

37.    The allegations in paragraph 37 of the Complaint are denied.

38.    The allegations in paragraph 38 of the Complaint are denied.

39.    The allegations in paragraph 39 of the Complaint are denied.

40.    The allegations in paragraph 40 of the Complaint are denied.

41.    The allegations in paragraph 41 of the Complaint are denied.

42.    The allegations in paragraph 42 of the Complaint are denied.

43.    The allegations in paragraph 43 of the Complaint are denied.

44.    The allegations in paragraph 44 of the Complaint are denied.

45.    The allegations in paragraph 45 of the Complaint are denied.

46.    The allegations in paragraph 46 of the Complaint are denied.

47.    The allegations in paragraph 47 of the Complaint are denied as stated.

48.    The allegations in paragraph 48 of the Complaint are denied as stated.

49.    The allegations in paragraph 49 of the Complaint are denied as stated.

50.    The allegations in paragraph 50 of the Complaint are denied as stated.

51.    The allegations in paragraph 51 of the Complaint are denied as stated.

52.    In response to the allegations in paragraph 52 of the Complaint, MDCPS admits only that Mr. Davenport negotiated service contracts pursuant to his authority as Office Director.

53.    The allegations in paragraph 53 of the Complaint are denied as stated.

54.    The allegations in paragraph 54 of the Complaint are denied.

55.    The allegations in paragraph 55 of the Complaint are denied.

56.    The allegations in paragraph 56 of the Complaint are denied.

57.    The allegations in paragraph 57 of the Complaint are denied.

58.    The allegations in paragraph 58 of the Complaint are denied.

59.    The allegations in paragraph 59 of the Complaint are admitted.

60.    The allegations in paragraph 60 of the Complaint are admitted.

61.    The allegations in paragraph 61 of the Complaint are admitted.

62.    The allegations in paragraph 62 of the Complaint are admitted.

63.    The allegations in paragraph 63 of the Complaint are admitted.

64.    The allegations in paragraph 64 of the Complaint are admitted.

65.    In response to the allegations in paragraph 65 of the Complaint, MDCPS admits only that Mr. Davenport instructed plaintiff to work with human resources. All other allegations are denied.

66.    The allegations in paragraph 66 of the Complaint are denied.

67.    The allegations in paragraph 67 of the Complaint are admitted.

68.    The allegations in paragraph 68 of the Complaint are denied as stated.

69.    The allegations in paragraph 69 of the Complaint are denied.

70.    The allegations in paragraph 70 of the Complaint are denied as stated.

71.    In response to the allegations in paragraph 71 of the Complaint, MDCPS admits only that Jason Hulitt, Director of Internal Investigations interviewed the plaintiff. All other allegations are denied as stated.

72.    The allegations in paragraph 72 of the Complaint are admitted.

73.    Paragraph 73 appears to speak only to plaintiff's state of mind and does not require a response from defendant. If an answer is required, the allegations in paragraph 73 are denied.

74.    The allegations in paragraph 74 of the Complaint are admitted.

75.    The allegations in paragraph 75 of the Complaint are admitted.

76.    The allegations in paragraph 76 of the Complaint are admitted.

77.    The allegations in paragraph 77 of the Complaint are admitted.

78.    The allegations in paragraph 78 of the Complaint are denied as stated.

79.    The allegations in paragraph 79 of the Complaint are admitted.

80.    The allegations in paragraph 80 of the Complaint are admitted

81.    The allegations in paragraph 81 of the Complaint are denied.

82.    The allegations in paragraph 82 of the Complaint are admitted.

83.    The allegations in paragraph 83 of the Complaint are denied.

84.    The allegations in paragraph 84 of the Complaint are admitted.

85.    The allegations in paragraph 85 of the Complaint are admitted.

86.    The allegations in paragraph 86 of the Complaint are denied as stated.

87.    The allegations in paragraph 87 of the Complaint are denied as stated.

88.    The allegations in paragraph 88 of the Complaint are denied.

89.    The allegations in paragraph 89 of the Complaint are denied.

**CAUSES OF ACTION**

## COUNT I: TORT OF OUTRAGE-INTENTIONAL INFLICTION

## OF EMOTIONAL DISTRESS

90.    In response to the allegations contained in paragraph 90 of the Complaint, MDCPS incorporates all of its responses to paragraphs 1-89.

91.    MDCPS denies that all allegations against it in Paragraph 91 of the Complaint and demands strict proof thereof.

92.    MDCPS denies that all allegations against it in Paragraph 92 of the Complaint and demands strict proof thereof.

93.    MDCPS denies that all allegations against it in Paragraph 93 of the Complaint and demands strict proof thereof.

94.    MDCPS denies that all allegations against it in Paragraph 94 of the Complaint and demands strict proof thereof.

95.    MDCPS denies that all allegations against it in Paragraph 95 of the Complaint and demands strict proof thereof.

96.    MDCPS denies that all allegations against it in Paragraph 96 of the Complaint and demands strict proof thereof.

97.    MDCPS denies that all allegations against it in Paragraph 97 of the Complaint and demands strict proof thereof.

## COUNT II: WRONGFUL TERMINATION

98.    In response to the allegations contained in paragraph 98 of the Complaint, MDCPS incorporates all of its responses to paragraphs 1-97.

99.    MDCPS denies that all allegations against it in Paragraph 99 of the Complaint and demands strict proof thereof.

## PRAYER FOR RELIEF

In response to the unnumbered paragraph which begins "WHEREFORE", Mississippi Department of Child Protection Services denies that the plaintiff is entitled to a judgment or relief against it in the amount demanded or relief of any kind or in any amount whatsoever.

AND NOW, RESPONDING AFFIRMATIVELY, Mississippi Department of Child Protection Services would show the Court the following:

## FIRST DEFENSE

Plaintiff's complaint fails to state a cause of action upon which relief can be granted against MDCPS.  Further, to the extent applicable, MDCPS asserts that the allegations of the Plaintiff's Complaint are subject to the provisions of Miss. R. Civ. P. 12(b)(1) through (7), with special notice regarding the lack of subject matter jurisdiction and failing to state a claim upon which relief can be granted.

## SECOND DEFENSE

At all times complained of, this Defendant MDCPS acted in good faith, and without malice, without reckless disregard, without deliberate indifference, without retaliatory motive, without injurious intent, without evil motive, and in compliance with the applicable legal standards, and is not guilty of any wrongful or tortious conduct.

### THIRD DEFENSE

Any damage, loss or deprivation to plaintiff, if any, was not proximately caused by an official policy, practice or custom of this Defendant.

### FOURTH DEFENSE

This Defendant affirmatively avers that any award of punitive damages to plaintiff in this case would be in violation of the constitutional rights and safeguards provided to this Defendant under the Constitution of the State of Mississippi and the Constitution of the United States of America. Further, plaintiff is not entitled to an award of punitive damages against this Defendant in that punitive damages are not allowable against the State or its agencies or employees.

### FIFTH DEFENSE

Some or all of plaintiff's claims are barred by her failure to reasonably mitigate her damages, if any.

### SIXTH DEFENSE

Some or all of plaintiff's claims may be barred by the doctrine of laches, waiver, res judicata, accord and satisfaction, arbitration and award, payment, release, credit, set-off, recoupment, and/or exclusivity under the provisions of the Mississippi Workers' Compensation Act. This Defendant further pleads all applicable statutes of limitation.

### SEVENTH DEFENSE

Some or all of plaintiff's claims may be barred by the doctrines of unclean hands and estoppel.

### EIGHTH DEFENSE

This Defendant is not guilty of any conduct, whether negligent or intentional, which would entitle plaintiff to any recovery from Defendant MDCPS whatsoever.

### NINTH DEFENSE

Plaintiff has failed to allege her claims against MDCPS with the required level of specificity and therefore, one or more of her claims are ripe for dismissal.

### TENTH DEFENSE

Plaintiff's damages, if any, are barred because the alleged conduct of this Defendant was not the proximate cause of her alleged damages.

### ELEVENTH DEFENSE

This Defendant asserts any and all exemption and/or defenses available to it under Miss. Code Ann. § 11-46-9, including but not limited to actions or omissions performed by this Defendant or its employees or agents acting within the course and scope of employment and/or being discretionary in nature.

### TWELFTH DEFENSE

Some or all of plaintiff's claims in this action are barred by the after-acquired evidence doctrine.

### THIRTEENTH DEFENSE

Plaintiff is not entitled to a trial by jury as to any state law claims asserted, or which may be asserted, against this Defendant in her Complaint.

### FOURTEENTH DEFENSE

Some or all of plaintiff's damage claims are barred since this Defendant cannot be held liable for acts of employees committed outside the scope of their employment or acts committed in violation of this Defendant's written policies and procedures.

### FIFTEENTH DEFENSE

This Defendant states that plaintiff's damages, if any, resulted from her own conduct or from an unreasonable failure to avoid the complained of harm.

### SIXTEENTH DEFENSE

This Defendant complied with procedural and substantive due process rights owed to plaintiff, if any.

### SEVENTEENTH DEFENSE

Any claims for emotional distress or mental injury allegedly resulting from plaintiff's relationship with Defendant are barred by the exclusive remedy provision

of the Mississippi Workers' Compensation Act. Any claim or action brought regarding or in any way related to a work-related injury is subject to the exclusive remedy provisions of the Mississippi Workers' Compensation Act, Miss. Code Ann. §71-3-9.

## EIGHTEENTH DEFENSE

Defendant reserves the right to amend this Answer to plead any affirmative defense or matters of avoidance required by Rules 8(c) and 12(h) of the Mississippi Rules of Civil Procedure which may be determined applicable to this action through subsequent discovery proceedings or further investigation of the claims and allegations asserted in the complaint.

## NINETEENTH DEFENSE

Pursuant to Miss. R. Civ. P. 8(b), this Defendant denies any and all allegations asserted by plaintiff against it, as set forth in the Complaint, except to the extent specifically admitted herein, and demand strict proof thereof.

RESPECTFULLY SUBMITTED, this the 2nd day of March 2023.

MISSISSIPPI DEPARTMENT OF CHILD
PROTECTION SERVICES, *Defendant*

LYNN FITCH, ATTORNEY GENERAL
STATE OF MISSISSIPPI

*/s/ Morgan A. Middleton*
Special Assistant Attorney General
Mississippi Bar No. 105969
Post Office Box 220
Jackson, Mississippi 39205-0220
Telephone: (601) 359-4721
E-mail: Morgan.Middleton@ago.ms.gov

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have this day caused to be mailed,

via U.S. Mail Certified, postage prepaid, and/or via electronic means, a true and

correct copy of the above and foregoing document, to the following:

> Louis Watson
> Nick Norris
> Watson & Norris, PLLC
> 4209 Lakeland Drive; # 365
> Flowood, MS  39232
> louis@watsonnorris.com
> nick@watsonnorris.com

This, the 2nd day of March 2023.

/s/ Morgan A. Middleton
Special Assistant Attorney General

### IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**MELANIE YOUNG**                                                              **PLAINTIFF**

**V.**                                                                               **CAUSE NO. 22-618**

**MISSISSIPPI DEPARTMENT OF CHILD**
**PROTECTION SERVICES**                                            **DEFENDANT**

### AGREED AMENDED SCHEDULING ORDER

In accordance with M.R.C.P. 26(c), and to provide for the regular and orderly progression of the above-styled and numbered cause, it is hereby ORDERED:

1.     That counsel in the above numbered action will initiate and complete all discovery authorized by the Mississippi Rules of Civil Procedure on or before September 22, 2023, including evidentiary depositions but not expert depositions and depositions of medical providers.  No further discovery except the above depositions will be permitted thereafter except by written stipulation of counsel or upon a showing of good cause and pursuant to order of this Court.  The deadline for completion of discovery may be shortened or enlarged upon request of a party and/or by a showing of good cause.

2.     Plaintiff's expert witnesses which are expected to be called as an expert witness at trial shall be designated according to applicable law and rules no later than August 4, 2023.  The Court shall allow subsequent designation and/or discovery of expert witnesses upon a showing of good cause.

3.    Defendant's expert witnesses which are expected to be called as an expert witness at trial shall be designated according to applicable law and rules no later than September 4, 2023. The Court shall allow subsequent designation and/or discovery of expert witnesses upon a showing of good cause.

4.    All dispositive motions, shall be filed on or before October 13, 2023.

5.    All other motions, including evidentiary *in limine* motions and all other non-dispositive motions shall be served no later than 30 days prior to Trial. Responses thereto shall be filed within 14 days after the motions *in limine* are filed. All replies to the responses shall be filed within 7 days of the responses.

6.    The trial date will be set by a separate Order.

7.    Deadlines may be extended by agreement of the parties by way of an agreed Order filed by the Parties, or by permission of the Court upon showing of good cause.

SO ORDERED this the __14__ day of __March__, 2023.


HONORABLE FAYE PETERSON
HINDS COUNTY CIRCUIT
COURT JUDGE


AGREED TO BY:


/s/ *Nick Norris*
Nick Norris
Attorney for Plaintiff

/s/ *Morgan A. Middleton*
Morgan A. Middleton
Attorney for Defendant

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

**MELANIE YOUNG**                                                         **PLAINTIFF**


**V.**                                                    **CAUSE NO. 25C|1:22-cv-00618-EFP**


**MISSISSIPPI DEPARTMENT OF CHILD**
**PROTECTION SERVICES**                                          **DEFENDANT**

### JOINT MOTION TO CONSOLIDATE CASES

COME NOW, Plaintiff Melanie Young ("Young"), Defendant Mississippi Department of Child Protective Services ("MDCPS") and non-party Ashley Falgout ("Falgout"), by and through undersigned counsel, and in accordance with M.R.C.P. 42(a), file this Motion to Consolidate. The parties would show unto the Court as follows:

1. On September 22, 2022, Ms. Young filed this civil action against MDCPS alleging wrongful termination and intentional infliction of emotional distress in violation of state law. This matter was docketed as 22-618 and assigned to Judge Peterson.

2. On that same date, non-party movant Falgout, by and through the same counsel, filed a very similar lawsuit against MDCPS alleging the same claims – wrongful termination and intentional infliction of emotional distress. This matter was docketed as 22-619 and assigned to Judge Gibbs

*(Ashley Falgout v. MDCPS).* A copy of this Complaint revealing the commonality of issues and facts is attached hereto as Exhibit A.

3. The matters involve common questions of law and fact and common witnesses. The parties, as well as movant Falgout (non-party to this case), hereby wish to consolidate the two cases for all purposes.

4. Such consolidation will provide for the regular and orderly progression of both cases and avoid unnecessary costs or delay.

5. A notice of this Motion to Consolidate is being filed in the *Falgout* matter as well.

6. A proposed Order granting such relief is attached hereto as Exhibit B.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Melanie Young ("Young"), Defendant Mississippi Department of Child Protective Services ("MDCPS") and movant non-party Ashley Falgout ("Falgout"), hereby request that the matter of *Ashley Falgout v. MDCPS,* Cause No. 25CI1:22-cv-00619-DHG be consolidated with this matter.


Submitted by:

   */s/ Nick Norris*
Nick Norris
Attorney for Plaintiff Melanie Young
Attorney for Plaintiff Ashley Falgout

   */s/ Bethany B. Johnson*
Bethany B. Johnson
Attorney for Defendant MDCPS

Case 3:24-cv-00615-CWR-ASH    Document 1-1    Filed 10/08/24    Page 49 of 287

Case: 25CI1:22-cv-00618-EFP    Document #: 11-1    Filed: 03/16/2023    Page 1 of 15
Case: 25CI1:22-cv-00619-TTG    Document #: 2    Filed: 09/22/2022    Page 1 of 14

### IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**ASHLEY FALGOUT**                                                              **PLAINTIFF**

**v.**                                          CAUSE NO.: 22-619

**MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES**          **DEFENDANT**

### COMPLAINT
### JURY TRIAL DEMANDED

      **COMES NOW** the Plaintiff, Ashley Falgout, by and through counsel, Watson & Norris, PLLC, and files this action to recover damages for the actions of Defendant Mississippi Department of Child Protection Services, which constitute the tort of outrage/intentional infliction of emotional distress (IIED) and the tort of wrongful termination. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

### THE PARTIES

      1.    Plaintiff, Ashley Falgout, is an adult female who resides in Rankin County, Mississippi.

      2.    Defendant, Mississippi Department of Child Protection Services, may be served with process by serving Lynn Fitch, Attorney General for the State of Mississippi, 550 High Street, Jackson, Mississippi 39201.

### JURISDICTION AND VENUE

      3.    This Court has subject matter and personal jurisdiction over the Defendant and venue is proper in this Court.

      4.    Pursuant to *Miss. Code Ann*. § 11-46-11, *et seq*., Plaintiff timely sent Defendant the required Notice of Claim on June 15, 2022 via Certified Mail, Return

1

Case 3:24-cv-00615-CWR-ASH    Document 1-1    Filed 10/08/24    Page 50 of 287

Case: 25CI1:22-cv-00618-EFP    Document #: 11-1    Filed: 03/16/2023    Page 2 of 15
Case: 25CI1:22-cv-00619-TTG    Document #: 2    Filed: 09/22/2022    Page 2 of 14

Receipt Requested which was received by Defendant on or about June 17, 2022.

Plaintiff has not received a notice of denial of claim and the 95-day tolling period has now

expired. Thus, Plaintiff timely files these claims pursuant to *Miss. Code Ann.* § 11-46-11,

*et seq.*

## STATEMENT OF FACTS

5.      Plaintiff is an adult female resident of Rankin County, Mississippi.

6.      Plaintiff was hired on July 1, 2009, as a Program Administrator of

Independent Living at the Mississippi Department of Child Protection Services

(MDCPS).

7.      Plaintiff was promoted a couple more times and then on October 1, 2020,

Plaintiff was promoted to the position of Bureau Director II.

8.      In this new role, Plaintiff's immediate supervisor was Deputy Director of

Permanency Marcus Davenport.

9.      Plaintiff co-developed the Youth Transition Support Services (YTSS)

program in 2017.

10.     In 2018, the YTSS program was moved under the Permanency Unit.

11.     In June 2020, Plaintiff was named the Interim Bureau Director over the

YTSS program.

12.     In July 2020, Mr. Davenport called a YTSS unit meeting in July 2020 at

which time he addressed Plaintiff and others and stated, "Your work is garbage, and

y'all need to do better."

2

13.    In October 2020, Mr. Davenport initiated a personal relationship with Plaintiff that consisted of lunches, dinners, phone conversations, and Face Time conversations.

14.    In early 2021, Melanie Young, Special Projects Officer IV (Education Liaison) at the Mississippi Department of Child Protection Services (MDCPS), discovered that MDCPS officials were routinely signing the Individualized Educations Plans (IEPs) for children in foster care covered by the Individuals with Disabilities and Education Act (IDEA).

15.    According to the IDEA, only the legal parent or guardian of IDEA children are permitted to sign IEPs for purposes of special education decision making.

16.    This ongoing legal violation impacted many of the children/youth under the charge of MDCPS and their biological parents.

17.    On February 8, 2021, Plaintiff and Ms. Young met with Mr. Davenport to address the above-mentioned legal violation being perpetrated against MDCPS children/youth and their biological parents.

18.    On April 1, 2021, Ms. Young was promoted to the position of Division Director II.

19.    At that time, Ms. Young continued in her role as Education Liaison but also took on this new position.

20.    In this new role, Ms. Young's immediate supervisor was Bureau Director II, Plaintiff.

21.    On May 5, 2021, Ms. Young emailed Strategy and Policy Attorney Kimberly Gore.

3

22.    In that email, among many questions, Ms. Young inquired of Ms. Gore, "In terms of special education, can MDCPS legally serve as the [Individuals with Disabilities Education Act] (IDEA) parent?"

23.    When Ms. Gore responded, the response to that question was the following: "No."

24.    The definition of parent under 20 U.S.C. § 1401(23)(B) specifically excludes the State. 20 U.S.C. § 1415(b)(2)(A) also provides that the surrogate parent "shall not be an employee of the State educational agency, the local educational agency, or any other agency that is involved in the education or care of the child."

25.    MDCPS cannot act as the surrogate parent because it is an agency involved in the care of the child."

26.    On May 19, 2021, Plaintiff emailed Deputy Commissioner of Child Welfare Kimberly Wheaton (i.e., Mr. Davenport's direct report) to express her concerns.

27.    Given the response Plaintiff and Ms. Young received from the legal department (i.e., Ms. Gore and others), it was clear that MDCPS officials were not legally allowed to serve as IDEA parents.

28.    Plaintiff and Ms. Young were now reaching out to Ms. Wheaton so that MDCPS could appropriately revise its policy and practice.

29.    On June 3, 2021, Plaintiff and Ms. Young met with Mr. Davenport to discuss education concerns.

30.    At that meeting Ms. Young provided Mr. Davenport with a document entitled YTSS Education Plan.

4

31.     On that document, the second item stated: "IDEA Parent" We MUST have a special education decision maker for each child requiring special education and related services.

32.     MDCPS/MDCPS employees CAN NOT serve in this role per federal law.

33.     Therefore, until this is addressed the validity of each child/youth's IEP is compromised, the services they are to receive may be interrupted, MDCPS employees' ability to effectively advocate on behalf child/youth is diminished, and the Agency is positioned to experience legal repercussions."

34.     Ms. Young presented this document to Mr. Davenport as part of a plan on how to move forward addressing the education-related issues.

35.     Ms. Young presented this and other items to Mr. Davenport in the hopes of moving forward with a revision of policy (i.e., to comply with federal law and federal block grants) and practical change.

36.     The following issues with not following the federal block grants was presented to Mr. Davenport:

- Not enrolling children/youth in school in accordance with federal and state compulsory school laws

- Not creating educational plans for children/ youth as required by ESSA and

- Fostering Connections Act

- Not creating Transitional Living Plans for youth age 17 and older per Title IV-E of the SSA

- Not providing housing support for youth age 18 and older per Title IV-E of the SSA

Case 3:24-cv-00615-CWR-ASH    Document 1-1    Filed 10/08/24    Page 54 of 287

Case: 25CI1:22-cv-00618-EFP    Document #: 11-1    Filed: 03/16/2023    Page 6 of 15
Case: 25CI1:22-cv-00619-TTG    Document #: 2    Filed: 09/22/2022    Page 6 of 14

- Signing IEPs for youth in foster care and denying them the legal protections for students with disabilities under IDEA

- Not coordinating with MDE or the local school districts to ensure the educational stability mandated by ESSA and Fostering Connections

- Not allowing youth to remain in their school of origin as ordered by ESSA

- Not allowing biological parents/guardians to participate in the educational decisions for youth in foster care as stated in IDEA and ESSA

- Not collecting educational data required by ACF, CB and the SSA

- Reporting fraudulent data to the federal government surrounding Independent Living and education which affects federal funding

- Denying children and youth FAPE as guaranteed by IDEA

37.    In response, however, Mr. Davenport gave no clear resolution, feedback, or guidance on how to proceed with this issue.

38.    Rather than supporting Ms. Young in this endeavor, Mr. Davenport responded, "Education isn't a priority for me."

39.    Plaintiff and Ms. Young attempted to explain to Mr. Davenport that they had addressed the matter via email with MDCPS's legal department (i.e., Ms. Gore, Anna Claire Steel) and then they had further addressed the matter with Ms. Wheaton.

40.    When they asked Mr. Davenport how these issues of federal law and agency policy/practice were to be resolved, Mr. Davenport directed them to "Continue doing like we have always done, because there haven't been any problems - per Kimberly Wheaton".

6

41.    Plaintiff and Ms. Young requested this directive be given to them in writing, but Mr. Davenport denied this request.

42.    Ms. Young then stated to Mr. Davenport that she refused to knowingly participate, allow to continue, or instruct her direct reports or agency members to engage in illegal practices.

43.    Mr. Davenport then directed Ms. Young to cease all work she was doing to coordinate between MDCPS, the Mississippi Department of Education (MDE) and the American Bar Association – Legal Center for Foster Care and Education and Casey Family Programs (ABA).

44.    This directive barred Ms. Young from effectively fulfilling her role and responsibilities on behalf of the children/youth of MDCPS.

45.    Following these events (in early June 2021), Plaintiff's personal relationship with Mr. Davenport began to change.

46.    Mr. Davenport discontinued all personal engagement with her, and he limited his interaction to only formal professional engagement.

47.    Beginning around this time, Mr. Davenport told Plaintiff, on several occasions, either directly or by inference, that Commissioner Andrea Sanders wanted Plaintiff gone from MDCPS.

48.    Mr. Davenport portrayed himself to Plaintiff as attempting to protect her from those who wanted her removed.

49.    These statements conflicted with Ms. Sanders' direct interactions with Plaintiff, wherein she (Ms. Sanders) consistently expressed positive approval regarding Plaintiff's job performance.

50.    Increasingly, Mr. Davenport began interfering in Plaintiff's work duties.

51.    Unbeknownst to Plaintiff, Mr. Davenport met with service providers and community partners, with whom Plaintiff had long standing professional relationships, and attempted to undermine her (Plaintiff's) position and professional credibility.

52.    Mr. Davenport began directly contacting Plaintiff's staff and division directors (i.e., bypassing her) and questioning them about routine work matters.

53.    Plaintiff's staff began contacting her, expressing confusion as to why Mr. Davenport was questioning them.

54.    Plaintiff addressed this confusion to Mr. Davenport, who merely responded, "It's my right."

55.    Mr. Davenport negotiated service contracts to be paid out of the Independent Living – John H. Chafee Foster Care Independence Program budget without Plaintiff's knowledge, consent, or input.

56.    Mr. Davenport increasingly micromanaged Plaintiff's work duties and schedule.

57.    Mr. Davenport prohibited her from communicating with other departments and he often instructed personnel in other departments to communicate directly with him, i.e., not with Plaintiff.

58.    On several occasions, Plaintiff attempted to address the way Mr. Davenport was interfering with her ability to fulfill her role as a Bureau Director.

59.    Plaintiff asked that Mr. Davenport put her job description/requirements in writing.

Case 3:24-cv-00615-CWR-ASH    Document 1-1    Filed 10/08/24    Page 57 of 287

Case: 25CI1:22-cv-00618-EFP    Document #: 11-1    Filed: 03/16/2023    Page 9 of 15
Case: 25CI1:22-cv-00619-TTG    Document #: 2    Filed: 09/22/2022    Page 9 of 14

60.    Mr. Davenport responded that he would provide Plaintiff with a performance review, but she never received it.

61.    Mr. Davenport's interference with Plaintiff's work significantly interfered with any productive work in the YTSS program.

62.    Mr. Davenport effectively blocked this program, resulting in children and youth being denied services.

63.    In July 2021, Plaintiff met with Ms. Wheaton to discuss her (Plaintiff's) concerns about how Mr. Davenport was interfering with her (Plaintiff's) ability to perform her job.

64.    Ms. Wheaton responded that she would address the matter with Mr. Davenport.

65.    Also, around the first week of July 2021, Plaintiff and Ms. Young were called to Mr. Davenport's office.

66.    At that time, Ms. Davenport informed Plaintiff and Ms. Young that YTSS Federal Reporting designee and Education Liaison Cynthia Moore-Hardy had raised some concerns to him that he felt needed to be addressed.

67.    It is noteworthy that Ms. Moore-Hardy was a direct report to Ms. Young and as recently as April 2021 Ms. Young had confronted Ms. Moore-Hardy regarding issues of insubordination and inadequate work performance.

68.    Between April and July 2021, Ms. Young had discussed Ms. Moore-Hardy's problematic work performance with Mr. Davenport.

9

69.     Mr. Davenport had directed Ms. Young to submit documentation to Human Resources and had, on one occasion, stated that she (Ms. Moore-Hardy) should be terminated.

70.     In the second week of July 2021, however, Mr. Davenport radically shifted his position.

71.     Mr. Davenport called a meeting with Plaintiff, Ms. Young, and Ms. Moore-Hardy, in which Ms. Moore-Hardy verbalized allegations against Ms. Young.

72.     When Ms. Young attempted to speak up to defend herself, Mr. Davenport berated Ms. Young and alleged that as a Division Director she was not allowed to respond.

73.     Mr. Davenport then turned to Plaintiff and stated that she (Plaintiff) had failed by allowing Ms. Young to defend herself.

74.     Plaintiff responded to Mr. Davenport, stating that he was wrong and was handling the entire situation incorrectly.

75.     On July 30, 2021, Director of Human Resources Jason Hulitt conducted an interview with Ms. Young.

76.     Prior to the interview, Mr. Hulitt told Ms. Young he was going to conduct an employee engagement interview.

77.     When the interview occurred, however, the aggressively interrogating nature of the interview was surprising to Ms. Young.

78.     In this interview, Mr. Hulitt asked Ms. Young about her relationship with Plaintiff, her direct reports, and Mr. Davenport (i.e., did Ms. Young have a relationship with Plaintiff outside of work? how long has she known Plaintiff? what was her

10

Case 3:24-cv-00615-CWR-ASH    Document 1-1    Filed 10/08/24    Page 59 of 287

Case: 25CI1:22-cv-00618-EFP    Document #: 11-1    Filed: 03/16/2023    Page 11 of 15
Case: 25CI1:22-cv-00619-TTG    Document #: 2    Filed: 09/22/2022    Page 11 of 14

relationship like with Mr. Davenport? how did she get along with her direct reports? etc.).

79.    Mr. Hulitt asked Ms. Young how long she had been with the agency, how long she had been a Division Director, and what made her qualified to hold her position.

80.    Mr. Hulitt asked Ms. Young about the unit she oversaw, its role and responsibilities.

81.    Mr. Hulitt insinuated that Ms. Young's professional and educational background were inadequate to qualify her for the position she held.

82.    In August 2021, Mr. Hulitt met with Plaintiff, as well, for an employee engagement interview.

83.    During this interview, Mr. Hulitt asked Plaintiff general questions, work-related questions, questions about her unit, and other topics.

84.    Plaintiff explained to Mr. Hulitt about how Mr. Davenport had interfered with her ability to perform her job and how both she and the unit were affected.

85.    Both employee engagement interviews (i.e., the one with Ms. Young and with Plaintiff) were recorded by Mr. Hulitt, using his state issued cell phone.

86.    Beginning in August 2021, Mr. Davenport discontinued all communication with Ms. Young.

87.    On September 14, 2021, both Plaintiff and Ms. Young were terminated, allegedly due to "falsification of time records."

88.    Both Plaintiff and Ms. Young were salaried employees of MDCPS.

89.    Their time sheets merely consisted of the dates and the hours they worked on those dates.

11

90.    Following this vague allegation by MDCPS, no explanation as to how the time sheets were allegedly 'falsified' was given.

91.    Both Plaintiff and Ms. Young filed appeals with the Mississippi State Personnel Board.

92.    Plaintiff will lose, at a minimum, approximately $60,000 of income in pay plus benefits per year.

## CAUSES OF ACTION

### COUNT I:  TORT OF OUTRAGE-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

93.    Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 92 above as if fully incorporated herein.

94.    By its actions described above, the Defendant intentionally inflicted emotional distress upon Plaintiff.

95.    The Defendant's actions have been such to evoke outrage and revulsion.

96.    The Defendant's actions are malicious, willful, wanton, grossly careless, indifferent and reckless.

97.    The effect of the Defendant's actions on Plaintiff were reasonably foreseeable.

98.    Plaintiff has suffered injury as a result of the Defendant's actions.

99.    As such, Plaintiff is seeking an award of compensatory damages in an amount to be determined by the jury to fully compensate her for the Defendant's actions.

100.    In addition, the Defendant's actions were done maliciously with the intent to cause Plaintiff injury.

## COUNT II: WRONGFUL TERMINATION

101.   Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 100 above as if fully incorporated herein.

102.   The acts of the Defendant as described above constitute a willful and intentional violation of federal law, state law and/or Mississippi public policy which constitutes the tort of wrongful termination and entitles Plaintiff to damages.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1.   Reinstatement or front pay in lieu of reinstatement;
2.   Back pay;
3.   Tax gross-up with all make-whole relief;
4.   Compensatory damages;
5.   Lost benefits;
6.   Pre-judgment and post-judgment interest;
7.   Attorney's fees;
8.   Costs and expenses; and
9.   Any other relief to which she may be properly entitled.

THIS the 22nd day of September 2022.

Respectfully submitted,

ASHLEY FALGOUT, Plaintiff

By: /s/Louis H. Watson, Jr.
    Louis H. Watson, Jr.  (MB# 9053)
    Nick Norris (MB# 101574)
    Attorneys for Plaintiff

Case 3:24-cv-00615-CWR-ASH     Document 1-1     Filed 10/08/24     Page 62 of 287

Case: 25CI1:22-cv-00618-EFP     Document #: 11-1     Filed: 03/16/2023     Page 14 of 15
    Case: 25CI1:22-cv-00619-TTG     Document #: 2     Filed: 09/22/2022     Page 14 of 14

**OF COUNSEL:**

**WATSON & NORRIS, PLLC**
**4209 Lakeland Drive # 365**
**Flowood, MS 39232-9212**
**Telephone: (601) 968-0000**
**Facsimile: (601) 968-0010**
**Email:** louis@watsonnorris.com
**Web:** www.watsonnorris.com

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**ASHLEY FALGOUT**                                                        **PLAINTIFF**

**v.**                                                      CASE NO.: 22-619

**MISSISSIPPI DEPARTMENT OF**
**CHILD PROTECTION SERVICES**                                **DEFENDANT**

### SUMMONS

**TO:**   **MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES**
         Lynn Fitch, Attorney General for the State of Mississippi
         550 High Street
         Jackson, Mississippi 39201

### NOTICE TO DEFENDANT

**The Complaint which is attached to this summons is important and you must take immediate action to protect your rights.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to Watson & Norris, PLLC, 4209 Lakeland Drive #365, Flowood, Mississippi 39232, the attorney for the Plaintiff. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

ISSUED under my hand and the seal of said Court, this the 22 day of Sept. 2022.

Honorable Zack Wallace
Circuit Clerk of Hinds County, MS

By: _____
       Deputy Clerk

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

**MELANIE YOUNG**                                                    **PLAINTIFF**

**V.**                                          **CAUSE NO. 25C|1:22-cv-00618-EFP**

**MISSISSIPPI DEPARTMENT OF CHILD**
**PROTECTION SERVICES**                                      **DEFENDANT**

*consolidated with*

**ASHLEY FALGOUT**                                                **PLAINTIFF**

**V.**                                          **CAUSE NO. 25C|1:22-cv-00619-DHG**

**MISSISSIPPI DEPARTMENT OF CHILD**
**PROTECTION SERVICES**                                      **DEFENDANT**

---

### AGREED ORDER CONSOLIDATING CASES

---

BEFORE THE COURT is a Joint Motion to Consolidate Cases captioned above, brought pursuant to Miss. R. Civ. P. 42(a). Having reviewed the complaints in both matters, the Court finds that there are sufficient common questions of law and fact warranting consolidation of the cases for all purposes, including discovery and through trial.

As the *Young* matter is assigned the lower docket number, the Court finds that the cases should be consolidated into one action in the first-filed matter.

IT IS THEREFORE, ORDERED AND ADJUDGED that these two cases be consolidated into one matter before undersigned Judge Peterson. All future filings will be made in the case bearing Cause No. 25CI1:22-cv-00618-EFP.  The Clerk of

Court will be directed to consolidate filed documents from Cause No. 25CI1:22-cv-00619-DHG into Cause No. 25CI1:22-cv-00618-EFP, and administratively close the separate matter currently pending as *Ashley Falgout v. MDCPS*, Cause No. 25CI1:22-cv-00619-DHG.

This the ____ of _____, 2023.


_____
CIRCUIT COURT JUDGE
ELEANOR FAYE PETERSON


Submitted by:

  */s/ Nick Norris*
Nick Norris
Attorney for Plaintiff Melanie Young
Attorney for Plaintiff Ashley Falgout

  */s/ Bethany B. Johnson*
Bethany B. Johnson
Attorney for Defendant MDCPS

# IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

MELANIE YOUNG                                                     PLAINTIFF

V.                                            CAUSE NO. 25C|1:22-cv-00618-EFP

MISSISSIPPI DEPARTMENT OF CHILD
PROTECTION SERVICES                                           DEFENDANT

*consolidated with*

ASHLEY FALGOUT                                                    PLAINTIFF

V.                                            CAUSE NO. 25C|1:22-cv-00619-DHG

MISSISSIPPI DEPARTMENT OF CHILD
PROTECTION SERVICES                                           DEFENDANT

---

## AGREED ORDER CONSOLIDATING CASES

---

BEFORE THE COURT is a Joint Motion to Consolidate Cases captioned above, brought pursuant to Miss. R. Civ. P. 42(a). Having reviewed the complaints in both matters, the Court finds that there are sufficient common questions of law and fact warranting consolidation of the cases for all purposes, including discovery and through trial.

As the *Young* matter is assigned the lower docket number, the Court finds that the cases should be consolidated into one action in the first-filed matter.

IT IS THEREFORE, ORDERED AND ADJUDGED that these two cases be consolidated into one matter before undersigned Judge Peterson. All future filings will be made in the case bearing Cause No. 25CI1:22-cv-00618-EFP. The Clerk of

Court will be directed to consolidate filed documents from Cause No. 25CI1:22-cv-00619-DHG into Cause No. 25CI1:22-cv-00618-EFP, and administratively close the separate matter currently pending as *Ashley Falgout v. MDCPS*, Cause No. 25CI1:22-cv-00619-DHG.

This the *5* of *April*, 2023.

_____

CIRCUIT COURT JUDGE
ELEANOR FAYE PETERSON


Submitted by:

   /s/ *Nick Norris*
Nick Norris
Attorney for Plaintiff Melanie Young
Attorney for Plaintiff Ashley Falgout

   /s/ *Bethany B. Johnson*
Bethany B. Johnson
Attorney for Defendant MDCPS

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**MELANIE YOUNG**                                                        **PLAINTIFF**

**V.**                                           **CAUSE NO. 25C | 1:22-cv-00618-EFP**

**MISSISSIPPI DEPARTMENT OF CHILD
PROTECTION SERVICES**                                                **DEFENDANT**

*consolidated with*

**ASHLEY FALGOUT**                                                      **PLAINTIFF**

**V.**                                           **CAUSE NO. 25C | 1:22-cv-00619-DHG**

**MISSISSIPPI DEPARTMENT OF CHILD
PROTECTION SERVICES**                                                **DEFENDANT**

---

### AGREED ORDER CONSOLIDATING CASES

---

BEFORE THE COURT is a Joint Motion to Consolidate Cases captioned above, brought pursuant to Miss. R. Civ. P. 42(a). Having reviewed the complaints in both matters, the Court finds that there are sufficient common questions of law and fact warranting consolidation of the cases for all purposes, including discovery and through trial.

As the *Young* matter is assigned the lower docket number, the Court finds that the cases should be consolidated into one action in the first-filed matter.

IT IS THEREFORE, ORDERED AND ADJUDGED that these two cases be consolidated into one matter before undersigned Judge Peterson. All future filings will be made in the case bearing Cause No. 25CI1:22-cv-00618-EFP. The Clerk of

Court will be directed to consolidate filed documents from Cause No. 25CI1:22-cv-00619-DHG into Cause No. 25CI1:22-cv-00618-EFP, and administratively close the separate matter currently pending as *Ashley Falgout v. MDCPS*, Cause No. 25CI1:22-cv-00619-DHG.

This the 5 of April, 2023.

_(signature)_

CIRCUIT COURT JUDGE
ELEANOR FAYE PETERSON


Submitted by:

/s/ *Nick Norris*
Nick Norris
Attorney for Plaintiff Melanie Young
Attorney for Plaintiff Ashley Falgout

/s/ *Bethany B. Johnson*
Bethany B. Johnson
Attorney for Defendant MDCPS

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

**MELANIE YOUNG**                                                                  **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO.: 25CI1:22-cv-00618-EFP**

**MISSISSIPPI DEPARTMENT OF**                                          **DEFENDANT**
**CHILD PROTECTION SERVICES**

## NOTICE OF SERVICE

PLEASE TAKE NOTICE that Plaintiff has this day served the following:

1.     Plaintiff's Requests for Production to Defendant(s).

A true and correct copy of this Notice has been served upon the Defendant along

with the document.  The original pleadings are being retained in the possession of counsel

for the Plaintiff.

THIS, the 20th day of April, 2023.

Respectfully submitted,

/s Nick Norris
NICK NORRIS (MSB #101574)
Attorney for Plaintiff

OF COUNSEL:
WATSON & NORRIS, PLLC
4209 Lakeland Drive #365
Flowood, MS 39232
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
nick@watsonnorris.com

## CERTIFICATE OF SERVICE

I, Nick Norris, attorney for the Plaintiff, do hereby certify that I have this day served via ECF filing or by United States mail, postage prepaid, a true and correct copy of the above and foregoing document to all counsel of record.

SO CERTIFIED, the 20th day of April, 2023.

s/Nick Norris
NICK NORRIS

2

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**MELANIE YOUNG**                                                    **PLAINTIFF**

**V.**                                          **CAUSE NO. 25C 1:22-cv-00618-EFP**

**MISSISSIPPI DEPARTMENT OF**
**CHILD PROTECTION SERVICES**                          **DEFENDANT**

*Consolidated With*

**ASHLEY FALGOUT**                                                    **PLAINTIFF**

**V.**                                          **CAUSE NO. 25C 1:22-cv-00619-DHG**

**MISSISSIPPI DEPARTMENT OF**
**CHILD PROTECTION SERVICES**                          **DEFENDANT**

### MOTION TO WITHDRAW AS COUNSEL OF RECORD

Comes now Morgan A. Middleton and files this Motion to Withdraw as Counsel of Record for Defendant Mississippi Department of Child Protection Services and, in support of the same, would show unto the Court as follows:

1.     Undersigned counsel, in her capacity as a Special Assistant Attorney General for the State of Mississippi, entered an appearance of behalf of the Defendant in these matters.

2.     Undersigned counsel would show that she is leaving her position as Special Assistant Attorney General and will be doing no further work on these matters.

3.     The Defendant will continue to be represented in these matters by Special Assistant Attorney General Bethany B. Johnson.

4.     No prejudice will occur to any of the parties if this motion is granted.

WHEREFORE PREMISES CONSIDERED, Morgan A. Middleton respectfully requests that this Court enter an order allowing her to withdraw as counsel of record for Defendant.

DATE:  May 30, 2023.

> **MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES,** *Defendant*
>
> **LYNN FITCH**
> Attorney General of Mississippi
>
> **BY:** */s/ Morgan A. Middleton*
> Special Assistant Attorney General
> Mississippi Bar No. 105969
> Post Office Box 220
> Jackson, Mississippi 39205-0220
> Telephone: (601) 359-4721
> E-mail: morgan.middleton@ago.ms.gov

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the ECF system which provided a copy to all counsel of record.

This, the 30th day of May, 2023.

> */s/ Morgan A. Middleton*
> Morgan A. Middleton

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**MELANIE YOUNG**                                              **PLAINTIFF**


**V.**                                                        **CAUSE NO. 22-618**


**MISSISSIPPI DEPARTMENT OF CHILD
PROTECTION SERVICES**                                          **DEFENDANT**


*Consolidated With*


**ASHLEY FALGOUT**                                             **PLAINTIFF**


**V.**                                           **CAUSE NO. 25C 1:22-cv-00619-DHG**


**MISSISSIPPI DEPARTMENT OF
CHILD PROTECTION SERVICES**                                    **DEFENDANT**

### <u>NOTICE OF APPEARANCE</u>

Please take notice that C. Lee Lott hereby enters his appearance in the above-captioned matter as counsel on behalf of the Defendant herein.

All future e-filings, pleadings and correspondence should include C. Lee Lott at the address noted below.

C. Lee Lott
Special Assistant Attorney General – Civil
550 High Street; Suite 1100 (39201)
Post Office Box 220
Jackson, MS  39205
Email:  lee.lott@ago.ms.gov

RESPECTFULLY SUBMITTED, this the 8th day of June, 2023.

> **MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES,** *Defendant*
>
> **LYNN FITCH, ATTORNEY GENERAL STATE OF MISSISSIPPI**
>
> /s/ *C. Lee Lott*
> Special Assistant Attorney General
> Mississippi Bar No. 10605
> Post Office Box 220
> Jackson, Mississippi 39205-0220
> Telephone: (601) 359-3847
> E-mail: lee.lott@ago.ms.gov

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have this day caused via the Court's electronic filing system, which provided a copy to all counsel of record.

This, the 8th day of June, 2023.

> /s/ *C. Lee Lott*
> Special Assistant Attorney General

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

**MELANIE YOUNG**                                                          **PLAINTIFF**

**V.**                                                  **CAUSE NO. 25C 11=22-cv-00618-EFP**

**MISSISSIPPI DEPARTMENT OF CHILD**
**PROTECTION SERVICES DEFENDANT**

*consolidated with*

**ASHLEY FALGOUT**                                                        **PLAINTIFF**

**V.**                                                  **CAUSE NO. 25C 11=22-cv-00619-DHG**

**MISSISSIPPI DEPARTMENT OF CHILD**
**PROTECTION SERVICES**                                                   **DEFENDANT**

### NOTICE OF SERVICE

PLEASE TAKE NOTICE that Plaintiff has this day served the following:

1.    Plaintiff's Interrogatories to Defendant(s).

A true and correct copy of this Notice has been served upon the Defendant along with the document. The original pleadings are being retained in the possession of counsel for the Plaintiff.

THIS, the 28th day of July, 2023.

Respectfully submitted,

/s Nick Norris
NICK NORRIS (MSB #101574)
Attorney for Plaintiff

OF COUNSEL:
WATSON & NORRIS, PLLC
4209 Lakeland Drive #365
Flowood, MS 39232
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
nick@watsonnorris.com

## **CERTIFICATE OF SERVICE**

I, Nick Norris, attorney for the Plaintiff, do hereby certify that I have this day served via ECF filing or by United States mail, postage prepaid, a true and correct copy of the above and foregoing document to all counsel of record.

SO CERTIFIED, the 28th day of July, 2023.

s/Nick Norris
NICK NORRIS

2

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

**MELANIE YOUNG**                                                      **PLAINTIFF**

**V.**                                      **CAUSE NO. 25C 11=22-cv-00618-EFP**

**MISSISSIPPI DEPARTMENT OF CHILD**
**PROTECTION SERVICES DEFENDANT**

*consolidated with*

**ASHLEY FALGOUT**                                                    **PLAINTIFF**

**V.**                                      **CAUSE NO. 25C 11=22-cv-00619-DHG**

**MISSISSIPPI DEPARTMENT OF CHILD**
**PROTECTION SERVICES**                                      **DEFENDANT**

### NOTICE OF SERVICE

PLEASE TAKE NOTICE that Plaintiff has this day served the following:

1.    Plaintiff's Second Set of Request for Production to Documents to Defendant(s).

A true and correct copy of this Notice has been served upon the Defendant along with the document.  The original pleadings are being retained in the possession of counsel for the Plaintiff.

THIS, the 28th day of July, 2023.

                              Respectfully submitted,

                               /s Nick Norris
                               NICK NORRIS (MSB #101574)
                              Attorney for Plaintiff

OF COUNSEL:
WATSON & NORRIS, PLLC
4209 Lakeland Drive #365
Flowood, MS 39232
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
nick@watsonnorris.com

## CERTIFICATE OF SERVICE

I, Nick Norris, attorney for the Plaintiff, do hereby certify that I have this day served via ECF filing or by United States mail, postage prepaid, a true and correct copy of the above and foregoing document to all counsel of record.

SO CERTIFIED, the 28th day of July, 2023.

s/Nick Norris
NICK NORRIS

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

**MELANIE YOUNG**                                        **PLAINTIFF**

**V.**                                        **CAUSE NO. 25C 1:22-cv-00618-EFP**

**MISSISSIPPI DEPARTMENT OF**
**CHILD PROTECTION SERVICES**                        **DEFENDANT**

**Consolidated With**

**ASHLEY FALGOUT**                                        **PLAINTIFF**

**V.**                                        **CAUSE NO. 25C 1:22-cv-00619-DHG**

**MISSISSIPPI DEPARTMENT OF**
**CHILD PROTECTION SERVICES**                        **DEFENDANT**

## UNOPPOSED MOTION FOR EXTENSION OF TIME TO
## RESPOND TO INTERROGATORIES AND REQUESTS FOR PRODUCTION

COMES NOW, Defendant, Mississippi Department of Child Protection Services, by and through counsel, and hereby requests a brief extension of time to serve its Responses to outstanding discovery, and would show unto the Court the following:

1. Plaintiff propounded Requests for Production to Defendant on June 7, 2023, and then propounded Interrogatories and Second Requests for Production on July 28.

2. Defendant and undersigned counsel are diligently reviewing the requests and seeking to locate or obtain responsive information. Due to various scheduling conflicts and workloads, Defendant needs additional time to serve its responses.

3. Accordingly, Defendant requests additional time to serve responses to all outstanding discovery until September 11, 2023.

4. Counsel for Plaintiff has been contacted and has no objection to this request.

WHEREFORE, Defendant respectfully requests that the aforegoing extension to serve its responses to all outstanding discovery be be granted.

RESPECTFULLY SUBMITTED, this the 11th day of August, 2023.

**MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES,** *Defendant*

**LYNN FITCH, ATTORNEY GENERAL STATE OF MISSISSIPPI**

*/s/ Bethany B. Johnson*
Special Assistant Attorney General
Mississippi Bar No. 10423
P.O. Box 220
Jackson, Mississippi 39205-0220
Telephone: (601) 359-4245
E-mail: Bethany.Johnson@ago.ms.gov

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have this day caused via the Court's electronic filing system, which provided a copy to all counsel of record.

This, the 11th day of August, 2023.

*/s/ Bethany B. Johnson*
Special Assistant Attorney General

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

MELANIE YOUNG                                              PLAINTIFF

V.                                      CAUSE NO. 25C 1:22-cv-00618-EFP

MISSISSIPPI DEPARTMENT OF
CHILD PROTECTION SERVICES                         DEFENDANT

Consolidated With

ASHLEY FALGOUT                                            PLAINTIFF

V.                                      CAUSE NO. 25C 1:22-cv-00619-DHG

MISSISSIPPI DEPARTMENT OF
CHILD PROTECTION SERVICES                         DEFENDANT

ORDER GRANTING DEFENDANTS'
MOTION FOR EXTENSION OF TIME TO
RESPOND TO INTERROGATORIES AND REQUESTS FOR PRODUCTION

THIS CAUSE having come before the Court on the motion of the Defendant,
Mississippi Department of Child Protection Services for a brief extension of time to
respond to outstanding discovery, 20-day extension of time to respond to Plaintiff's
Discovery Requests, said motion appearing as Dkt. #18, and the Court, having
considered the same and finding that the motion is unopposed, and otherwise being
fully advised in the premises, finds that said motion is well taken and should be
GRANTED.

IT IS, THEREFORE, ORDERED AND ADJUDGED that Defendant's motion
for an extension until September 11, 2023 to respond to outstanding discovery [Dkt.
#18] be and the same hereby is GRANTED, and Defendant shall have until and

including Monday, September 11, 2023, to file/serve its Responses to Plaintiff's outstanding discovery requests.

SO ORDERED AND ADJUDGED, this the *15* day of August, 2023.

CIRCUIT COURT JUDGE

PRESENTED BY:

BETHANY B. JOHNSON (MS Bar 10423)
Special Assistant Attorney General
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi 39205-0220
Tel.: (601) 359-4245
Fax: (601) 359-2003
Bethany.Johnson @ago.ms.gov

ATTORNEY FOR DEFENDANT

Special Assistant Attorney General

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

**MELANIE YOUNG**                                                    **PLAINTIFF**

**V.**                                             **CAUSE NO. 25C 1:22-cv-00618-EFP**

**MISSISSIPPI DEPARTMENT OF**
**CHILD PROTECTION SERVICES**                       **DEFENDANT**

**Consolidated With**

**ASHLEY FALGOUT**                                                   **PLAINTIFF**

**V.**                                             **CAUSE NO. 25C 1:22-cv-00619-DHG**

**MISSISSIPPI DEPARTMENT OF**
**CHILD PROTECTION SERVICES**                       **DEFENDANT**

### DEFENDANT'S NOTICE OF SERVICE

**TO:**  **All Counsel of Record**

Pursuant to L.U.Civ.R. 5(d)(3), notice is hereby given that on Friday, July 14, 2023, I served the following discovery device(s)

Enter an (X) as appropriate:

| | Initial Disclosures Pursuant to Rule 26(a)(1) to: | |
|---|---|---|
| X | First Set of Interrogatories to: | Plaintiff, Ashley Falgout |
| X | First Set of Interrogatories to: | Plaintiff, Melanie Young |
| X | First Set of Requests for Production of Documents to: | Plaintiff, Ashley Falgout |
| X | First Set of Requests for Production of Documents to: | Plaintiff, Melanie Young |
| | Requests for Admission to: | |

Pursuant to L.U.Civ. R. 5(d)(3), I acknowledge my responsibilities as the custodian of the original(s) of the document(s) identified above.

RESPECTFULLY SUBMITTED, this the 7th day of September, 2023.

MISSISSIPPI DEPARTMENT OF CHILD
PROTECTION SERVICES, *Defendant*

LYNN FITCH, ATTORNEY GENERAL
STATE OF MISSISSIPPI

/s/ *Bethany B. Johnson*
Special Assistant Attorney General
Mississippi Bar No. 10423
P.O. Box 220
Jackson, Mississippi 39205-0220
Telephone: (601) 359-4245
E-mail: Bethany.Johnson@ago.ms.gov

## CERTIFICATE OF SERVICE

I, Bethany B. Johnson, do hereby certify that I have this day filed the above-and-foregoing document via the Court's MEC system which provided an electronic copy of same to all counsel or record.

THIS, the 7th day of September, 2023.

/s/ *Bethany B. Johnson*
Special Assistant Attorney General

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

**MELANIE YOUNG**                                                    **PLAINTIFF**

**V.**                                              **CAUSE NO. 25C 1:22-cv-00618-EFP**

**MISSISSIPPI DEPARTMENT OF**
**CHILD PROTECTION SERVICES**                                       **DEFENDANT**

**Consolidated With**

**ASHLEY FALGOUT**                                                  **PLAINTIFF**

**V.**                                              **CAUSE NO. 25C 1:22-cv-00619-DHG**

**MISSISSIPPI DEPARTMENT OF**
**CHILD PROTECTION SERVICES**                                       **DEFENDANT**

<u>**DEFENDANT'S NOTICE OF SERVICE**</u>

**TO:  All Counsel of Record**

      Pursuant to L.U.Civ.R. 5(d)(3), notice is hereby given that on Tuesday, September 12, 2023, I served the following discovery device(s)

Enter an (X) as appropriate:

| | | |
|---|---|---|
| X | Responses to Plaintiff's First Set of Requests for Production of Documents to: | Defendant |
| X | Responses to Plaintiff's First Set of Interrogatories to: | Defendant |
| X | Responses to Plaintiff's Second Set of Requests for Production of Documents to: | Defendant |

Pursuant to L.U.Civ. R. 5(d)(3), I acknowledge my responsibilities as the custodian of the original(s) of the document(s) identified above.

RESPECTFULLY SUBMITTED, this the 12th day of September, 2023.

> **MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES,** *Defendant*
>
> **LYNN FITCH, ATTORNEY GENERAL STATE OF MISSISSIPPI**
>
> */s/ Bethany B. Johnson*
> Special Assistant Attorney General
> Mississippi Bar No. 10423
> P.O. Box 220
> Jackson, Mississippi 39205-0220
> Telephone: (601) 359-4245
> E-mail: Bethany.Johnson@ago.ms.gov

## CERTIFICATE OF SERVICE

I, Bethany B. Johnson, do hereby certify that I have this day filed the above-and-foregoing document via the Court's MEC system which provided an electronic copy of same to all counsel or record.

THIS, the 12th day of September, 2023.

> */s/ Bethany B. Johnson*
> Special Assistant Attorney General

Case: 25CI1:22-cv-00618-EFP     Document #: 22     Filed: 11/01/2023     Page 1 of 2

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

**MELANIE YOUNG**                                                **PLAINTIFF**

**V.**                                          **CAUSE NO. 25C 1:22-cv-00618-EFP**

**MISSISSIPPI DEPARTMENT OF**
**CHILD PROTECTION SERVICES**                                   **DEFENDANT**

**Consolidated With**

**ASHLEY FALGOUT**                                               **PLAINTIFF**

**V.**                                          **CAUSE NO. 25C 1:22-cv-00619-DHG**

**MISSISSIPPI DEPARTMENT OF**
**CHILD PROTECTION SERVICES**                                   **DEFENDANT**

## NOTICE OF SERVICE

PLEASE TAKE NOTICE that Plaintiff has this day served the following:

1.    Plaintiff, Melanie Young's Response to Interrogatories to Defendant(s).

A true and correct copy of this Notice has been served upon the Defendant along

with the document.  The original pleadings are being retained in the possession of counsel

for the Plaintiff.

THIS, the 1st day of November, 2023.

Respectfully submitted,

/s Nick Norris
NICK NORRIS (MSB #101574)
Attorney for Plaintiff

OF COUNSEL:
WATSON & NORRIS, PLLC
4209 Lakeland Drive #365
Flowood, MS 39232
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
nick@watsonnorris.com

## CERTIFICATE OF SERVICE

I, Nick Norris, attorney for the Plaintiff, do hereby certify that I have this day

served via ECF filing or by United States mail, postage prepaid, a true and correct copy

of the above and foregoing document to all counsel of record.

SO CERTIFIED, the 1st day of November, 2023.

s/Nick Norris
NICK NORRIS

2

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**MELANIE YOUNG**                                    **PLAINTIFF**

**V.**                                    **CAUSE NO. 25C 1:22-cv-00618-EFP**

**MISSISSIPPI DEPARTMENT OF**
**CHILD PROTECTION SERVICES**                  **DEFENDANT**

**Consolidated With**

**ASHLEY FALGOUT**                                    **PLAINTIFF**

**V.**                                    **CAUSE NO. 25C 1:22-cv-00619-DHG**

**MISSISSIPPI DEPARTMENT OF**
**CHILD PROTECTION SERVICES**                  **DEFENDANT**

### <u>NOTICE OF SERVICE</u>

PLEASE TAKE NOTICE that Plaintiff has this day served the following:

1.    Plaintiff, Melanie Young's Response to Request for Production of Document to Defendant(s).

A true and correct copy of this Notice has been served upon the Defendant along with the document. The original pleadings are being retained in the possession of counsel for the Plaintiff.

THIS, the 1st day of November, 2023.

Respectfully submitted,

/s Nick Norris
NICK NORRIS (MSB #101574)
Attorney for Plaintiff

OF COUNSEL:
WATSON & NORRIS, PLLC
4209 Lakeland Drive #365
Flowood, MS 39232
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
nick@watsonnorris.com

## CERTIFICATE OF SERVICE

I, Nick Norris, attorney for the Plaintiff, do hereby certify that I have this day served via ECF filing or by United States mail, postage prepaid, a true and correct copy of the above and foregoing document to all counsel of record.

SO CERTIFIED, the 1st day of November, 2023.

s/Nick Norris
NICK NORRIS

2

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

**MELANIE YOUNG**                                                    **PLAINTIFF**

**V.**                                          **CAUSE NO. 25C 1:22-cv-00618-EFP**

**MISSISSIPPI DEPARTMENT OF**
**CHILD PROTECTION SERVICES**                               **DEFENDANT**

**Consolidated With**

**ASHLEY FALGOUT**                                                  **PLAINTIFF**

**V.**                                          **CAUSE NO. 25C 1:22-cv-00619-DHG**

**MISSISSIPPI DEPARTMENT OF**
**CHILD PROTECTION SERVICES**                               **DEFENDANT**

## NOTICE OF SERVICE

PLEASE TAKE NOTICE that Plaintiff has this day served the following:

1.    Plaintiff, Ashley Falgout's Response to Interrogatories to Defendant(s).

A true and correct copy of this Notice has been served upon the Defendant along

with the document. The original pleadings are being retained in the possession of counsel

for the Plaintiff.

THIS, the 1st day of November, 2023.

                                    Respectfully submitted,

                                     /s Nick Norris
                                     NICK NORRIS (MSB #101574)
                                     Attorney for Plaintiff

OF COUNSEL:
WATSON & NORRIS, PLLC
4209 Lakeland Drive #365
Flowood, MS 39232
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
nick@watsonnorris.com

## **CERTIFICATE OF SERVICE**

      I, Nick Norris, attorney for the Plaintiff, do hereby certify that I have this day served via ECF filing or by United States mail, postage prepaid, a true and correct copy of the above and foregoing document to all counsel of record.

      SO CERTIFIED, the 1st day of November, 2023.

s/Nick Norris
NICK NORRIS

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**MELANIE YOUNG**                                                        **PLAINTIFF**

**V.**                                                    **CAUSE NO. 25C 1:22-cv-00618-EFP**

**MISSISSIPPI DEPARTMENT OF**
**CHILD PROTECTION SERVICES**                                **DEFENDANT**

**Consolidated With**

**ASHLEY FALGOUT**                                                       **PLAINTIFF**

**V.**                                                    **CAUSE NO. 25C 1:22-cv-00619-DHG**

**MISSISSIPPI DEPARTMENT OF**
**CHILD PROTECTION SERVICES**                                **DEFENDANT**

### <u>NOTICE OF SERVICE</u>

PLEASE TAKE NOTICE that Plaintiff has this day served the following:

1.     Plaintiff, Ashley Falgout's Response to Request for Production to Defendant(s).

A true and correct copy of this Notice has been served upon the Defendant along with the document.  The original pleadings are being retained in the possession of counsel for the Plaintiff.

THIS, the 1st day of November, 2023.

Respectfully submitted,

 /s Nick Norris
 NICK NORRIS (MSB #101574)
Attorney for Plaintiff

OF COUNSEL:
WATSON & NORRIS, PLLC
4209 Lakeland Drive #365
Flowood, MS 39232
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
nick@watsonnorris.com

## CERTIFICATE OF SERVICE

I, Nick Norris, attorney for the Plaintiff, do hereby certify that I have this day

served via ECF filing or by United States mail, postage prepaid, a true and correct copy

of the above and foregoing document to all counsel of record.

SO CERTIFIED, the 1st day of November, 2023.

s/Nick Norris
NICK NORRIS

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

MELANIE YOUNG                                          PLAINTIFF

V.                                    CAUSE NO. 25C | 1:22-cv-00618-EFP

MISSISSIPPI DEPARTMENT OF CHILD
PROTECTION SERVICES                                   DEFENDANT

*consolidated with*

ASHLEY FALGOUT                                        PLAINTIFF

V.                                    CAUSE NO. 25C | 1:22-cv-00619-DHG

MISSISSIPPI DEPARTMENT OF CHILD
PROTECTION SERVICES                                   DEFENDANT

## AGREED AMENDED SCHEDULING ORDER

In accordance with M.R.C.P. 26(c), and to provide for the regular and orderly progression of the above-styled and numbered cause, it is hereby ORDERED:

1.    That counsel in the above numbered action will initiate and complete all discovery authorized by the Mississippi Rules of Civil Procedure on or before January 31, 2025, including evidentiary depositions but not expert depositions and depositions of medical providers. No further discovery except the above depositions will be permitted thereafter except by written stipulation of counsel or upon a showing of good cause and pursuant to order of this Court. The deadline for completion of

discovery may be shortened or enlarged upon request of a party and/or by a showing of good cause.

2.     Plaintiff's expert witnesses which are expected to be called as an expert witness at trial shall be designated according to applicable law and rules no later than September 13, 2024. The Court shall allow subsequent designation and/or discovery of expert witnesses upon a showing of good cause.

3.     Defendant's expert witnesses which are expected to be called as an expert witness at trial shall be designated according to applicable law and rules no later than October 25, 2024. The Court shall allow subsequent designation and/or discovery of expert witnesses upon a showing of good cause.

4.     All dispositive motions, shall be filed on or before February 28, 2025.

5.     All other motions, including evidentiary *in limine* motions and all other non-dispositive motions shall be served no later than 30 days prior to Trial. Responses thereto shall be filed within 14 days after the motions *in limine* are filed. All replies to the responses shall be filed within 7 days of the responses.

6.     The trial date will be set by a separate Order.

7.     Deadlines may be extended by agreement of the parties by way of an agreed Order filed by the Parties, or by permission of the Court upon showing of good cause.

SO ORDERED this the 28 day of April , 2024.

HONORABLE FAYE PETERSON
HINDS COUNTY CIRCUIT COURT JUDGE

AGREED TO BY:


_/s/ Nick Norris_____

Nick Norris
Attorney for Plaintiffs

_/s/ Bethany B. Johnson_

Bethany B. Johnson
Attorney for Defendant

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

MELANIE YOUNG                                        PLAINTIFF

V.                                  CAUSE NO. 25C 1:22-cv-00618-EFP

MISSISSIPPI DEPARTMENT OF
CHILD PROTECTION SERVICES                            DEFENDANT

**Consolidated With**

ASHLEY FALGOUT                                       PLAINTIFF

V.                                  CAUSE NO. 25C 1:22-cv-00619-DHG

MISSISSIPPI DEPARTMENT OF
CHILD PROTECTION SERVICES                            DEFENDANT

### NOTICE OF APPEARANCE

Please take notice that Lindsay Thomas Dowdle hereby enters her

appearance in the above-captioned matter as additional counsel on behalf of the

Defendant, Mississippi Department of Child Protection Services.

All future e-filings, pleadings and correspondence should include Lindsay

Thomas Dowdle at the address noted below.

> Lindsay Thomas Dowdle
> Special Assistant Attorney General – Civil
> 550 High Street; Suite 1100 (39201)
> Post Office Box 220
> Jackson, MS  39205
> Email:  lindsay.dowdle@ago.ms.gov

**RESPECTFULLY SUBMITTED**, this the 22nd day of July, 2024.

> **MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES,** *Defendant*
>
> **LYNN FITCH, ATTORNEY GENERAL STATE OF MISSISSIPPI**
>
> */s/ Lindsay Thomas Dowdle*
> Special Assistant Attorney General
> Mississippi Bar No. 102873
> P.O. Box 220
> Jackson, Mississippi 39205-0220
> Telephone: (601) 359-3020
> E-mail: lindsay.dowdle@ago.ms.gov

## CERTIFICATE OF SERVICE

I, Lindsay Thomas Dowdle, do hereby certify that I have this day filed the above-and-foregoing document via the Court's MEC system which provided an electronic copy of same to all counsel or record.

THIS, the 22nd day of July, 2024.

> */s/ Lindsay Thomas Dowdle*
> Special Assistant Attorney General

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

MELANIE YOUNG                                    PLAINTIFF

V.                                    CAUSE NO. 25C 1:22-cv-00618-EFP

MISSISSIPPI DEPARTMENT OF
CHILD PROTECTION SERVICES                        DEFENDANT

*Consolidated With*

ASHLEY FALGOUT                                   PLAINTIFF

V.                                    CAUSE NO. 25C 1:22-cv-00619-DHG

MISSISSIPPI DEPARTMENT OF
CHILD PROTECTION SERVICES                        DEFENDANT

### MOTION TO WITHDRAW AS COUNSEL OF RECORD

Comes now Clarence Lee Lott and files this Motion to Withdraw as Counsel of Record for Defendant Mississippi Department of Child Protection Services and, in support of the same, would show unto the Court as follows:

1.      Undersigned counsel, in his capacity as a Special Assistant Attorney General for the State of Mississippi, entered an appearance on behalf of the Defendant in these matters.

2.      Undersigned counsel would show that he is leaving his position with the Attorney General's Office of the State of Mississippi and will be doing no further work on this matter.

3.      The Defendant will continue to be represented in this matter by Special Assistant Attorneys General Bethany B. Johnson and Lindsay Thomas Dowdle.

4.      No prejudice will occur to any of the parties if this motion is granted.

WHEREFORE PREMISES CONSIDERED, Clarence Lee Lott respectfully requests that this Court enter an order allowing him to withdraw as counsel of record for Defendant.

Respectfully submitted this the 23rd day of July, 2024.

> **MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES**, *Defendant*
>
> **LYNN FITCH**
> Attorney General of Mississippi
>
> **BY:** /s/ *Clarence Lee Lott*
> Special Assistant Attorney General
> Mississippi Bar No. 10605
> Post Office Box 220
> Jackson, Mississippi 39205-0220
> Telephone: (601) 359-3847
> E-mail: lee.lott@ago.ms.gov

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the ECF system which provided a copy to all counsel of record.

This, the 23rd day of July, 2024.

> /s/ *Clarence Lee Lott*
> Clarence Lee Lott

2

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

**MELANIE YOUNG**                                          **PLAINTIFF**

**V.**                                    **CAUSE NO. 25C 1:22-cv-00618-EFP**

**MISSISSIPPI DEPARTMENT OF**
**CHILD PROTECTION SERVICES**                             **DEFENDANT**

### *Consolidated With*

**ASHLEY FALGOUT**                                        **PLAINTIFF**

**V.**                                    **CAUSE NO. 25C 1:22-cv-00619-DHG**

**MISSISSIPPI DEPARTMENT OF**
**CHILD PROTECTION SERVICES**                             **DEFENDANT**

### MOTION TO WITHDRAW AS COUNSEL OF RECORD

Comes now Clarence Lee Lott and files this Motion to Withdraw as Counsel of Record for Defendant Mississippi Department of Child Protection Services and, in support of the same, would show unto the Court as follows:

1.    Undersigned counsel, in his capacity as a Special Assistant Attorney General for the State of Mississippi, entered an appearance on behalf of the Defendant in these matters.

2.    Undersigned counsel would show that he is leaving his position with the Attorney General's Office of the State of Mississippi and will be doing no further work on this matter.

3.    The Defendant will continue to be represented in this matter by Special Assistant Attorneys General Bethany B. Johnson and Lindsay Thomas Dowdle.

4.    No prejudice will occur to any of the parties if this motion is granted.

WHEREFORE PREMISES CONSIDERED, Clarence Lee Lott respectfully requests that this Court enter an order allowing him to withdraw as counsel of record for Defendant.

Respectfully submitted this the 23rd day of July, 2024.

**MISSISSIPPI DEPARTMENT OF CHILD
PROTECTION SERVICES**, *Defendant*

**LYNN FITCH**
Attorney General of Mississippi

**BY:** */s/ Clarence Lee Lott*
Special Assistant Attorney General
Mississippi Bar No. 10605
Post Office Box 220
Jackson, Mississippi 39205-0220
Telephone: (601) 359-3847
E-mail: lee.lott@ago.ms.gov

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the ECF system which provided a copy to all counsel of record.

This, the 23rd day of July, 2024.

*/s/ Clarence Lee Lott*
Clarence Lee Lott

2

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

MELANIE YOUNG                                        PLAINTIFF

V.                                    CAUSE NO. 25C 1:22-cv-00618-EFP

MISSISSIPPI DEPARTMENT OF
CHILD PROTECTION SERVICES                            DEFENDANT

*Consolidated With*

ASHLEY FALGOUT                                       PLAINTIFF

V.                                    CAUSE NO. 25C 1:22-cv-00619-DHG

MISSISSIPPI DEPARTMENT OF
CHILD PROTECTION SERVICES                            DEFENDANT

## ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL OF RECORD

BEFORE THIS COURT, the motion [Dkt. 28] by Clarence Lee Lott to withdraw as counsel for Defendant Mississippi Department of Child Protection Services ("Defendant") in this matter. The Court, having considered the motion finds that it is well taken and should be GRANTED.

IT IS THEREFORE ORDERED AND ADJUDGED that Clarence Lee Lott is hereby withdraw as counsel of record for Defendant in this action, and that Bethany B. Johnson and Lindsay Thomas Dowdle remain as counsel of record for Defendant.

SO ORDERED this the _29_ day of _July_____, 2024.

_____
CIRCUIT COURT JUDGE

Prepared and Submitted by:

_____

Clarence Lee Lott (MSB # 10605)
Special Assistant Attorney General
Post Office Box 220
Jackson, Mississippi  39205
Telephone:  (601) 359-3847
Email;  lee.lott@ago.ms.gov

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI

**MELANIE YOUNG AND ASHLEY**                                    **PLAINTIFFS**
**FALGOUT**

**v.**                                    **CIVIL ACTION NO.: 25CI1:22-cv-00618-EFP**

**MISSISSIPPI DEPARTMENT OF**                                    **DEFENDANT**
**CHILD PROTECTION SERVICES**

### PLAINTIFFSS' UNOPPOSED MOTION FOR LEAVE
### TO FILE AMENDED COMPLAINT

COMES NOW, Plaintiffs in the above numbered and styled cause, and moves the Court for leave to file their Amended Complaint. In support thereof, Plaintiffs would show as follows:

1.      On September 22, 2022, Plaintiffs filed their Complaint against Defendant.

2.      Plaintiff now desires to amend her Complaint to add a claim for retaliation under the False Claims Act. Attached as Exhibit "A" is Plaintiff's proposed Amended Complaint

3.      Mississippi Rule of Civil Procedure 15(a) provides that leave to amend must be "freely given when justice so requires." Miss. R. Civ.P. 15(a). Further, a Motion to Amend should be granted unless there is a "substantial reason" to deny leave to amend.

4.      Plaintiffs argue that justice would not be served if the Motion to Amend the Complaint were denied. Further, Plaintiffs allege that no substantial reason exists that would justify the denial of the amendment.

5.      Defendant has no objection to this request.

6.      Due to the nature of this Motion, Plaintiffs respectfully requests that the requirement of a supporting memorandum of authorities be waived.

WHEREFORE PREMISES CONSIDERED, Plaintiffs respectfully requests that they be granted leave to file their Amended Complaint.

THIS, the 9th day of September, 2024.

Respectfully submitted,

/s Nick Norris
NICK NORRIS (MSB#101574)
Attorney for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive #365
Flowood, MS 39232
Phone: (601) 968-0000
Facsimile: (601) 968-0010
nick@watsonnorris.com

## CERTIFICATE OF SERVICE

I, Nick Norris, attorney for Plaintiff do hereby certify that I have this day filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing or mailed, via United States Mail, postage prepaid, on all counsel of record.

THIS, the 9th day of September, 2024.

/s  Nick Norris
NICK NORRIS

2

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

**MELANIE YOUNG AND**
**ASHLEY FALGOUT**                                              **PLAINTIFFS**

**v.**                                    **CAUSE NO.: 1:22-CV-00618-EFP**

**MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES        DEFENDANT**

### FIRST AMENDED COMPLAINT
### JURY TRIAL DEMANDED

**COMES NOW** the Plaintiffs, Melanie Young and Ashley Falgout, by and through
counsel, Watson & Norris, PLLC, and files this action to recover damages for the actions
of Defendant Mississippi Department of Child Protection Services, which constitute the
tort of outrage/intentional infliction of emotional distress (IIED), wrongful termination and
violation of the False Claims act.  In support of this cause, the Plaintiff would show unto
the Court the following facts to-wit:

### THE PARTIES

1.      Plaintiff, Melanie Young, is an adult female who resides in Madison County,
Mississippi.

2.      Plaintiff, Ashley Falgout, is an adult female who resides in Madison County,
Mississippi.

3.      Defendant, Mississippi Department of Child Protection Services, may be
served with process by serving Lynn Fitch, Attorney General for the State of Mississippi,
550 High Street, Jackson, Mississippi 39201.

### JURISDICTION AND VENUE

1

Exhibit "A"

4.      This court has subject matter and personal jurisdiction over the Defendant and venue is proper in this Court.

5.      Pursuant to *Miss. Code Ann.* § 11-46-11, *et seq.*, Plaintiff timely sent Defendant the required Notice of Claim on June 15, 2022, via Certified Mail, Return Receipt Requested which was received by Defendant on or about June 17, 2022. Plaintiff has not received a notice of denial of claim and the 95-day tolling period has now expired. Thus, Plaintiff timely files these claims pursuant to *Miss. Code Ann.* § 11-46-11, *et seq.*

### STATEMENT OF FACTS

6.      Plaintiff Melanie Young was hired on October 1, 2020, as a Special Projects Officer IV (Education Liaison) at the Mississippi Department of Child Protection Services (MDCPS).

7.      Plaintiff Ashley Falgout was hired on July 1, 2009, as a Program Administrator of Independent Living at the Mississippi Department of Child Protection Services (MDCPS).

8.      Ms. Falgout was promoted a couple more times and then on October 1, 2020, she was promoted to the position of Bureau Director II.

9.      In this new role, Ms. Falgout's immediate supervisor was Deputy Director of Permanency Marcus Davenport.

10.     Ms. Falgout co-developed the Youth Transition Support Services (YTSS) program in 2017.

11.     In 2018, the YTSS program was moved under the Permanency Unit.

2

12.    In June 2020, Ms. Falgout was named the Interim Bureau Director over the YTSS program.

13.    In July 2020, Mr. Davenport called a YTSS unit meeting in July 2020 at which time he addressed Ms. Falgout and others and stated, "Your work is garbage, and y'all need to do better."

14.    In October 2020, Mr. Davenport initiated a personal relationship with Ms. Falgout that consisted of lunches, dinners, phone conversations, and Face Time conversations.

15.    In early 2021, Plaintiff Young, Special Projects Officer IV (Education Liaison) at the Mississippi Department of Child Protection Services (MDCPS), discovered that MDCPS officials were routinely signing the Individualized Educations Plans (IEPs) for children in foster care covered by the Individuals with Disabilities and Education Act (IDEA).

16.    According to the IDEA, only the legal parent or guardian of IDEA children are permitted to sign IEPs for purposes of special education decision making. The State of Mississippi through its agencies have entered into numerous federal grants with the United States Department of Human Services, which require Defendant to comply with the IDEA.

17.    This ongoing legal violation impacted many of the children/youth under the charge of MDCPS and their biological parents.

18.    On February 8, 2021, Plaintiffs met with Mr. Davenport to address the above-mentioned legal violation being perpetrated against MDCPS children/youth and their biological parents.

19.    On April 1, 2021, Plaintiff Young was promoted to the position of Division Director II.

20.    At that time, Plaintiff Young continued in her role as Education Liaison but also took on this new position.

21.    In this new role, Plaintiff Young's immediate supervisor was Bureau Director II, Plaintiff Falgout.

22.    On May 5, 2021, Claimant emailed Strategy and Policy Attorney Kimberly Gore. In that email, among many questions, Claimant inquired of Ms. Gore, "In terms of special education, can MDCPS legally serve as the [Individuals with Disabilities Education Act] (IDEA) parent?"

23.    When Ms. Gore responded, the response to that question was the following: "No."

24.    The definition of parent under 20 U.S.C. § 1401(23)(B) specifically excludes the State. 20 U.S.C. § 1415(b)(2)(A) also provides that the surrogate parent "shall not be an employee of the State educational agency, the local educational agency, or any other agency that is involved in the education or care of the child." MDCPS cannot act as the surrogate parent because it is an agency involved in the care of the child."

25.    On May 19, 2021, Plaintiff Falgout emailed Deputy Commissioner of Child Welfare Kimberly Wheaton (i.e., Mr. Davenport's direct report) to express her concerns.

4

26.     Given the response Plaintiffs received from the legal department (i.e., Ms. Gore and others), it was clear that MDCPS officials were not legally allowed to serve as IDEA parents.

27.     Plaintiffs were now reaching out to Ms. Wheaton so that MDCPS could appropriately revise its policy and practice.

28.     On June 3, 2021, Plaintiffs met with Mr. Davenport to discuss education concerns.

29.     At that meeting Plaintiffs provided Mr. Davenport with a document entitled Y TSS Education Plan.

30.     On that document, the second item stated: "IDEA Parent" We MUST have a special education decision maker for each child requiring special education and related services.  MDCPS/MDCPS employees CAN NOT serve in this role per federal law.  Therefore, until this is addressed the validity of each child/youth's IEP is compromised, the services they are to receive may be interrupted, MDCPS employees' ability to effectively advocate on behalf child/youth is diminished, and the Agency is positioned to experience legal repercussions."

31.     Plaintiff Young presented this document to Mr. Davenport as part of a plan on how to move forward addressing the education-related issues.

32.     Plaintiff Young presented this and other items to Mr. Davenport in the hopes of moving forward with a revision of policy (i.e., to comply with federal law and federal block grants) and practical change.

5

33.    The following issues with not following the federal block grants was presented to Mr. Davenport:

- Not enrolling children/youth in school in accordance with federal and state compulsory school laws

- Not creating educational plans for children/ youth as required by ESSA and Fostering Connections Act

- Not creating Transitional Living Plans for youth age 17 and older per Title IV-E of the SSA

- Not providing housing support for youth age 18 and older per Title IV-E of the SSA

- Signing IEPs for youth in foster care and denying them the legal protections for students with disabilities under IDEA

- Not coordinating with MDE or the local school districts to ensure the educational stability mandated by ESSA and Fostering Connections

- Not allowing youth to remain in their school of origin as ordered by ESSA

- Not allowing biological parents/guardians to participate in the educational decisions for youth in foster care as stated in IDEA and ESSA

- Not collecting educational data required by ACF, CB and the SSA

- Reporting fraudulent data to the federal government surrounding Independent Living and education which affects federal funding

- Denying children and youth FAPE as guaranteed by IDEA

34.    In response, however, Mr. Davenport gave no clear resolution, feedback, or guidance on how to proceed with this issue.

6

35.    Rather than supporting Plaintiff Young in this endeavor, Mr. Davenport responded, "Education isn't a priority for me."  The State of Mississippi through its state agencies have continued to violate the federal grants it entered into by failing to provide a surrogate parent for IEP meetings so that children in its care can have independent representation pursuant to federal law.

36.    Plaintiffs attempted to explain to Mr. Davenport that they had addressed the matter via email with MDCPS's legal department (i.e., Ms. Gore, Anna Claire Steel) and then they had further addressed the matter with Ms. Wheaton.

37.    When they asked Mr. Davenport how these issues of federal law and agency policy/practice were to be resolved, Mr. Davenport directed them to "Continue doing like we have always done, because there haven't been any problems - per Kimberly Wheaton".

38.    Plaintiffs requested this directive be given to them in writing, but Mr. Davenport denied this request.

39.    Plaintiffs then stated to Mr. Davenport that she refused to knowingly participate, allow to continue, or instruct her direct reports or agency members to engage in illegal practices.

40.    Mr. Davenport then directed Plaintiff Young to cease all work she was doing to coordinate between MDCPS, the Mississippi Department of Education (MDE) and the American Bar Association – Legal Center for Foster Care and Education and Casey Family Programs (ABA).

41.     This directive barred Plaintiffs from effectively fulfilling her role and responsibilities on behalf of the children/youth of MDCPS.

42.     Following these events (in early June 2021), Plaintiff Falgout's personal relationship with Mr. Davenport began to change.

43.     Mr. Davenport discontinued all personal engagements with Plaintiff Falgout, and he limited his interaction to only formal professional engagement.

44.     Beginning around this time, Mr. Davenport told Plaintiff Falgout, on several occasions, either directly or by inference, that Commissioner Andrea Sanders wanted Plaintiff Falgout gone from MDCPS.

45.     Mr. Davenport portrayed himself to Plaintiff Falgout as attempting to protect her from those who wanted her removed.

46.     These statements conflicted with Ms. Sanders' direct interactions with Plaintiff Falgout, wherein she (Ms. Sanders) consistently expressed positive approval regarding Plaintiff. Falgout's job performance.

47.     Increasingly, Mr. Davenport began interfering in Plaintiff Falgout's work duties.

48.     Unbeknownst to Ms. Falgout, Mr. Davenport met with service providers and community partners, with whom Ms. Falgout had long standing professional relationships, and attempted to undermine her (Ms. Falgout's) position and professional credibility.

49.     Mr. Davenport began directly contacting Ms. Falgout's staff and division directors (i.e., bypassing her) and questioning them about routine work matters.

8

50.    Ms. Falgout's staff began contacting her, expressing confusion as to why Mr. Davenport was questioning them.

51.    Ms. Falgout addressed this confusion to Mr. Davenport, who merely responded, "It's my right."

52.    Mr. Davenport negotiated service contracts to be paid out of the Independent Living – John H. Chafee Foster Care Independence Program budget without Plaintiff's knowledge, consent, or input.

53.    Mr. Davenport increasingly micromanaged Ms. Falgout's work duties and schedule.    He prohibited Ms. Falgout from communicating with other departments and he often instructed personnel in other departments to communicate directly with him, i.e., not with Ms. Falgout.

54.    On several occasions, Ms. Falgout attempted to address the way Mr. Davenport was interfering with her ability to fulfill her role as a Bureau Director.

55.    Ms. Falgout asked that Mr. Davenport put her job description/requirements in writing.

56.    Mr. Davenport responded that he would provide Ms. Falgout with a performance review, but she never received it.

57.    Mr. Davenport's interference with Ms. Falgout's work significantly interfered with any productive work in the YTSS program.

58.    Mr. Davenport effectively blocked this program, resulting in children and youth being denied services.

9

59.    In July 2021, Ms. Falgout met with Ms. Wheaton to discuss her (Ms. Falgout's) concerns about how Mr. Davenport was interfering with her (Ms. Falgout's) ability to perform her job.

60.    Ms. Wheaton responded that she would address the matter with Mr. Davenport.

61.    Also, around the first week of July 2021, Plaintiff and Ms. Falgout were called to Mr. Davenport's office.

62.    At that time, Ms. Davenport informed Plaintiff and Ms. Falgout that YTSS Federal Reporting designee and Education Liaison Cynthia Moore-Hardy had raised some concerns to him that he felt needed to be addressed.

63.    It is noteworthy that Ms. Moore-Hardy was a direct report to Plaintiff and as recently as April 2021 Plaintiff had confronted Ms. Moore-Hardy regarding issues of insubordination and inadequate work performance.

64.    Between April and July 2021, Plaintiff had discussed Ms. Moore-Hardy's problematic work performance with Mr. Davenport.

65.    Mr. Davenport had directed Plaintiff to submit documentation to Human Resources and had, on one occasion, stated that she (Ms. Moore-Hardy) should be terminated.

66.    In the second week of July 2021, however, Mr. Davenport radically shifted his position.

67.    Mr. Davenport called a meeting with Plaintiff, Ms. Falgout, and Ms. Moore-Hardy, in which Ms. Moore-Hardy verbalized allegations against Plaintiff.

68.     When Plaintiff attempted to speak up to defend herself, Mr. Davenport berated her and alleged that as a Division Director she was not allowed to respond.

69.     Mr. Davenport then turned to Ms. Falgout and stated that she (Ms. Falgout) had failed by allowing Plaintiff to defend herself.

70.     Ms. Falgout responded to Mr. Davenport, stating that he was wrong and was handling the entire situation incorrectly.

71.     On July 30, 2021, Director of Human Resources Jason Hulitt conducted an interview with Plaintiff Young.

72.     Prior to the interview, Mr. Hulitt told Plaintiff Young he was going to conduct an employee engagement interview.

73.     When the interview occurred, however, the aggressively interrogating nature of the interview was surprising to Plaintiff Young.

74.     In this interview, Mr. Hulitt asked Plaintiff about her relationship with Ms. Falgout, her direct reports, and Mr. Davenport (i.e., did Plaintiff have a relationship with

75.     Ms. Falgout outside of work? how long has she known Ms. Falgout? What was her relationship like with Mr. Davenport? how did she get along with her direct reports? etc.).

76.     Mr. Hulitt asked Plaintiff Young how long she had been with the agency, how long she had been a Division Director, and what made her qualified to hold her position.

77.     Mr. Hulitt asked Plaintiff Young about the unit she oversaw, its role and responsibilities.

11

78.    Mr. Hulitt insinuated that Plaintiff's professional and educational background were inadequate to qualify her for the position she held.

79.    In August 2021, Mr. Hulitt met with Ms. Falgout, as well, for an employee engagement interview.

80.    During this interview, Mr. Hulitt asked Ms. Falgout general questions, work-related questions, questions about her unit, and other topics.

81.    Ms. Falgout explained to Mr. Hulitt about how Mr. Davenport had interfered with her ability to perform her job and how both she and the unit were affected.

82.    Both employee engagement interviews with Plaintiffs were recorded by Mr. Hulitt, using his state issued cell phone.

83.    Beginning in August 2021, Mr. Davenport discontinued all communication with Plaintiff.

84.    On September 14, 2021, both Plaintiffs were terminated, allegedly due to "falsification of time records."

85.    Both Plaintiffs were salaried employees of MDCPS.

86.    Their time sheets merely consisted of the dates and the hours they worked on those dates.

87.    Following this vague allegation by MDCPS, no explanation as to how the time sheets were allegedly 'falsified' was given.

88.    Both Plaintiffs filed appeals with the Mississippi State Personnel Board.

89.    Plaintiffs will lose, at a minimum, approximately $60,000 of income in pay plus benefits per year.

## CAUSES OF ACTION

### COUNT I:  TORT OF OUTRAGE-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

90.    Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 89 above as if fully incorporated herein.

91.    By its actions described above, the Defendant intentionally inflicted emotional distress upon Plaintiffs.

92.    The Defendant's actions have been such to evoke outrage and revulsion.

93.    The Defendant's actions are malicious, willful, wanton, grossly careless, indifferent and reckless.

94.    The effect of the Defendant's actions on Plaintiffs were reasonably foreseeable.

95.    Plaintiffs have suffered injury as a result of the Defendant's actions.

96.    As such, Plaintiffs are seeking an award of compensatory damages in an amount to be determined by the jury to fully compensate her for the Defendant's actions.

97.    In addition, the Defendant's actions were done maliciously with the intent to cause Plaintiffs' injury.

### COUNT II: WRONGFUL TERMINATION

98.    Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 97 above as if fully incorporated herein.

99.     The acts of the Defendant described above constitute a willful and intentional violation of federal law, state law and/or Mississippi public policy which constitutes the tort of wrongful termination and entitles Plaintiffs to damages.

### COUNT III:  VIOLATION OF FALSE CLAIMS ACT.

100.     Plaintiffs re-alleges and incorporates all averments set forth in paragraphs 1 through 99 above as if fully incorporated herein.

101.     Defendant has violated the False Claims Act by terminating Plaintiffs in retaliation for reporting its violation of federal law, which violated the federal grants the State of Mississippi has entered into through its agencies with the federal government.

### PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back wages and reinstatement; or
2. Future wages in lieu of reinstatement;
3. Double back wages;
4. Compensatory damages;
5. Attorney's fees;
6. Lost benefits;
7. Pre-judgment and post-judgment interest;
8. Costs and expenses; and
9. Such further relief as is deemed just and proper.

THIS the _____ day of September 2024.

Respectfully submitted,

MELANIE YOUNG, Plaintiff

By: /s/Louis H. Watson, Jr.
Louis H. Watson, Jr.  (MB# 9053)
Nick Norris (MB# 101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, MS 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
Web: www.watsonnorris.com

### IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

MELANIE YOUNG                                                                    **PLAINTIFF**

V.                                              CAUSE NO. 25C|1:22-cv-00618-EFP

MISSISSIPPI DEPARTMENT OF CHILD
PROTECTION SERVICES                                                             **DEFENDANT**

*consolidated with*

ASHLEY FALGOUT                                                                   **PLAINTIFF**

V.                                              CAUSE NO. 25C|1:22-cv-00619-DHG

MISSISSIPPI DEPARTMENT OF CHILD
PROTECTION SERVICES                                                             **DEFENDANT**

### ORDER GRANTING PLAINTIFF'S UNOPPOED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

This matter having come before the Court on *Plaintiffs' Unopposed Motion for Leave to File Amended Complaint,* [Doc. #30 in 22-cv-000619] filed in the underlying action and the Court having considered that Plaintiffs' Unopposed Motion will simplify and streamline this action and promote judicial economy, hereby finds that the Motion is well taken as well as unopposed,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that: 1) Plaintiffs will be granted leave of Court for five days to file the proposed Amended Complaint; and 2) Defendants reserve all defenses available to the Defendants' of the case.

1

*Plaintiff's Unopposed Motion for Leave to file Amended Complaint* in the

above-referenced matters, is hereby GRANTED.

SO ORDERED, this the $\underline{\text{O}}$ day of September 2024.

_____

HONORABLE FAYE PETERSON
HINDS COUNTY CIRCUIT COURT JUDGE

SUBMITTED BY:

Nick Norris, Esq. (MSB # 101574)
Watson & Norris, PLLC
4209 Lakeland Dr # 365
Flowood, MS 39232
Tel: (601) 968-0000
Fax: (601) 968-0010
E-mail: nick@watsonnorris.com
Attorney for Plaintiffs

2

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

**MELANIE YOUNG AND**
**ASHLEY FALGOUT**                                                    **PLAINTIFFS**

**v.**                                              **CAUSE NO.: 1:22-CV-00618-EFP**

**MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES        DEFENDANT**

### FIRST AMENDED COMPLAINT
### JURY TRIAL DEMANDED

      **COMES NOW** the Plaintiffs, Melanie Young and Ashley Falgout, by and through counsel, Watson & Norris, PLLC, and files this action to recover damages for the actions of Defendant Mississippi Department of Child Protection Services, which constitute the tort of outrage/intentional infliction of emotional distress (IIED), wrongful termination and violation of the False Claims act.  In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

### THE PARTIES

      1.    Plaintiff, Melanie Young, is an adult female who resides in Madison County, Mississippi.

      2.    Plaintiff, Ashley Falgout, is an adult female who resides in Madison County, Mississippi.

      3.    Defendant, Mississippi Department of Child Protection Services, may be served with process by serving Lynn Fitch, Attorney General for the State of Mississippi, 550 High Street, Jackson, Mississippi 39201.

### JURISDICTION AND VENUE

4.     This court has subject matter and personal jurisdiction over the Defendant and venue is proper in this Court.

5.     Pursuant to *Miss. Code Ann*. § 11-46-11, *et seq*., Plaintiff timely sent Defendant the required Notice of Claim on June 15, 2022, via Certified Mail, Return Receipt Requested which was received by Defendant on or about June 17, 2022.  Plaintiff has not received a notice of denial of claim and the 95-day tolling period has now expired. Thus, Plaintiff timely files these claims pursuant to *Miss. Code Ann*. § 11-46-11, *et seq*.

### STATEMENT OF FACTS

6.     Plaintiff Melanie Young was hired on October 1, 2020, as a Special Projects Officer IV (Education Liaison) at the Mississippi Department of Child Protection Services (MDCPS).

7.     Plaintiff Ashley Falgout was hired on July 1, 2009, as a Program Administrator of Independent Living at the Mississippi Department of Child Protection Services (MDCPS).

8.     Ms. Falgout was promoted a couple more times and then on October 1, 2020, she was promoted to the position of Bureau Director II.

9.     In this new role, Ms. Falgout's immediate supervisor was Deputy Director of Permanency Marcus Davenport.

10.     Ms. Falgout co-developed the Youth Transition Support Services (YTSS) program in 2017.

11.     In 2018, the YTSS program was moved under the Permanency Unit.

2

12.    In June 2020, Ms. Falgout was named the Interim Bureau Director over the YTSS program.

13.    In July 2020, Mr. Davenport called a YTSS unit meeting in July 2020 at which time he addressed Ms. Falgout and others and stated, "Your work is garbage, and y'all need to do better."

14.    In October 2020, Mr. Davenport initiated a personal relationship with Ms. Falgout that consisted of lunches, dinners, phone conversations, and Face Time conversations.

15.    In early 2021, Plaintiff Young, Special Projects Officer IV (Education Liaison) at the Mississippi Department of Child Protection Services (MDCPS), discovered that MDCPS officials were routinely signing the Individualized Educations Plans (IEPs) for children in foster care covered by the Individuals with Disabilities and Education Act (IDEA).

16.    According to the IDEA, only the legal parent or guardian of IDEA children are permitted to sign IEPs for purposes of special education decision making. The State of Mississippi through its agencies have entered into numerous federal grants with the United States Department of Human Services, which require Defendant to comply with the IDEA.

17.    This ongoing legal violation impacted many of the children/youth under the charge of MDCPS and their biological parents.

3

18.    On February 8, 2021, Plaintiffs met with Mr. Davenport to address the above-mentioned legal violation being perpetrated against MDCPS children/youth and their biological parents.

19.    On April 1, 2021, Plaintiff Young was promoted to the position of Division Director II.

20.    At that time, Plaintiff Young continued in her role as Education Liaison but also took on this new position.

21.    In this new role, Plaintiff Young's immediate supervisor was Bureau Director II, Plaintiff Falgout.

22.    On May 5, 2021, Claimant emailed Strategy and Policy Attorney Kimberly Gore. In that email, among many questions, Claimant inquired of Ms. Gore, "In terms of special education, can MDCPS legally serve as the [Individuals with Disabilities Education Act] (IDEA) parent?"

23.    When Ms. Gore responded, the response to that question was the following: "No."

24.    The definition of parent under 20 U.S.C. § 1401(23)(B) specifically excludes the State. 20 U.S.C. § 1415(b)(2)(A) also provides that the surrogate parent "shall not be an employee of the State educational agency, the local educational agency, or any other agency that is involved in the education or care of the child." MDCPS cannot act as the surrogate parent because it is an agency involved in the care of the child."

25.    On May 19, 2021, Plaintiff Falgout emailed Deputy Commissioner of Child Welfare Kimberly Wheaton (i.e., Mr. Davenport's direct report) to express her concerns.

4

26.    Given the response Plaintiffs received from the legal department (i.e., Ms. Gore and others), it was clear that MDCPS officials were not legally allowed to serve as IDEA parents.

27.    Plaintiffs were now reaching out to Ms. Wheaton so that MDCPS could appropriately revise its policy and practice.

28.    On June 3, 2021, Plaintiffs met with Mr. Davenport to discuss education concerns.

29.    At that meeting Plaintiffs provided Mr. Davenport with a document entitled Y TSS Education Plan.

30.    On that document, the second item stated: "IDEA Parent" We MUST have a special education decision maker for each child requiring special education and related services.   MDCPS/MDCPS employees CAN NOT serve in this role per federal law. Therefore, until this is addressed the validity of each child/youth's IEP is compromised, the services they are to receive may be interrupted, MDCPS employees' ability to effectively advocate on behalf child/youth is diminished, and the Agency is positioned to experience legal repercussions."

31.    Plaintiff Young presented this document to Mr. Davenport as part of a plan on how to move forward addressing the education-related issues.

32.    Plaintiff Young presented this and other items to Mr. Davenport in the hopes of moving forward with a revision of policy (i.e., to comply with federal law and federal block grants) and practical change.

5

33.    The following issues with not following the federal block grants was presented to Mr. Davenport:

- Not enrolling children/youth in school in accordance with federal and state compulsory school laws

- Not creating educational plans for children/ youth as required by ESSA and Fostering Connections Act

- Not creating Transitional Living Plans for youth age 17 and older per Title IV-E of the SSA

- Not providing housing support for youth age 18 and older per Title IV-E of the SSA

- Signing IEPs for youth in foster care and denying them the legal protections for students with disabilities under IDEA

- Not coordinating with MDE or the local school districts to ensure the educational stability mandated by ESSA and Fostering Connections

- Not allowing youth to remain in their school of origin as ordered by ESSA

- Not allowing biological parents/guardians to participate in the educational decisions for youth in foster care as stated in IDEA and ESSA

- Not collecting educational data required by ACF, CB and the SSA

- Reporting fraudulent data to the federal government surrounding Independent Living and education which affects federal funding

- Denying children and youth FAPE as guaranteed by IDEA

34.    In response, however, Mr. Davenport gave no clear resolution, feedback, or guidance on how to proceed with this issue.

35.    Rather than supporting Plaintiff Young in this endeavor, Mr. Davenport responded, "Education isn't a priority for me."  The State of Mississippi through its state agencies have continued to violate the federal grants it entered into by failing to provide a surrogate parent for IEP meetings so that children in its care can have independent representation pursuant to federal law.

36.    Plaintiffs attempted to explain to Mr. Davenport that they had addressed the matter via email with MDCPS's legal department (i.e., Ms. Gore, Anna Claire Steel) and then they had further addressed the matter with Ms. Wheaton.

37.    When they asked Mr. Davenport how these issues of federal law and agency policy/practice were to be resolved, Mr. Davenport directed them to "Continue doing like we have always done, because there haven't been any problems - per Kimberly Wheaton".

38.    Plaintiffs requested this directive be given to them in writing, but Mr. Davenport denied this request.

39.    Plaintiffs then stated to Mr. Davenport that she refused to knowingly participate, allow to continue, or instruct her direct reports or agency members to engage in illegal practices.

40.    Mr. Davenport then directed Plaintiff Young to cease all work she was doing to coordinate between MDCPS, the Mississippi Department of Education (MDE) and the American Bar Association – Legal Center for Foster Care and Education and Casey Family Programs (ABA).

41.    This directive barred Plaintiffs from effectively fulfilling her role and responsibilities on behalf of the children/youth of MDCPS.

42.    Following these events (in early June 2021), Plaintiff Falgout's personal relationship with Mr. Davenport began to change.

43.    Mr. Davenport discontinued all personal engagements with Plaintiff Falgout, and he limited his interaction to only formal professional engagement.

44.    Beginning around this time, Mr. Davenport told Plaintiff Falgout, on several occasions, either directly or by inference, that Commissioner Andrea Sanders wanted Plaintiff Falgout gone from MDCPS.

45.    Mr. Davenport portrayed himself to Plaintiff Falgout as attempting to protect her from those who wanted her removed.

46.    These statements conflicted with Ms. Sanders' direct interactions with Plaintiff Falgout, wherein she (Ms. Sanders) consistently expressed positive approval regarding Plaintiff. Falgout's job performance.

47.    Increasingly, Mr. Davenport began interfering in Plaintiff Falgout's work duties.

48.    Unbeknownst to Ms. Falgout, Mr. Davenport met with service providers and community partners, with whom Ms. Falgout had long standing professional relationships, and attempted to undermine her (Ms. Falgout's) position and professional credibility.

49.    Mr. Davenport began directly contacting Ms. Falgout's staff and division directors (i.e., bypassing her) and questioning them about routine work matters.

8

50.     Ms. Falgout's staff began contacting her, expressing confusion as to why Mr. Davenport was questioning them.

51.     Ms. Falgout addressed this confusion to Mr. Davenport, who merely responded, "It's my right."

52.     Mr. Davenport negotiated service contracts to be paid out of the Independent Living – John H. Chafee Foster Care Independence Program budget without Plaintiff's knowledge, consent, or input.

53.     Mr. Davenport increasingly micromanaged Ms. Falgout's work duties and schedule.     He prohibited Ms. Falgout from communicating with other departments and he often instructed personnel in other departments to communicate directly with him, i.e., not with Ms. Falgout.

54.     On several occasions, Ms. Falgout attempted to address the way Mr. Davenport was interfering with her ability to fulfill her role as a Bureau Director.

55.     Ms. Falgout asked that Mr. Davenport put her job description/requirements in writing.

56.     Mr. Davenport responded that he would provide Ms. Falgout with a performance review, but she never received it.

57.     Mr. Davenport's interference with Ms. Falgout's work significantly interfered with any productive work in the YTSS program.

58.     Mr. Davenport effectively blocked this program, resulting in children and youth being denied services.

9

59.    In July 2021, Ms. Falgout met with Ms. Wheaton to discuss her (Ms. Falgout's) concerns about how Mr. Davenport was interfering with her (Ms. Falgout's) ability to perform her job.

60.    Ms. Wheaton responded that she would address the matter with Mr. Davenport.

61.    Also, around the first week of July 2021, Plaintiff and Ms. Falgout were called to Mr. Davenport's office.

62.    At that time, Ms. Davenport informed Plaintiff and Ms. Falgout that YTSS Federal Reporting designee and Education Liaison Cynthia Moore-Hardy had raised some concerns to him that he felt needed to be addressed.

63.    It is noteworthy that Ms. Moore-Hardy was a direct report to Plaintiff and as recently as April 2021 Plaintiff had confronted Ms. Moore-Hardy regarding issues of insubordination and inadequate work performance.

64.    Between April and July 2021, Plaintiff had discussed Ms. Moore-Hardy's problematic work performance with Mr. Davenport.

65.    Mr. Davenport had directed Plaintiff to submit documentation to Human Resources and had, on one occasion, stated that she (Ms. Moore-Hardy) should be terminated.

66.    In the second week of July 2021, however, Mr. Davenport radically shifted his position.

67.    Mr. Davenport called a meeting with Plaintiff, Ms. Falgout, and Ms. Moore-Hardy, in which Ms. Moore-Hardy verbalized allegations against Plaintiff.

68.    When Plaintiff attempted to speak up to defend herself, Mr. Davenport berated her and alleged that as a Division Director she was not allowed to respond.

69.    Mr. Davenport then turned to Ms. Falgout and stated that she (Ms. Falgout) had failed by allowing Plaintiff to defend herself.

70.    Ms. Falgout responded to Mr. Davenport, stating that he was wrong and was handling the entire situation incorrectly.

71.    On July 30, 2021, Director of Human Resources Jason Hulitt conducted an interview with Plaintiff Young.

72.    Prior to the interview, Mr. Hulitt told Plaintiff Young he was going to conduct an employee engagement interview.

73.    When the interview occurred, however, the aggressively interrogating nature of the interview was surprising to Plaintiff Young.

74.    In this interview, Mr. Hulitt asked Plaintiff about her relationship with Ms. Falgout, her direct reports, and Mr. Davenport (i.e., did Plaintiff have a relationship with

75.    Ms. Falgout outside of work? how long has she known Ms. Falgout? What was her relationship like with Mr. Davenport? how did she get along with her direct reports? etc.).

76.    Mr. Hulitt asked Plaintiff Young how long she had been with the agency, how long she had been a Division Director, and what made her qualified to hold her position.

77.    Mr. Hulitt asked Plaintiff Young about the unit she oversaw, its role and responsibilities.

78.    Mr. Hulitt insinuated that Plaintiff's professional and educational background were inadequate to qualify her for the position she held.

79.    In August 2021, Mr. Hulitt met with Ms. Falgout, as well, for an employee engagement interview.

80.    During this interview, Mr. Hulitt asked Ms. Falgout general questions, work-related questions, questions about her unit, and other topics.

81.    Ms. Falgout explained to Mr. Hulitt about how Mr. Davenport had interfered with her ability to perform her job and how both she and the unit were affected.

82.    Both employee engagement interviews with Plaintiffs were recorded by Mr. Hulitt, using his state issued cell phone.

83.    Beginning in August 2021, Mr. Davenport discontinued all communication with Plaintiff.

84.    On September 14, 2021, both Plaintiffs were terminated, allegedly due to "falsification of time records."

85.    Both Plaintiffs were salaried employees of MDCPS.

86.    Their time sheets merely consisted of the dates and the hours they worked on those dates.

87.    Following this vague allegation by MDCPS, no explanation as to how the time sheets were allegedly 'falsified' was given.

88.    Both Plaintiffs filed appeals with the Mississippi State Personnel Board.

89.    Plaintiffs will lose, at a minimum, approximately $60,000 of income in pay plus benefits per year.

## CAUSES OF ACTION

### COUNT I:  TORT OF OUTRAGE-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

90.    Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 89 above as if fully incorporated herein.

91.    By its actions described above, the Defendant intentionally inflicted emotional distress upon Plaintiffs.

92.    The Defendant's actions have been such to evoke outrage and revulsion.

93.    The Defendant's actions are malicious, willful, wanton, grossly careless, indifferent and reckless.

94.    The effect of the Defendant's actions on Plaintiffs were reasonably foreseeable.

95.    Plaintiffs have suffered injury as a result of the Defendant's actions.

96.    As such, Plaintiffs are seeking an award of compensatory damages in an amount to be determined by the jury to fully compensate her for the Defendant's actions.

97.    In addition, the Defendant's actions were done maliciously with the intent to cause Plaintiffs' injury.

### COUNT II: WRONGFUL TERMINATION

98.    Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 97 above as if fully incorporated herein.

13

99.    The acts of the Defendant described above constitute a willful and intentional violation of federal law, state law and/or Mississippi public policy which constitutes the tort of wrongful termination and entitles Plaintiffs to damages.

## COUNT III: VIOLATION OF FALSE CLAIMS ACT.

100.    Plaintiffs re-alleges and incorporates all averments set forth in paragraphs 1 through 99 above as if fully incorporated herein.

101.    Defendant has violated the False Claims Act by terminating Plaintiffs in retaliation for reporting its violation of federal law, which violated the federal grants the State of Mississippi has entered into through its agencies with the federal government.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1.    Back wages and reinstatement; or
2.    Future wages in lieu of reinstatement;
3.    Double back wages;
4.    Compensatory damages;
5.    Attorney's fees;
6.    Lost benefits;
7.    Pre-judgment and post-judgment interest;
8.    Costs and expenses; and
9.    Such further relief as is deemed just and proper.

THIS the 11th day of September 2024.

> Respectfully submitted,
>
> MELANIE YOUNG, Plaintiff
>
> By: /s Nick Norris
> Louis H. Watson, Jr.  (MB# 9053)
> Nick Norris (MB# 101574)
> Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, MS 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
Web: www.watsonnorris.com

### CERTIFICATE OF SERVICE

'

I, Nick Norris, attorney for Plaintiff do hereby certify that I have this day filed the

foregoing with the Clerk of the Court using the ECF system which sent notification of such filing

or mailed, via United States Mail, postage prepaid, on all counsel of record.

THIS, the 11th day of September, 2024.

> /s  Nick Norris
>
> NICK NORRIS

15

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

MELANIE YOUNG                                                    PLAINTIFF

V.                                       CAUSE NO. 25C | 1:22-cv-00618-EFP

MISSISSIPPI DEPARTMENT OF CHILD
PROTECTION SERVICES                                             DEFENDANT

*consolidated with*

ASHLEY FALGOUT                                                   PLAINTIFF

V.                                       CAUSE NO. 25C | 1:22-cv-00619-DHG

MISSISSIPPI DEPARTMENT OF CHILD
PROTECTION SERVICES                                             DEFENDANT

### ORDER GRANTING PLAINTIFF'S UNOPPOED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

This matter having come before the Court on *Plaintiffs' Unopposed Motion for Leave to File Amended Complaint*, [Doc. #30 in 22-cv-000619] filed in the underlying action and the Court having considered that Plaintiffs' Unopposed Motion will simplify and streamline this action and promote judicial economy, hereby finds that the Motion is well taken as well as unopposed,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that: 1) Plaintiffs will be granted leave of Court for five days to file the proposed Amended Complaint; and 2) Defendants reserve all defenses available to the Defendants' of the case.

1

*Plaintiff's Unopposed Motion for Leave to file Amended Complaint* in the

above-referenced matters, is hereby GRANTED.

SO ORDERED, this the ⟨4⟩ day of ⟨October⟩ 2024.

_____
HONORABLE DEBRA GIBBS
HINDS COUNTY CIRCUIT COURT JUDGE

SUBMITTED BY:

Nick Norris, Esq. (MSB # 101574)
Watson & Norris, PLLC
4209 Lakeland Dr # 365
Flowood, MS 39232
Tel: (601) 968-0000
Fax: (601) 968-0010
E-mail: nick@watsonnorris.com
Attorney for Plaintiffs

2

IN THE **Circuit** COURT OF THE ___1st___ JUDICIAL DISTRICT
OF HINDS, COUNTY, MISSISSIPPI

**Ashley Falgout** _____

VS.

**MS Dept. Child Protection Services** _____

PLAINTIFF

NO. **22-619**

DEFENDANT

I, ZACK WALLACE, CIRCUIT CLERK, OF THE CIRCUIT COURT

IN AND FOR THE SAID STATE AND COUNTY DO HEREBY CERTIFY THAT

THE ATTACHED ARE TRUE AND CORRECT COPIES OF ALL THE PAPERS

FILED IN THIS OFFICE IN THE ABOVE STYLED AND NUMBERED CAUSE,

AS OF THIS DATE THE SAME IS OF RECORD IN THIS OFFICE ~~IN DOCKET~~

~~BOOK NO.~~ _____ ~~PAGE NO.~~ _____ TO WIT: **MEC- 22- 619**

GIVEN UNDER MY HAND AND SEAL OF OFFICE THIS THE **8**

DAY OF **October, 2024**

ZACK WALLACE, CIRCUIT CLERK
HINDS COUNTY, MISSISSIPPI

BY **Karla Bailey** _____ D.C.



CCKCTF-1

CLOSED

# Mississippi Electronic Courts
## Seventh Circuit Court District (Hinds Circuit Court - Jackson)
## CIVIL DOCKET FOR CASE #: 25CI1:22-cv-00619-DHG

FALGOUT v. MISSISSIPPI DEPARTMENT OF
CHILD PROTECTION SERVICES
Assigned to: Debra H. Gibbs
Lead case: 25CI1:22-cv-00618-EFP
Member case: (View Member Case)

Date Filed: 09/22/2022
Date Terminated: 03/27/2023
Total Case Age: 186
Jury Demand: Plaintiff
Nature of Suit: Other Torts (175)

**Upcoming Settings:**

None Found

---

**Plaintiff**

**ASHLEY FALGOUT**                represented by **Robert Nicholas Norris**
                                                Watson & Norris
                                                4209 Lakeland Drive #365
                                                FLOWOOD, MS 39232
                                                601-968-0000
                                                Fax: 601-968-0010
                                                Email: nick@watsonnorris.com
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

                                                **Louis Hanner Watson, Jr.**
                                                Watson & Norris, PLLC
                                                4209 LAKELAND DR # 365
                                                FLOWOOD, MS 39232
                                                601-253-1177
                                                Fax: 601-968-0010
                                                Email: louis@watsonnorris.com
                                                *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES**

represented by **Bethany Brantley Johnson**
Office of the Attorney General
PO Box 220
JACKSON, MS 39205
601-359-4245
Email:
bethany.johnson@ago.ms.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Morgan A Middleton**
Mississippi Emergency
Management
General Counsel
Post Office Box 5644
#1 MEMA Drive
PEARL, MS 39288
601-933-6384
Email: mmiddleton@mema.ms.gov
*ATTORNEY TO BE NOTICED*

**Clarence Lee Lott, III**
1946 Douglass Dr
JACKSON, MS 39211
601-573-8660
Email: lee.lott@tn.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/22/2022 | 2 | COMPLAINT against MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES, filed by ASHLEY FALGOUT. (Attachments: # 1 Civil Cover Sheet,) (MG) (Entered: 09/22/2022) |
| 09/22/2022 | 3 | SUMMONS Issued to MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES-LYNN FITCH, ATTORNEY GENERAL FOR THE STATE OF MISSISSIPPI. (MG) (Entered: 09/22/2022) |
| 01/13/2023 | 4 | SUMMONS Returned Executed by ASHLEY FALGOUT. MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES served on 1/11/2023, answer due 2/10/2023. Service type: Personal (Watson, Louis) (Entered: 01/13/2023) |

| 02/03/2023 | 5 | MOTION for Extension of Time to File Answer *Unopposed Motion for Extension of Time to File Answer and Defenses* by Defendant MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES (Johnson, Bethany) (Entered: 02/03/2023) |
| 02/06/2023 | 6 | NOTICE of Appearance by Morgan A Middleton on behalf of MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES (Middleton, Morgan) (Entered: 02/06/2023) |
| 02/10/2023 | 7 | ORDER granting 5 Motion for Extension of Time to Answer. Signed by Debra H. Gibbs on 2/9/2023. (RH) (Entered: 02/10/2023) |
| 02/27/2023 | 8 | NOTICE: (Price, Regina) (Entered: 02/27/2023) |
| 03/02/2023 | 9 | ANSWER to 2 Complaint by MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES. (Middleton, Morgan) (Entered: 03/02/2023) |
| 03/16/2023 | 10 | NOTICE by MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES (Attachments: # 1 Exhibit A - Joint Motion to Consolidate in Young v. MDCPS,) (Johnson, Bethany) (Entered: 03/16/2023) |
| 03/27/2023 | 11 | AGREED ORDER CONSOLIDATING CASES, Cases associated: Create association to 25CI1:22-cv-00618-EFP.. Signed by Judge Eleanor Faye Peterson on 3/27/2023. (SH) (Entered: 03/27/2023) |
| 04/05/2023 | 12 | ORDER granting (11) Motion to Consolidate Cases. Signed by Judge Eleanor Faye Peterson on 04/5/2023. (KC) (Entered: 04/05/2023) |
| 04/20/2023 | 13 | NOTICE OF SERVICE of Request for Production of Documents Propounded to Defendant's by MELAINE YOUNG. (Norris, Robert) (Entered: 04/20/2023) |
| 05/30/2023 | 14 | MOTION to Withdraw as Attorney by Defendant MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES (Middleton, Morgan) (Entered: 05/30/2023) |
| 06/08/2023 | 15 | NOTICE of Appearance by Clarence Lee Lott, III on behalf of MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES (Lott, Clarence) (Entered: 06/08/2023) |
| 07/28/2023 | 16 | NOTICE OF SERVICE of Interrogatories Propounded to Defendants' by MELAINE YOUNG. (Norris, Robert) (Entered: 07/28/2023) |
| 07/28/2023 | 17 | NOTICE OF SERVICE of Request for Production of Documents Propounded to Defendants' by MELAINE YOUNG. (Norris, Robert) (Entered: 07/28/2023) |

| 08/11/2023 | 18 | MOTION for Extension of Time to Complete Discovery *to Respond to Interrogatories and Requests for Production* by Defendant MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES (Johnson, Bethany) (Entered: 08/11/2023) |
|---|---|---|
| 08/16/2023 | 19 | ORDER GRANTING DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO INTERROGATORIES AND REQUESTS FOR PRODUCTION granting (18) Motion for Extension of Time to Complete Discovery; granting 18 Motion for Extension of Time to Complete Discovery.Signed by Judge Eleanor Faye Peterson on 8/15/23. (KB) (Entered: 08/16/2023) |
| 09/07/2023 | 20 | NOTICE OF SERVICE of Interrogatories Propounded to Ashley Falgout & Melanie Young, NOTICE OF SERVICE of Request for Production of Documents Propounded to Ashley Falgout & Melanie Young by MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES. (Johnson,Bethany) (Entered: 09/07/2023) |
| 09/12/2023 | 21 | NOTICE OF SERVICE of Responses to Interrogatories, NOTICE OF SERVICE of Responses to Request for Production by MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES. (Johnson, Bethany) (Entered: 09/12/2023) |
| 11/01/2023 | 22 | NOTICE OF SERVICE of Responses to Interrogatories by MELAINE YOUNG. (Norris, Robert) (Entered: 11/01/2023) |
| 11/01/2023 | 23 | NOTICE OF SERVICE of Responses to Request for Production by MELAINE YOUNG. (Norris, Robert) (Entered: 11/01/2023) |
| 11/01/2023 | 24 | NOTICE OF SERVICE of Responses to Interrogatories by ASHLEY FALGOUT. (Norris, Robert) (Entered: 11/01/2023) |
| 11/01/2023 | 25 | NOTICE OF SERVICE of Responses to Request for Production by ASHLEY FALGOUT. (Norris, Robert) (Entered: 11/01/2023) |
| 04/22/2024 | 26 | AGREED AMENDED SCHEDULING ORDER. Signed by Judge Eleanor Faye Peterson on 04/22/2024. (KK) (Entered: 04/22/2024) |
| 07/22/2024 | 27 | NOTICE of Appearance by Lindsay Thomas Dowdle on behalf of MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES (Dowdle, Lindsay) (Entered: 07/22/2024) |
| 07/23/2024 | 28 | MOTION to Withdraw as Attorney by Defendant MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES (Lott, Clarence) (Entered: 07/23/2024) |
| 07/30/2024 | 29 | ORDER granting (28) Motion to Withdraw as Attorney. Attorney Clarence Lee Lott, III terminated. Signed by Judge Eleanor Faye |

| | | Peterson on 7/29/2024. (RH) (Entered: 07/30/2024) |
|---|---|---|
| 09/09/2024 | 30 | MOTION to Amend/Correct (2 in 25CI1:22-cv-00618-EFP) Complaint by Plaintiffs ASHLEY FALGOUT, MELAINE YOUNG (Attachments: # 1 Exhibit A - Amended Complaint,) (Norris, Robert) (Entered: 09/09/2024) |
| 09/10/2024 | 31 | ORDER granting (30) Motion to Amend/Correct. Signed by Judge Eleanor Faye Peterson on 09/10/2024. (KC) (Entered: 09/10/2024) |
| 09/11/2024 | 32 | AMENDED COMPLAINT against MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES, MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES, filed by ASHLEY FALGOUT, MELAINE YOUNG. (Norris, Robert) (Entered: 09/11/2024) |
| 10/02/2024 | 33 | ORDER granting 30 Motion to Amend/Correct. Signed by Debra H. Gibbs on 10/01/2024. (DKW) (Entered: 10/02/2024) |

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

**ASHLEY FALGOUT**                                                   **PLAINTIFF**

**v.**                                       CAUSE NO.: 22-619

**MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES**        **DEFENDANT**

## COMPLAINT
## JURY TRIAL DEMANDED

**COMES NOW** the Plaintiff, Ashley Falgout, by and through counsel, Watson & Norris, PLLC, and files this action to recover damages for the actions of Defendant Mississippi Department of Child Protection Services, which constitute the tort of outrage/intentional infliction of emotional distress (IIED) and the tort of wrongful termination.   In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

## THE PARTIES

1.       Plaintiff, Ashley Falgout, is an adult female who resides in Rankin County, Mississippi.

2.       Defendant, Mississippi Department of Child Protection Services, may be served with process by serving Lynn Fitch, Attorney General for the State of Mississippi, 550 High Street, Jackson, Mississippi 39201.

## JURISDICTION AND VENUE

3.       This Court has subject matter and personal jurisdiction over the Defendant and venue is proper in this Court.

4.       Pursuant to *Miss. Code Ann*. § 11-46-11, *et seq*., Plaintiff timely sent Defendant the required Notice of Claim on June 15, 2022 via Certified Mail, Return

Receipt Requested which was received by Defendant on or about June 17, 2022. Plaintiff has not received a notice of denial of claim and the 95-day tolling period has now expired. Thus, Plaintiff timely files these claims pursuant to *Miss. Code Ann.* § 11-46-11, *et seq.*

## STATEMENT OF FACTS

5.    Plaintiff is an adult female resident of Rankin County, Mississippi.

6.    Plaintiff was hired on July 1, 2009, as a Program Administrator of Independent Living at the Mississippi Department of Child Protection Services (MDCPS).

7.    Plaintiff was promoted a couple more times and then on October 1, 2020, Plaintiff was promoted to the position of Bureau Director II.

8.    In this new role, Plaintiff's immediate supervisor was Deputy Director of Permanency Marcus Davenport.

9.    Plaintiff co-developed the Youth Transition Support Services (YTSS) program in 2017.

10.    In 2018, the YTSS program was moved under the Permanency Unit.

11.    In June 2020, Plaintiff was named the Interim Bureau Director over the YTSS program.

12.    In July 2020, Mr. Davenport called a YTSS unit meeting in July 2020 at which time he addressed Plaintiff and others and stated, "Your work is garbage, and y'all need to do better."

2

13.    In October 2020, Mr. Davenport initiated a personal relationship with Plaintiff that consisted of lunches, dinners, phone conversations, and Face Time conversations.

14.    In early 2021, Melanie Young, Special Projects Officer IV (Education Liaison) at the Mississippi Department of Child Protection Services (MDCPS), discovered that MDCPS officials were routinely signing the Individualized Educations Plans (IEPs) for children in foster care covered by the Individuals with Disabilities and Education Act (IDEA).

15.    According to the IDEA, only the legal parent or guardian of IDEA children are permitted to sign IEPs for purposes of special education decision making.

16.    This ongoing legal violation impacted many of the children/youth under the charge of MDCPS and their biological parents.

17.    On February 8, 2021, Plaintiff and Ms. Young met with Mr. Davenport to address the above-mentioned legal violation being perpetrated against MDCPS children/youth and their biological parents.

18.    On April 1, 2021, Ms. Young was promoted to the position of Division Director II.

19.    At that time, Ms. Young continued in her role as Education Liaison but also took on this new position.

20.    In this new role, Ms. Young's immediate supervisor was Bureau Director II, Plaintiff.

21.    On May 5, 2021, Ms. Young emailed Strategy and Policy Attorney Kimberly Gore.

3

22.     In that email, among many questions, Ms. Young inquired of Ms. Gore, "In terms of special education, can MDCPS legally serve as the [Individuals with Disabilities Education Act] (IDEA) parent?"

23.     When Ms. Gore responded, the response to that question was the following: "No."

24.     The definition of parent under 20 U.S.C. § 1401(23)(B) specifically excludes the State. 20 U.S.C. § 1415(b)(2)(A) also provides that the surrogate parent "shall not be an employee of the State educational agency, the local educational agency, or any other agency that is involved in the education or care of the child."

25.     MDCPS cannot act as the surrogate parent because it is an agency involved in the care of the child."

26.     On May 19, 2021, Plaintiff emailed Deputy Commissioner of Child Welfare Kimberly Wheaton (i.e., Mr. Davenport's direct report) to express her concerns.

27.     Given the response Plaintiff and Ms. Young received from the legal department (i.e., Ms. Gore and others), it was clear that MDCPS officials were not legally allowed to serve as IDEA parents.

28.     Plaintiff and Ms. Young were now reaching out to Ms. Wheaton so that MDCPS could appropriately revise its policy and practice.

29.     On June 3, 2021, Plaintiff and Ms. Young met with Mr. Davenport to discuss education concerns.

30.     At that meeting Ms. Young provided Mr. Davenport with a document entitled YTSS Education Plan.

4

31.    On that document, the second item stated: "IDEA Parent" We MUST have a special education decision maker for each child requiring special education and related services.

32.    MDCPS/MDCPS employees CAN NOT serve in this role per federal law.

33.    Therefore, until this is addressed the validity of each child/youth's IEP is compromised, the services they are to receive may be interrupted, MDCPS employees' ability to effectively advocate on behalf child/youth is diminished, and the Agency is positioned to experience legal repercussions."

34.    Ms. Young presented this document to Mr. Davenport as part of a plan on how to move forward addressing the education-related issues.

35.    Ms. Young presented this and other items to Mr. Davenport in the hopes of moving forward with a revision of policy (i.e., to comply with federal law and federal block grants) and practical change.

36.    The following issues with not following the federal block grants was presented to Mr. Davenport:

- Not enrolling children/youth in school in accordance with federal and state compulsory school laws
- Not creating educational plans for children/ youth as required by ESSA and
- Fostering Connections Act
- Not creating Transitional Living Plans for youth age 17 and older per Title IV-E of the SSA
- Not providing housing support for youth age 18 and older per Title IV-E of the SSA

- Signing IEPs for youth in foster care and denying them the legal protections for students with disabilities under IDEA

- Not coordinating with MDE or the local school districts to ensure the educational stability mandated by ESSA and Fostering Connections

- Not allowing youth to remain in their school of origin as ordered by ESSA

- Not allowing biological parents/guardians to participate in the educational decisions for youth in foster care as stated in IDEA and ESSA

- Not collecting educational data required by ACF, CB and the SSA

- Reporting fraudulent data to the federal government surrounding Independent Living and education which affects federal funding

- Denying children and youth FAPE as guaranteed by IDEA

37.    In response, however, Mr. Davenport gave no clear resolution, feedback, or guidance on how to proceed with this issue.

38.    Rather than supporting Ms. Young in this endeavor, Mr. Davenport responded, "Education isn't a priority for me."

39.    Plaintiff and Ms. Young attempted to explain to Mr. Davenport that they had addressed the matter via email with MDCPS's legal department (i.e., Ms. Gore, Anna Claire Steel) and then they had further addressed the matter with Ms. Wheaton.

40.    When they asked Mr. Davenport how these issues of federal law and agency policy/practice were to be resolved, Mr. Davenport directed them to "Continue doing like we have always done, because there haven't been any problems - per Kimberly Wheaton".

6

41.    Plaintiff and Ms. Young requested this directive be given to them in writing, but Mr. Davenport denied this request.

42.    Ms. Young then stated to Mr. Davenport that she refused to knowingly participate, allow to continue, or instruct her direct reports or agency members to engage in illegal practices.

43.    Mr. Davenport then directed Ms. Young to cease all work she was doing to coordinate between MDCPS, the Mississippi Department of Education (MDE) and the American Bar Association – Legal Center for Foster Care and Education and Casey Family Programs (ABA).

44.    This directive barred Ms. Young from effectively fulfilling her role and responsibilities on behalf of the children/youth of MDCPS.

45.    Following these events (in early June 2021), Plaintiff's personal relationship with Mr. Davenport began to change.

46.    Mr. Davenport discontinued all personal engagement with her, and he limited his interaction to only formal professional engagement.

47.    Beginning around this time, Mr. Davenport told Plaintiff, on several occasions, either directly or by inference, that Commissioner Andrea Sanders wanted Plaintiff gone from MDCPS.

48.    Mr. Davenport portrayed himself to Plaintiff as attempting to protect her from those who wanted her removed.

49.    These statements conflicted with Ms. Sanders' direct interactions with Plaintiff, wherein she (Ms. Sanders) consistently expressed positive approval regarding Plaintiff's job performance.

7

50.    Increasingly, Mr. Davenport began interfering in Plaintiff's work duties.

51.    Unbeknownst to Plaintiff, Mr. Davenport met with service providers and community partners, with whom Plaintiff had long standing professional relationships, and attempted to undermine her (Plaintiff's) position and professional credibility.

52.    Mr. Davenport began directly contacting Plaintiff's staff and division directors (i.e., bypassing her) and questioning them about routine work matters.

53.    Plaintiff's staff began contacting her, expressing confusion as to why Mr. Davenport was questioning them.

54.    Plaintiff addressed this confusion to Mr. Davenport, who merely responded, "It's my right."

55.    Mr. Davenport negotiated service contracts to be paid out of the Independent Living – John H. Chafee Foster Care Independence Program budget without Plaintiff's knowledge, consent, or input.

56.    Mr. Davenport increasingly micromanaged Plaintiff's work duties and schedule.

57.    Mr. Davenport prohibited her from communicating with other departments and he often instructed personnel in other departments to communicate directly with him, i.e., not with Plaintiff.

58.    On several occasions, Plaintiff attempted to address the way Mr. Davenport was interfering with her ability to fulfill her role as a Bureau Director.

59.    Plaintiff asked that Mr. Davenport put her job description/requirements in writing.

8

60.    Mr. Davenport responded that he would provide Plaintiff with a performance review, but she never received it.

61.    Mr. Davenport's interference with Plaintiff's work significantly interfered with any productive work in the YTSS program.

62.    Mr. Davenport effectively blocked this program, resulting in children and youth being denied services.

63.    In July 2021, Plaintiff met with Ms. Wheaton to discuss her (Plaintiff's) concerns about how Mr. Davenport was interfering with her (Plaintiff's) ability to perform her job.

64.    Ms. Wheaton responded that she would address the matter with Mr. Davenport.

65.    Also, around the first week of July 2021, Plaintiff and Ms. Young were called to Mr. Davenport's office.

66.    At that time, Ms. Davenport informed Plaintiff and Ms. Young that YTSS Federal Reporting designee and Education Liaison Cynthia Moore-Hardy had raised some concerns to him that he felt needed to be addressed.

67.    It is noteworthy that Ms. Moore-Hardy was a direct report to Ms. Young and as recently as April 2021 Ms. Young had confronted Ms. Moore-Hardy regarding issues of insubordination and inadequate work performance.

68.    Between April and July 2021, Ms. Young had discussed Ms. Moore-Hardy's problematic work performance with Mr. Davenport.

69.    Mr. Davenport had directed Ms. Young to submit documentation to Human Resources and had, on one occasion, stated that she (Ms. Moore-Hardy) should be terminated.

70.    In the second week of July 2021, however, Mr. Davenport radically shifted his position.

71.    Mr. Davenport called a meeting with Plaintiff, Ms. Young, and Ms. Moore-Hardy, in which Ms. Moore-Hardy verbalized allegations against Ms. Young.

72.    When Ms. Young attempted to speak up to defend herself, Mr. Davenport berated Ms. Young and alleged that as a Division Director she was not allowed to respond.

73.    Mr. Davenport then turned to Plaintiff and stated that she (Plaintiff) had failed by allowing Ms. Young to defend herself.

74.    Plaintiff responded to Mr. Davenport, stating that he was wrong and was handling the entire situation incorrectly.

75.    On July 30, 2021, Director of Human Resources Jason Hulitt conducted an interview with Ms. Young.

76.    Prior to the interview, Mr. Hulitt told Ms. Young he was going to conduct an employee engagement interview.

77.    When the interview occurred, however, the aggressively interrogating nature of the interview was surprising to Ms. Young.

78.    In this interview, Mr. Hulitt asked Ms. Young about her relationship with Plaintiff, her direct reports, and Mr. Davenport (i.e., did Ms. Young have a relationship with Plaintiff outside of work? how long has she known Plaintiff? what was her

relationship like with Mr. Davenport? how did she get along with her direct reports? etc.).

79.    Mr. Hulitt asked Ms. Young how long she had been with the agency, how long she had been a Division Director, and what made her qualified to hold her position.

80.    Mr. Hulitt asked Ms. Young about the unit she oversaw, its role and responsibilities.

81.    Mr. Hulitt insinuated that Ms. Young's professional and educational background were inadequate to qualify her for the position she held.

82.    In August 2021, Mr. Hulitt met with Plaintiff, as well, for an employee engagement interview.

83.    During this interview, Mr. Hulitt asked Plaintiff general questions, work-related questions, questions about her unit, and other topics.

84.    Plaintiff explained to Mr. Hulitt about how Mr. Davenport had interfered with her ability to perform her job and how both she and the unit were affected.

85.    Both employee engagement interviews (i.e., the one with Ms. Young and with Plaintiff) were recorded by Mr. Hulitt, using his state issued cell phone.

86.    Beginning in August 2021, Mr. Davenport discontinued all communication with Ms. Young.

87.    On September 14, 2021, both Plaintiff and Ms. Young were terminated, allegedly due to "falsification of time records."

88.    Both Plaintiff and Ms. Young were salaried employees of MDCPS.

89.    Their time sheets merely consisted of the dates and the hours they worked on those dates.

90.    Following this vague allegation by MDCPS, no explanation as to how the time sheets were allegedly 'falsified' was given.

91.    Both Plaintiff and Ms. Young filed appeals with the Mississippi State Personnel Board.

92.    Plaintiff will lose, at a minimum, approximately $60,000 of income in pay plus benefits per year.

### CAUSES OF ACTION

### COUNT I:  TORT OF OUTRAGE-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

93.    Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 92 above as if fully incorporated herein.

94.    By its actions described above, the Defendant intentionally inflicted emotional distress upon Plaintiff.

95.    The Defendant's actions have been such to evoke outrage and revulsion.

96.    The Defendant's actions are malicious, willful, wanton, grossly careless, indifferent and reckless.

97.    The effect of the Defendant's actions on Plaintiff were reasonably foreseeable.

98.    Plaintiff has suffered injury as a result of the Defendant's actions.

99.    As such, Plaintiff is seeking an award of compensatory damages in an amount to be determined by the jury to fully compensate her for the Defendant's actions.

100.    In addition, the Defendant's actions were done maliciously with the intent to cause Plaintiff injury.

## COUNT II: WRONGFUL TERMINATION

101.    Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 100 above as if fully incorporated herein.

102.    The acts of the Defendant as described above constitute a willful and intentional violation of federal law, state law and/or Mississippi public policy which constitutes the tort of wrongful termination and entitles Plaintiff to damages.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1.    Reinstatement or front pay in lieu of reinstatement;
2.    Back pay;
3.    Tax gross-up with all make-whole relief;
4.    Compensatory damages;
5.    Lost benefits;
6.    Pre-judgment and post-judgment interest;
7.    Attorney's fees;
8.    Costs and expenses; and
9.    Any other relief to which she may be properly entitled.

THIS the 22nd day of September 2022.

Respectfully submitted,

ASHLEY FALGOUT, Plaintiff

By: /s/Louis H. Watson, Jr.
Louis H. Watson, Jr. (MB# 9053)
Nick Norris (MB# 101574)
Attorneys for Plaintiff

13

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, MS 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
Web:  www.watsonnorris.com

Case: 25CI1:22-cv-00619-DHG    Document #: 2-1    Filed: 09/22/2022    Page 1 of 1

| COVER SHEET | Court Identification | Case Year | Docket Number |
|---|---|---|---|

**COVER SHEET**
**Civil Case Filing Form**
*(To be completed by Attorney/Party*
*Prior to Filing of Pleading)*

Court Identification
Docket Number

2 5 C I 1 4 0

County #  Judicial  Court ID
District  (CH, CI, CO)

0 9 2 2 2 2

Month  Date  Year

This area to be completed by clerk

Case Year
2 0 2 2

Docket Number
6 1 9

Local Docket ID

Case Number if filed prior to 1/1/94

Mississippi Supreme Court
Administrative Office of Courts

Form AOC/01
(Revised 1/1/2001)

IN THE **CIRCUIT** COURT OF **HINDS** COUNTY

Short Style of Case: Ashley Falgout v. Mississippi Department of Child Protection Services

Party Filing Initial Pleading: Type/Print Name  Louis H. Watson, Jr.                      MS Bar No.  9053

____ Check (✓) if Not an Attorney  ____ Check (✓) if *Pro Hac Vice*  Signature _Louis H. Watson Jr._

Compensatory Damages Sought:  $  Yes - to be determined    Punitive Damages Sought:  $  Yes - to be determined

**Is Child Support** contemplated as an issue in this suit? ____Yes  ✓ No  If "yes" is checked, please submit a completed Child Support
Information Sheet with Final Decree/Judgment

PLAINTIFF - PARTY(IES) INITIALLY BRINGING SUIT SHOULD BE ENTERED FIRST (FIRST NAME IN SHORT STYLE) - ENTER ADDITIONAL PLAINTIFFS ON SEPARATE FORM

Individual _Falgout_ _____ _Ashley_ _____  ( _____ )  _K._ _____

Last Name  First Name  Maiden Name, if Applicable  Middle Init.  Jr/Sr/III/IV

Address of Plaintiff  Rankin County, MS

____ Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

____ Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:

D/B/A / Agency _____

Business _____

Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

____ Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:

D/B/A: _____

DEFENDANT - NAME OF DEFENDANT (FIRST NAME IN SHORT STYLE) - ENTER ADDITIONAL DEFENDANTS ON SEPARATE FORM

Individual _____ _____ _____  ( _____ )  _____

Last Name  First Name  Maiden Name, if Applicable  Middle Init.  Jr/Sr/III/IV

____ Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

____ Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:

D/B/A / Agency _____

Business  Mississippi Department of Child Protection Services

Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

____ Check (✓) if Business Defendant is being sued in the name of an entity other than the above, and enter below:

D/B/A: _____

ATTORNEY FOR THIS DEFENDANT: ____ Bar No.  or  Name: _____  *Pro Hac Vice* (✓) ____

(if known)

*In left column, check one (1) box that best describes*
*the nature of this suit. In right hand column check all*
*boxes which indicate secondary claims.*

**Business/Commercial**

- Accounting (Business)
- Bankruptcy
- Business Dissolution - Corporation
- Business Dissolution - Partnership
- Debt Collection
- Employment
- Examination of Debtor
- Execution
- Foreign Judgment
- Garnishment
- Pension
- Receivership
- Replevin
- Stockholder Suit
- Other _____

**Domestic Relations**

- Child Custody/Visitation
- Child Support
- Contempt
- Divorce: Fault
- Divorce: Irreconcilable Differences
- Domestic Abuse
- Emancipation
- Modification
- Paternity
- Property Division
- Separate Maintenance
- Termination of Parental Rights
- UIFSA (formerly URESA)
- Other _____

**Contract**

- Breach of Contract
- Installment Contract
- Insurance
- Product Liability under Contract
- Specific Performance
- Other _____

**Probate**

- Accounting (Probate)
- Birth Certificate Correction
- Commitment
- Conservatorship
- Guardianship
- Heirship
- Intestate Estate
- Minor's Settlement
- Muniment of Title
- Name Change
- Power of Attorney
- Testate Estate
- Will Contest
- Other _____

**Statutes/Rules**

- Bond Validation
- Civil Forfeiture
- Declaratory Judgment
- ERISA
- Eminent Domain
- Extraordinary Writ
- Federal Statutes
- Injunction or Restraining Order
- Municipal Annexation
- Racketeering (RICO)
- Railroad
- Seaman
- Other _____

**Appeals**

- Administrative Agency
- County Court
- Hardship Petition (Driver License)
- Justice Court
- MS Employmt Security Comm'n
- Municipal Court
- Oil & Gas Board
- Workers' Compensation
- Other _____

**Children and Minors - Non-Domestic**

- Adoption - Noncontested
- Consent to Abortion for Minor
- Removal of Minority
- Other _____

**Torts-Personal Injury**

- Bad Faith
- Fraud
- Loss of Consortium
- Malpractice - Legal
- Malpractice - Medical
- Negligence - General
- Negligence - Motor Vehicle
- Products Liability
- Wrongful Death
- ✓ Other  IIED/Wrongful Termination

**Mass Tort**

- Asbestos
- Chemical Spill
- Dioxin
- Hand/Arm Vibration
- Hearing Loss
- Radioactive Materials
- Other _____

**Real Property**

- Adverse Possession
- Ejectment
- Eminent Domain
- Judicial Foreclosure
- Lien Assertion
- Partition
- Receiver Appointment
- Tax Sale: Confirmation/Cancellation
- Title, Boundary &/or Easement
- Other _____

**Civil Rights**

- Elections
- Habeas Corpus
- Post Conviction Relief
- Prisoner
- Other _____

Case: 25CI1:22-cv-00619-DHG    Document #: 3    Filed: 09/22/2022    Page 1 of 1

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

**ASHLEY FALGOUT**                                                    **PLAINTIFF**

**v.**                                          CASE NO.: 22~619

**MISSISSIPPI DEPARTMENT OF**
**CHILD PROTECTION SERVICES**                                        **DEFENDANT**

## SUMMONS

**TO:    MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES**
Lynn Fitch, Attorney General for the State of Mississippi
550 High Street
Jackson, Mississippi 39201

## NOTICE TO DEFENDANT

**The Complaint which is attached to this summons is important and you must take immediate action to protect your rights.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to Watson & Norris, PLLC, 4209 Lakeland Drive #365, Flowood, Mississippi 39232, the attorney for the Plaintiff.  Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

ISSUED under my hand and the seal of said Court, this the _____ day of _____ 2022.

Honorable Zack Wallace
Circuit Clerk of Hinds County, MS

By: _____
            Deputy Clerk

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**ASHLEY FALGOUT**                                                      **PLAINTIFF**

**v.**                                                    CASE NO.: 22-619

**MISSISSIPPI DEPARTMENT OF**
**CHILD PROTECTION SERVICES**                                          **DEFENDANT**

### SUMMONS

**TO:**    **MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES**
Lynn Fitch, Attorney General for the State of Mississippi
550 High Street
Jackson, Mississippi 39201

### NOTICE TO DEFENDANT

**The Complaint which is attached to this summons is important and you must take immediate action to protect your rights.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to Watson & Norris, PLLC, 4209 Lakeland Drive #365, Flowood, Mississippi 39232, the attorney for the Plaintiff. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

ISSUED under my hand and the seal of said Court, this the ___ day of ____ 2022.

Honorable Zack Wallace
Circuit Clerk of Hinds County, MS

By: _____
Deputy Clerk

Case: 25CI1:22-cv-00619-DHG    Document #: 4    Filed: 01/13/2023    Page 2 of 2

## <u>RETURN OF PROCESS SERVER</u>

**STATE OF MISSISSIPPI**

**COUNTY OF** Hinds

(X)  I personally delivered copies of the summons on the 11th day of January 20 23 , to: Lynn Fitch Attorney General for the State of Mississippi

who is designated by law to accept service of process on behalf of _____
Mississippi Department of Child Protective Services

(  )  After exercising reasonable diligence I was unable to deliver copies of the summons to _____ within _____ County, _____. I served the summons on the _____ day of _____, 20_____, at the usual place of abode of said _____ _____ by leaving a true copy of the summons with _____, who is the _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served, above the age of sixteen years and, unwilling to receive the summons, and thereafter on the _____ day of _____, 20_____, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

(  )  I was unable to serve the summons.

This the 12th day of January 2023.

PROCESS SERVER

RETURN TO:

WATSON & NORRIS, PLLC
4209 Lakeland Drive #365
Flowood, MS  39232

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

**ASHLEY FALGOUT**                                            **PLAINTIFF**

**V.**                                                    **CAUSE NO. 22-619**

**MISSISSIPPI DEPARTMENT OF CHILD**
**PROTECTION SERVICES**                                  **DEFENDANT**

### UNOPPOSED MOTION FOR EXTENSION OF TIME TO
### FILE ANSWER AND DEFENSES

COMES NOW, Defendant, Mississippi Department of Child Protection Services, by and through counsel, and hereby requests a brief extension of time to file its Answer and Defenses, and would show unto the Court the following:

1. Defendant and undersigned counsel are diligently reviewing the allegations set forth in the Complaint.  Due to various scheduling conflicts and workloads, Defendant needs additional time to complete its investigation and satisfy obligations under M.R.C.P. 11.

2. Accordingly, Defendant requests twenty (20) additional days to file its responsive pleading, until March 2, 2023.

3. Counsel for Plaintiff has been contacted and has no objection to this request.

WHEREFORE, Defendant respectfully requests that the twenty (20) day extension to file its responsive pleading be granted.

RESPECTFULLY SUBMITTED, this the 3rd day of February, 2023.

> **MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES,** *Defendant*
>
> **LYNN FITCH, ATTORNEY GENERAL STATE OF MISSISSIPPI**
>
> */s/ Bethany B. Johnson*
> Special Assistant Attorney General
> Mississippi Bar No. 10423
> P.O. Box 220
> Jackson, Mississippi 39205-0220
> Telephone: (601) 359-4245
> E-mail: Bethany.Johnson @ago.ms.gov

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have this day caused via the Court's electronic filing system, which provided a copy to all counsel of record.

This, the 3rd day of February, 2023.

> */s/ Bethany B. Johnson*
> Special Assistant Attorney General

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**ASHLEY FALGOUT**                                    **PLAINTIFF**

**V.**                                             **CAUSE NO. 22-619**

**MISSISSIPPI DEPARTMENT OF CHILD**
**PROTECTION SERVICES**                          **DEFENDANT**

### NOTICE OF APPEARANCE

Please take notice that Morgan A. Middleton hereby enters her appearance in the above-captioned matter as counsel on behalf of the Defendant herein.

All future e-filings, pleadings and correspondence should include Morgan A. Middleton at the address noted below.

> Morgan A. Middleton
> Special Assistant Attorney General – Civil
> 550 High Street; Suite 1100 (39201)
> Post Office Box 220
> Jackson, MS 39205
> Email: Morgan.Middleton@ago.ms.gov

RESPECTFULLY SUBMITTED, this the 6th day of February, 2023.

                               **MISSISSIPPI DEPARTMENT OF CHILD**
                               **PROTECTION SERVICES,** *Defendant*

                               **LYNN FITCH, ATTORNEY GENERAL**
                               **STATE OF MISSISSIPPI**

                               */s/ Morgan A. Middleton*
                               Special Assistant Attorney General
                               Mississippi Bar No. 105969
                               Post Office Box 220
                               Jackson, Mississippi 39205-0220
                               Telephone: (601) 359-4721
                               E-mail: Morgan.Middleton@ago.ms.gov

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have this day caused via the Court's electronic filing system, which provided a copy to all counsel of record.

This, the 6th day of February, 2023.

*/s/ Morgan A. Middleton*
Special Assistant Attorney General

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**ASHLEY FALGOUT**                                           **PLAINTIFF**

**V.**                                                            **CAUSE NO. 22-619**

**MISSISSIPPI DEPARTMENT OF CHILD**
**PROTECTION SERVICES**                                    **DEFENDANT**

### ORDER EXTENDING TIME TO RESPOND TO COMPLAINT

THIS CAUSE having come before the Court on the motion of the defendant, Mississippi Department of Child Protection Services for a 20-day extension of time to respond to Plaintiff's Complaint, said motion appearing as Dkt. # 5, and the Court, having considered the same and finding that the motion is unopposed, and otherwise being fully advised in the premises, finds that said motion is well taken and should be **GRANTED**.

IT IS, THEREFORE, ORDERED AND ADJUDGED that Defendant's motion for a 20-day extension of time to respond to Plaintiffs' Complaint [Dkt. # 5] be and the same hereby is **GRANTED**, and Defendant shall have until and including Thursday, March 2, 2023, to file/serve its answer(s) or other response(s) to Plaintiffs' Complaint.

SO ORDERED AND ADJUDGED, this the 9th day of February, 2023.

CIRCUIT COURT JUDGE

PRESENTED BY:

BETHANY B. JOHNSON (MSB #10423)
Special Assistant Attorney General
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi 39205-0220
Tel.: (601) 359-4245
Fax: (601) 359-2003
Bethany.johnson@ago.ms.gov

ATTORNEY FOR DEFENDANT

Case: 25CI1:22-cv-00619-DHG     Document #: 8     Filed: 02/27/2023     Page 1 of 3

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## FIRST AND SECOND JUDICIAL DISTRICTS

### NOTICE OF JUDGE DEBRA H. GIBBS' CIVIL DOCKET CALL

**IMPORTANT:    You have received this Notice because the case number listed/stamped at the top of this Notice is "open" in the MEC system.  Please view your case file in MEC in order to determine the initial filing date and the corresponding date/time in which your case will be called.  If you cannot view the case in MEC, please contact Judge Gibbs' chambers via email (regina.price@co.hinds.ms.us) to assist you with obtaining the initial filing date for your case and the corresponding date/time at which your case will be called.**

The Court, to facilitate the management of its civil docket, including to (a) identify the cases that have been dismissed or otherwise disposed of by judgment, order or stipulation but are nonetheless designated as "open" in the MEC system and pending on the electronic docket; (b) identify and dismiss stale cases, and (c) establish scheduling deadlines for each open civil case, hereby sets the following schedule for its civil docket call to be held the week of March 27 – March 30, 2023.

**LOCATION:** The docket call for cases pending in the First Judicial District of Hinds County will be held in Courtroom 4 on the first floor of the Hinds County Courthouse located at 407 E. Pascagoula Street, Jackson, Mississippi.

**If you are counsel of record and are receiving this Notice electronically through MEC, and there is a *pro se* party that is not receiving this Notice electronically, the Court requests that you provide a copy of this Notice, via regular mail, to any such *pro se* party.  The Court will endeavor to also provide a copy of this Notice to *pro se* parties via regular mail, but due to the volume of "open" cases in the MEC system, Notice from the Court may be delayed.**

If you are counsel of record (or a *pro se* party) in a case and your case has not previously been dismissed or otherwise disposed of by judgment, order or stipulation, you **DO NOT** need to appear at the docket call **if all parties to any such case submit to the Court, prior to the docket call, a proposed Agreed Order/Stipulation of Dismissal.**

Case: 25CI1:22-cv-00619-DHG    Document #: 8    Filed: 02/27/2023    Page 2 of 3

Counsel of record (and *pro se* parties) are required to attend in person and be prepared when his/her case is called on the designated date and time to discuss with the Court:

(a) the status of discovery (including expert discovery, if any);

(b) reasonable scheduling deadlines for designation of experts/completion of discovery/motion practice;

(c) the date by which the parties anticipate that the case will be ready for trial; and

(d) whether any ADR techniques have been attempted.

**IF YOU FAIL TO APPEAR WHEN YOUR CASE IS CALLED, OR OTHERWISE COMPLY WITH THE TERMS OF THIS NOTICE, YOUR CASE WILL BE DISMISSED.**

Alternatively, all counsel of record in a case (or any *pro se* party) will be excused from appearing at the docket call upon submission to the Court (via email), prior to the docket call, of either (a) a copy of the scheduling order that previously has been entered in the case, or (b) a proposed scheduling order. The deadline for submission is March 20, 2023. The Court will review the scheduling orders/proposed scheduling orders and will contact counsel to discuss any necessary changes in the schedule. By separate order, the Court will set the pre-trial conference and place the case on a trial calendar.

This the 16Th day of February, 2023.

HONORABLE DEBRA H. GIBBS
CIRCUIT COURT JUDGE

## CASES PENDING IN THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY

**MONDAY, MARCH 27**
| | |
|---|---|
| All cases filed between 1994 -1997 | 9:30 a.m. |
| All cases filed between 1998 – 1999 | 11:00 a.m. |
| All cases filed in 2000 | 2:00 p.m. |
| All cases filed between 2001 – 2014 | 3:15 p.m. |

**TUESDAY, MARCH 28**
| | |
|---|---|
| All cases filed between 2015 – 2016 | 9:30 a.m. |
| All cases filed between 2017 – 2018 | 11:00 a.m. |
| All cases filed between 2019 – 2020 | 1:00 p.m. |

**WEDNESDAY, MARCH 29**
| | |
|---|---|
| All cases filed in 2021 | 9:30 a.m. |
| All cases filed in 2023 | 11:00 a.m. |
| All cases filed between January – May 2022 | 1:30 p.m. |
| All cases filed between June – September 2022 | 3:00 p.m. |

**THURSDAY, MARCH 30**
| | |
|---|---|
| All cases filed between October – December 2022 | 9:30 a.m. |

**TAKE NOTICE that cases that have not had any substantial activity for 12 months or more will be dismissed for failure to prosecute, pursuant to Rule 41(d), Miss.R.Civ.P.**

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**ASHLEY FALGOUT**                                          **PLAINTIFF**

**V.**                                                      **CAUSE NO. 22-619**

**MISSISSIPPI DEPARTMENT OF CHILD
PROTECTION SERVICES**                                       **DEFENDANT**

### ANSWER AND DEFENSES

The Mississippi Department of Child Protection Services ("MDCPS"), by and through counsel, submits its Answer and Defenses and responds to the allegations contained in the Plaintiff's Complaint, and would show unto the Court as follows.

### THE PARTIES

1.    The allegations in Paragraph 1 of the Complaint are admitted.

2.    The allegations in Paragraph 1 of the Complaint are admitted

### JURISDICTION AND VENUE

3.    The allegations in Paragraph 3 of the Complaint are admitted.

4.    The allegations in Paragraph 4 of the Complaint are admitted

### STATEMENT OF FACTS

5.    The allegations in Paragraph 5 of the Complaint are admitted.

6.    In response to Paragraph 6 of the Complaint, MDCPS admits plaintiff was hired on June 29, 2009 as a Program Administrator for Defendant. All other allegations are denied.

7.     In response to Paragraph 7 of the Complaint, MDCPS admits plaintiff was promoted to Bureau Director II on October 1, 2020. All other allegations are denied.

8.     The allegations in paragraph 8 of the Complaint are admitted.

9.     The allegations in paragraph 9 of the Complaint are denied.

10.     The allegations in paragraph 10 of the Complaint are admitted.

11.      The allegations in paragraph 11 of the Complaint are admitted.

12.     The allegations in paragraph 12 of the Complaint are denied.

13.     The allegations in paragraph 13 of the Complaint are denied.

14.     The allegations in paragraph 14 of the Complaint are denied.

15.     Paragraph 15 contains legal conclusions to which no answer is required. If, however, an answer is required, Defendant admits the existence of the Individuals with Disabilities and Education Act. All other allegations are denied as stated.

16.     The allegations in paragraph 17 of the Complaint are denied as stated.

17.     In response to the allegations in paragraph 17 of the Complaint, MDCPS admits only that the plaintiff and Ms. Young met with Mr. Davenport regarding IEP signatures. All other allegations are denied.

18.     The allegations in paragraph 18 of the Complaint are admitted.

19.     The allegations in paragraph 19 of the Complaint are admitted.

20.     The allegations in paragraph 20 of the Complaint are admitted.

21.     The allegations in paragraph 21 of the Complaint are admitted.

22.     The allegations in paragraph 22 of the Complaint are admitted.

23.     The allegations in paragraph 23 of the Complaint are admitted.

24.     Paragraph 24 contains legal conclusions to which no answer is required. If an answer is required, the allegations in Paragraph 24 are denied as stated.

25.     Paragraph 25 contains legal conclusions to which no answer is required. If an answer is required, the allegations in Paragraph 25 are denied as stated.

26.     The allegations in paragraph 26 of the Complaint are denied as stated.

27.     Paragraph 27 contains legal conclusions to which no answer is required. If an answer is required, the allegations in Paragraph 27 are denied as stated.

28.     The allegations contained in paragraph 28 of the Complaint are denied as stated.

29.     The allegations contained in paragraph 29 of the Complaint are admitted.

30.     In response to the allegations in paragraph 230 of the Complaint, MDCPS admits that plaintiff provided Mr. Davenport with a document she and Ms. Young had created entitled YTSS Education Plan.

31.     The allegations in paragraph 31 of the Complaint are denied as stated.

32.     The allegations in paragraph 32 of the Complaint are denied as stated.

33.     The allegations in paragraph 33 of the Complaint are denied as stated.

34.     The allegations in paragraph 34 of the Complaint are admitted.

35.     Paragraph 35 appears to speak only to Ms. Young's state of mind and does not require a response from defendant. If an answer is required, the allegations in paragraph 35 are denied.

36.    The allegations in paragraph 36 of the Complaint are denied as stated.

37.    The allegations in paragraph 37 of the Complaint are denied as stated.

38.    The allegations in paragraph 38 of the Complaint are denied.

39.    In response to the allegations in paragraph 39 of the Complaint, MDCPS admits only that Mr. Davenport knew plaintiff and Ms. Young had communications with the legal department in general. All other allegations are denied as stated.

40.    The allegations in paragraph 40 of the Complaint are denied.

41.    The allegations in paragraph 41 of the Complaint are denied.

42.    The allegations in paragraph 42 of the Complaint are denied.

43.    The allegations in paragraph 43 of the Complaint are denied.

44.    The allegations in paragraph 44 of the Complaint are denied.

45.    The allegations in paragraph 45 of the Complaint are denied.

46.    The allegations in paragraph 46 of the Complaint are denied.

47.    The allegations in paragraph 47 of the Complaint are denied.

48.    The allegations in paragraph 48 of the Complaint are denied.

49.    The allegations in paragraph 49 of the Complaint are denied.

50.    The allegations in paragraph 50 of the Complaint are denied as stated.

51.    The allegations in paragraph 51 of the Complaint are denied as stated.

52.    The allegations in paragraph 52 of the Complaint are denied as stated.

53.    The allegations in paragraph 53 of the Complaint are denied as stated.

54.    The allegations in paragraph 54 of the Complaint are denied as stated.

55.    In response to the allegations in paragraph 55 of the Complaint, MDCPS admits only that Mr. Davenport negotiated service contracts pursuant to his authority as Office Director.

56.    The allegations in paragraph 56 of the Complaint are denied as stated.

57.    The allegations in paragraph 57 of the Complaint are denied as stated.

58.    The allegations in paragraph 58 of the Complaint are denied.

59.    The allegations in paragraph 59 of the Complaint are denied.

60.    The allegations in paragraph 60 of the Complaint are denied.

61.    The allegations in paragraph 61 of the Complaint are denied.

62.    The allegations in paragraph 62 of the Complaint are denied.

63.    The allegations in paragraph 63 of the Complaint are admitted.

64.    The allegations in paragraph 64 of the Complaint are admitted.

65.    The allegations in paragraph 65 of the Complaint are admitted.

66.    The allegations in paragraph 66 of the Complaint are admitted.

67.    The allegations in paragraph 67 of the Complaint are admitted.

68.    The allegations in paragraph 68 of the Complaint are admitted.

69.    In response to the allegations in paragraph 69 of the Complaint, MDCPS admits only that Mr. Davenport instructed plaintiff to work with human resources. All other allegations are denied.

70.    The allegations in paragraph 70 of the Complaint are denied.

71.    The allegations in paragraph 71 of the Complaint are admitted.

72.    The allegations in paragraph 72 of the Complaint are denied as stated.

73.    The allegations in paragraph 73 of the Complaint are denied.

74.    The allegations in paragraph 74 of the Complaint are denied as stated.

75.    In response to the allegations in paragraph 75 of the Complaint, MDCPS admits only that Jason Hulitt, Director of Internal Investigations interviewed the plaintiff. All other allegations are denied as stated.

76.    The allegations in paragraph 76 of the Complaint are admitted.

77.    Paragraph 77 appears to speak only to plaintiff's state of mind and does not require a response from defendant. If an answer is required, the allegations in paragraph 77 are denied.

78.    The allegations in paragraph 78 of the Complaint are admitted.

79.    The allegations in paragraph 79 of the Complaint are admitted.

80.    The allegations in paragraph 80 of the Complaint are admitted.

81.    The allegations in paragraph 81 of the Complaint are denied as stated.

82.    The allegations in paragraph 82 of the Complaint are admitted.

83.    The allegations in paragraph 83 of the Complaint are admitted

84.    The allegations in paragraph 84 of the Complaint are denied.

85.    The allegations in paragraph 85 of the Complaint are admitted.

86.    The allegations in paragraph 86 of the Complaint are denied.

87.    The allegations in paragraph 87 of the Complaint are admitted.

88.    The allegations in paragraph 88 of the Complaint are admitted.

89.    The allegations in paragraph 89 of the Complaint are denied as stated.

90.    The allegations in paragraph 90 of the Complaint are denied as stated.

91.    The allegations in paragraph 91 of the Complaint are denied.

92.    The allegations in paragraph 92 of the Complaint are denied.

## CAUSES OF ACTION

## COUNT I: TORT OF OUTRAGE-INTENTIONAL INFLICTION

## OF EMOTIONAL DISTRESS

93.    In response to the allegations contained in paragraph 93 of the Complaint, MDCPS incorporates all of its responses to paragraphs 1-92.

94.    MDCPS denies that all allegations against it in Paragraph 94 of the Complaint and demands strict proof thereof.

95.    MDCPS denies that all allegations against it in Paragraph 95 of the Complaint and demands strict proof thereof.

96.    MDCPS denies that all allegations against it in Paragraph 96 of the Complaint and demands strict proof thereof.

97.    MDCPS denies that all allegations against it in Paragraph 97 of the Complaint and demands strict proof thereof.

98.    MDCPS denies that all allegations against it in Paragraph 98 of the Complaint and demands strict proof thereof.

99.    MDCPS denies that all allegations against it in Paragraph 99 of the Complaint and demands strict proof thereof.

100.    MDCPS denies that all allegations against it in Paragraph 100 of the Complaint and demands strict proof thereof.

## COUNT II: WRONGFUL TERMINATION

101.    In response to the allegations contained in paragraph 101 of the Complaint, MDCPS incorporates all of its responses to paragraphs 1-100.

102.    MDCPS denies that all allegations against it in Paragraph 102 of the Complaint and demands strict proof thereof.

## PRAYER FOR RELIEF

In response to the unnumbered paragraph which begins "WHEREFORE", Mississippi Department of Child Protection Services denies that the plaintiff is entitled to a judgment or relief against it in the amount demanded or relief of any kind or in any amount whatsoever.

AND NOW, RESPONDING AFFIRMATIVELY, Mississippi Department of Child Protection Services would show the Court the following:

## FIRST DEFENSE

Plaintiff's complaint fails to state a cause of action upon which relief can be granted against MDCPS.  Further, to the extent applicable, MDCPS asserts that the allegations of the Plaintiff's Complaint are subject to the provisions of Miss. R. Civ. P. 12(b)(1) through (7), with special notice regarding the lack of subject matter jurisdiction and failing to state a claim upon which relief can be granted.

## SECOND DEFENSE

At all times complained of, this Defendant MDCPS acted in good faith, and without malice, without reckless disregard, without deliberate indifference, without retaliatory motive, without injurious intent, without evil motive, and in compliance

with the applicable legal standards, and is not guilty of any wrongful or tortious conduct.

## THIRD DEFENSE

Any damage, loss or deprivation to plaintiff, if any, was not proximately caused by an official policy, practice or custom of this Defendant.

## FOURTH DEFENSE

This Defendant affirmatively avers that any award of punitive damages to plaintiff in this case would be in violation of the constitutional rights and safeguards provided to this Defendant under the Constitution of the State of Mississippi and the Constitution of the United States of America. Further, plaintiff is not entitled to an award of punitive damages against this Defendant in that punitive damages are not allowable against the State or its agencies or employees.

## FIFTH DEFENSE

Some or all of plaintiff's claims are barred by her failure to reasonably mitigate her damages, if any.

## SIXTH DEFENSE

Some or all of plaintiff's claims may be barred by the doctrine of laches, waiver, res judicata, accord and satisfaction, arbitration and award, payment, release, credit, set-off, recoupment, and/or exclusivity under the provisions of the Mississippi Workers' Compensation Act. This Defendant further pleads all applicable statutes of limitation.

### SEVENTH DEFENSE

Some or all of plaintiff's claims may be barred by the doctrines of unclean hands and estoppel.

### EIGHTH DEFENSE

This Defendant is not guilty of any conduct, whether negligent or intentional, which would entitle plaintiff to any recovery from Defendant MDCPS whatsoever.

### NINTH DEFENSE

Plaintiff has failed to allege her claims against MDCPS with the required level of specificity and therefore, one or more of her claims are ripe for dismissal.

### TENTH DEFENSE

Plaintiff's damages, if any, are barred because the alleged conduct of this Defendant was not the proximate cause of her alleged damages.

### ELEVENTH DEFENSE

This Defendant asserts any and all exemption and/or defenses available to it under Miss. Code Ann. § 11-46-9, including but not limited to actions or omissions performed by this Defendant or its employees or agents acting within the course and scope of employment and/or being discretionary in nature.

## TWELFTH DEFENSE

Some or all of plaintiff's claims in this action are barred by the after-acquired evidence doctrine.

## THIRTEENTH DEFENSE

Plaintiff is not entitled to a trial by jury as to any state law claims asserted, or which may be asserted, against this Defendant in her Complaint.

## FOURTEENTH DEFENSE

Some or all of plaintiff's damage claims are barred since this Defendant cannot be held liable for acts of employees committed outside the scope of their employment or acts committed in violation of this Defendant's written policies and procedures.

## FIFTEENTH DEFENSE

This Defendant states that plaintiff's damages, if any, resulted from her own conduct or from an unreasonable failure to avoid the complained of harm.

## SIXTEENTH DEFENSE

This Defendant complied with procedural and substantive due process rights owed to plaintiff, if any.

## SEVENTEENTH DEFENSE

Any claims for emotional distress or mental injury allegedly resulting from plaintiff's relationship with Defendant are barred by the exclusive remedy provision

of the Mississippi Workers' Compensation Act. Any claim or action brought regarding or in any way related to a work-related injury is subject to the exclusive remedy provisions of the Mississippi Workers' Compensation Act, Miss. Code Ann. §71-3-9.

## EIGHTEENTH DEFENSE

Defendant reserves the right to amend this Answer to plead any affirmative defense or matters of avoidance required by Rules 8(c) and 12(h) of the Mississippi Rules of Civil Procedure which may be determined applicable to this action through subsequent discovery proceedings or further investigation of the claims and allegations asserted in the complaint.

## NINETEENTH DEFENSE

Pursuant to Miss. R. Civ. P. 8(b), this Defendant denies any and all allegations asserted by plaintiff against it, as set forth in the Complaint, except to the extent specifically admitted herein, and demand strict proof thereof

RESPECTFULLY SUBMITTED, this the 2nd day of March 2023.

> MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES, *Defendant*
>
> LYNN FITCH, ATTORNEY GENERAL STATE OF MISSISSIPPI
>
> */s/ Morgan A. Middleton*
> Special Assistant Attorney General
> Mississippi Bar No. 105969
> Post Office Box 220
> Jackson, Mississippi 39205-0220
> Telephone: (601) 359-4721
> E-mail: Morgan.Middleton@ago.ms.gov

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have this day caused to be mailed, via U.S. Mail Certified, postage prepaid, and/or via electronic means, a true and correct copy of the above and foregoing document, to the following:

Louis Watson
Nick Norris
Watson & Norris, PLLC
4209 Lakeland Drive; # 365
Flowood, MS  39232
louis@watsonnorris.com
nick@watsonnorris.com

This, the 2nd day of March 2023.

/s/ Morgan A. Middleton
Special Assistant Attorney General

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

**ASHLEY FALGOUT**                                                    **PLAINTIFF**

**V.**                                                    **CAUSE NO. 22-619**

**MISSISSIPPI DEPARTMENT OF CHILD**
**PROTECTION SERVICES**                                    **DEFENDANT**

### NOTICE OF MOTION TO CONSOLIDATE

COME NOW, Plaintiff Ashley Falgout ("Falgout"), Defendant Mississippi Department of Child Protective Services ("MDCPS") and non-party Melanie Young ("Young"), by and through undersigned counsel, and notify this Court that they have today filed a Joint Motion to Consolidate this case with the matter pending before Judge Eleanor Faye Peterson in the Circuit Court of Hinds County, Mississippi, captioned as *Young v. Mississippi Department of Child Protection Services,* Cause No. 25CI 1:22-cv-00618, pursuant to Miss. R. Civ. P. 42(a). A copy of that Motion is attached hereto as Exhibit A.

SUBMITTED BY:


   */s/ Nick Norris*
Nick Norris
Attorney for Plaintiff Ashley Falgout
Attorney for Plaintiff Melanie Young

   */s/ Bethany Brantley Johnson*
Bethany Brantley Johnson
Attorney for Defendant MDCPS

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

MELANIE YOUNG                                            **PLAINTIFF**

**V.**                              **CAUSE NO. 25C1:22-cv-00618-EFP**

MISSISSIPPI DEPARTMENT OF CHILD
PROTECTION SERVICES                              **DEFENDANT**

### JOINT MOTION TO CONSOLIDATE CASES

COME NOW, Plaintiff Melanie Young ("Young"), Defendant Mississippi Department of Child Protective Services ("MDCPS") and non-party Ashley Falgout ("Falgout"), by and through undersigned counsel, and in accordance with M.R.C.P. 42(a), file this Motion to Consolidate. The parties would show unto the Court as follows:

1. On September 22, 2022, Ms. Young filed this civil action against MDCPS alleging wrongful termination and intentional infliction of emotional distress in violation of state law. This matter was docketed as 22-618 and assigned to Judge Peterson.

2. On that same date, non-party movant Falgout, by and through the same counsel, filed a very similar lawsuit against MDCPS alleging the same claims – wrongful termination and intentional infliction of emotional distress. This matter was docketed as 22-619 and assigned to Judge Gibbs

*(Ashley Falgout v. MDCPS)*. A copy of this Complaint revealing the commonality of issues and facts is attached hereto as Exhibit A.

3. The matters involve common questions of law and fact and common witnesses. The parties, as well as movant Falgout (non-party to this case), hereby wish to consolidate the two cases for all purposes.

4. Such consolidation will provide for the regular and orderly progression of both cases and avoid unnecessary costs or delay.

5. A notice of this Motion to Consolidate is being filed in the *Falgout* matter as well.

6. A proposed Order granting such relief is attached hereto as Exhibit B.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Melanie Young ("Young"), Defendant Mississippi Department of Child Protective Services ("MDCPS") and movant non-party Ashley Falgout ("Falgout"), hereby request that the matter of *Ashley Falgout v. MDCPS,* Cause No. 25CI1:22-cv-00619-DHG be consolidated with this matter.

Submitted by:

   */s/ Nick Norris*
Nick Norris
Attorney for Plaintiff Melanie Young
Attorney for Plaintiff Ashley Falgout

   */s/ Bethany B. Johnson*
Bethany B. Johnson
Attorney for Defendant MDCPS

### IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**ASHLEY FALGOUT**                                                              **PLAINTIFF**

**v.**                                    CAUSE NO.: 22-619

**MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES**    **DEFENDANT**

### COMPLAINT
### JURY TRIAL DEMANDED

COMES NOW the Plaintiff, Ashley Falgout, by and through counsel, Watson & Norris, PLLC, and files this action to recover damages for the actions of Defendant Mississippi Department of Child Protection Services, which constitute the tort of outrage/intentional infliction of emotional distress (IIED) and the tort of wrongful termination. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

### THE PARTIES

1.      Plaintiff, Ashley Falgout, is an adult female who resides in Rankin County, Mississippi.

2.      Defendant, Mississippi Department of Child Protection Services, may be served with process by serving Lynn Fitch, Attorney General for the State of Mississippi, 550 High Street, Jackson, Mississippi 39201.

### JURISDICTION AND VENUE

3.      This Court has subject matter and personal jurisdiction over the Defendant and venue is proper in this Court.

4.      Pursuant to *Miss. Code Ann.* § 11-46-11, *et seq.*, Plaintiff timely sent Defendant the required Notice of Claim on June 15, 2022 via Certified Mail, Return

Receipt Requested which was received by Defendant on or about June 17, 2022.
Plaintiff has not received a notice of denial of claim and the 95-day tolling period has now
expired. Thus, Plaintiff timely files these claims pursuant to *Miss. Code Ann.* § 11-46-11,
*et seq.*

## STATEMENT OF FACTS

5.    Plaintiff is an adult female resident of Rankin County, Mississippi.

6.    Plaintiff was hired on July 1, 2009, as a Program Administrator of
Independent Living at the Mississippi Department of Child Protection Services
(MDCPS).

7.    Plaintiff was promoted a couple more times and then on October 1, 2020,
Plaintiff was promoted to the position of Bureau Director II.

8.    In this new role, Plaintiff's immediate supervisor was Deputy Director of
Permanency Marcus Davenport.

9.    Plaintiff co-developed the Youth Transition Support Services (YTSS)
program in 2017.

10.    In 2018, the YTSS program was moved under the Permanency Unit.

11.    In June 2020, Plaintiff was named the Interim Bureau Director over the
YTSS program.

12.    In July 2020, Mr. Davenport called a YTSS unit meeting in July 2020 at
which time he addressed Plaintiff and others and stated, "Your work is garbage, and
y'all need to do better."

2

Case 3:24-cv-00615-CWR-ASH     Document 1-1     Filed 10/08/24     Page 194 of 287

Case: 25CI1:22-cv-00619-EHB     Document #: 1D-1     Filed: 03/16/2023     Page 3 of 15
Case: 25CI1:22-cv-00619-TTG     Document #: 2     Filed: 09/22/2022     Page 3 of 14

13.     In October 2020, Mr. Davenport initiated a personal relationship with Plaintiff that consisted of lunches, dinners, phone conversations, and Face Time conversations.

14.     In early 2021, Melanie Young, Special Projects Officer IV (Education Liaison) at the Mississippi Department of Child Protection Services (MDCPS), discovered that MDCPS officials were routinely signing the Individualized Educations Plans (IEPs) for children in foster care covered by the Individuals with Disabilities and Education Act (IDEA).

15.     According to the IDEA, only the legal parent or guardian of IDEA children are permitted to sign IEPs for purposes of special education decision making.

16.     This ongoing legal violation impacted many of the children/youth under the charge of MDCPS and their biological parents.

17.     On February 8, 2021, Plaintiff and Ms. Young met with Mr. Davenport to address the above-mentioned legal violation being perpetrated against MDCPS children/youth and their biological parents.

18.     On April 1, 2021, Ms. Young was promoted to the position of Division Director II.

19.     At that time, Ms. Young continued in her role as Education Liaison but also took on this new position.

20.     In this new role, Ms. Young's immediate supervisor was Bureau Director II, Plaintiff.

21.     On May 5, 2021, Ms. Young emailed Strategy and Policy Attorney Kimberly Gore.

3

22.     In that email, among many questions, Ms. Young inquired of Ms. Gore, "In terms of special education, can MDCPS legally serve as the [Individuals with Disabilities Education Act] (IDEA) parent?"

23.     When Ms. Gore responded, the response to that question was the following: "No."

24.     The definition of parent under 20 U.S.C. § 1401(23)(B) specifically excludes the State. 20 U.S.C. § 1415(b)(2)(A) also provides that the surrogate parent "shall not be an employee of the State educational agency, the local educational agency, or any other agency that is involved in the education or care of the child."

25.     MDCPS cannot act as the surrogate parent because it is an agency involved in the care of the child."

26.     On May 19, 2021, Plaintiff emailed Deputy Commissioner of Child Welfare Kimberly Wheaton (i.e., Mr. Davenport's direct report) to express her concerns.

27.     Given the response Plaintiff and Ms. Young received from the legal department (i.e., Ms. Gore and others), it was clear that MDCPS officials were not legally allowed to serve as IDEA parents.

28.     Plaintiff and Ms. Young were now reaching out to Ms. Wheaton so that MDCPS could appropriately revise its policy and practice.

29.     On June 3, 2021, Plaintiff and Ms. Young met with Mr. Davenport to discuss education concerns.

30.     At that meeting Ms. Young provided Mr. Davenport with a document entitled YTSS Education Plan.

4

Case 3:24-cv-00615-CWR-ASH   Document 1-1   Filed 10/08/24   Page 196 of 287

Case: 25CI1:22-cv-00619-BHB   Document #: 10-1   Filed: 03/16/2023   Page 7 of 19
Case: 25CI1:22-cv-00619-TTG   Document #: 2   Filed: 09/22/2022   Page 5 of 14

31.   On that document, the second item stated: "IDEA Parent" We MUST have a special education decision maker for each child requiring special education and related services.

32.   MDCPS/MDCPS employees CAN NOT serve in this role per federal law.

33.   Therefore, until this is addressed the validity of each child/youth's IEP is compromised, the services they are to receive may be interrupted, MDCPS employees' ability to effectively advocate on behalf child/youth is diminished, and the Agency is positioned to experience legal repercussions."

34.   Ms. Young presented this document to Mr. Davenport as part of a plan on how to move forward addressing the education-related issues.

35.   Ms. Young presented this and other items to Mr. Davenport in the hopes of moving forward with a revision of policy (i.e., to comply with federal law and federal block grants) and practical change.

36.   The following issues with not following the federal block grants was presented to Mr. Davenport:

- Not enrolling children/youth in school in accordance with federal and state compulsory school laws

- Not creating educational plans for children/ youth as required by ESSA and

- Fostering Connections Act

- Not creating Transitional Living Plans for youth age 17 and older per Title IV-E of the SSA

- Not providing housing support for youth age 18 and older per Title IV-E of the SSA

- Signing IEPs for youth in foster care and denying them the legal protections for students with disabilities under IDEA

- Not coordinating with MDE or the local school districts to ensure the educational stability mandated by ESSA and Fostering Connections

- Not allowing youth to remain in their school of origin as ordered by ESSA

- Not allowing biological parents/guardians to participate in the educational decisions for youth in foster care as stated in IDEA and ESSA

- Not collecting educational data required by ACF, CB and the SSA

- Reporting fraudulent data to the federal government surrounding Independent Living and education which affects federal funding

- Denying children and youth FAPE as guaranteed by IDEA

37.    In response, however, Mr. Davenport gave no clear resolution, feedback, or guidance on how to proceed with this issue.

38.    Rather than supporting Ms. Young in this endeavor, Mr. Davenport responded, "Education isn't a priority for me."

39.    Plaintiff and Ms. Young attempted to explain to Mr. Davenport that they had addressed the matter via email with MDCPS's legal department (i.e., Ms. Gore, Anna Claire Steel) and then they had further addressed the matter with Ms. Wheaton.

40.    When they asked Mr. Davenport how these issues of federal law and agency policy/practice were to be resolved, Mr. Davenport directed them to "Continue doing like we have always done, because there haven't been any problems - per Kimberly Wheaton".

6

41.    Plaintiff and Ms. Young requested this directive be given to them in writing, but Mr. Davenport denied this request.

42.    Ms. Young then stated to Mr. Davenport that she refused to knowingly participate, allow to continue, or instruct her direct reports or agency members to engage in illegal practices.

43.    Mr. Davenport then directed Ms. Young to cease all work she was doing to coordinate between MDCPS, the Mississippi Department of Education (MDE) and the American Bar Association – Legal Center for Foster Care and Education and Casey Family Programs (ABA).

44.    This directive barred Ms. Young from effectively fulfilling her role and responsibilities on behalf of the children/youth of MDCPS.

45.    Following these events (in early June 2021), Plaintiff's personal relationship with Mr. Davenport began to change.

46.    Mr. Davenport discontinued all personal engagement with her, and he limited his interaction to only formal professional engagement.

47.    Beginning around this time, Mr. Davenport told Plaintiff, on several occasions, either directly or by inference, that Commissioner Andrea Sanders wanted Plaintiff gone from MDCPS.

48.    Mr. Davenport portrayed himself to Plaintiff as attempting to protect her from those who wanted her removed.

49.    These statements conflicted with Ms. Sanders' direct interactions with Plaintiff, wherein she (Ms. Sanders) consistently expressed positive approval regarding Plaintiff's job performance.

7

50.    Increasingly, Mr. Davenport began interfering in Plaintiff's work duties.

51.    Unbeknownst to Plaintiff, Mr. Davenport met with service providers and community partners, with whom Plaintiff had long standing professional relationships, and attempted to undermine her (Plaintiff's) position and professional credibility.

52.    Mr. Davenport began directly contacting Plaintiff's staff and division directors (i.e., bypassing her) and questioning them about routine work matters.

53.    Plaintiff's staff began contacting her, expressing confusion as to why Mr. Davenport was questioning them.

54.    Plaintiff addressed this confusion to Mr. Davenport, who merely responded, "It's my right."

55.    Mr. Davenport negotiated service contracts to be paid out of the Independent Living – John H. Chafee Foster Care Independence Program budget without Plaintiff's knowledge, consent, or input.

56.    Mr. Davenport increasingly micromanaged Plaintiff's work duties and schedule.

57.    Mr. Davenport prohibited her from communicating with other departments and he often instructed personnel in other departments to communicate directly with him, i.e., not with Plaintiff.

58.    On several occasions, Plaintiff attempted to address the way Mr. Davenport was interfering with her ability to fulfill her role as a Bureau Director.

59.    Plaintiff asked that Mr. Davenport put her job description/requirements in writing.

8

60.    Mr. Davenport responded that he would provide Plaintiff with a performance review, but she never received it.

61.    Mr. Davenport's interference with Plaintiff's work significantly interfered with any productive work in the YTSS program.

62.    Mr. Davenport effectively blocked this program, resulting in children and youth being denied services.

63.    In July 2021, Plaintiff met with Ms. Wheaton to discuss her (Plaintiff's) concerns about how Mr. Davenport was interfering with her (Plaintiff's) ability to perform her job.

64.    Ms. Wheaton responded that she would address the matter with Mr. Davenport.

65.    Also, around the first week of July 2021, Plaintiff and Ms. Young were called to Mr. Davenport's office.

66.    At that time, Ms. Davenport informed Plaintiff and Ms. Young that YTSS Federal Reporting designee and Education Liaison Cynthia Moore-Hardy had raised some concerns to him that he felt needed to be addressed.

67.    It is noteworthy that Ms. Moore-Hardy was a direct report to Ms. Young and as recently as April 2021 Ms. Young had confronted Ms. Moore-Hardy regarding issues of insubordination and inadequate work performance.

68.    Between April and July 2021, Ms. Young had discussed Ms. Moore-Hardy's problematic work performance with Mr. Davenport.

9

69.     Mr. Davenport had directed Ms. Young to submit documentation to Human Resources and had, on one occasion, stated that she (Ms. Moore-Hardy) should be terminated.

70.     In the second week of July 2021, however, Mr. Davenport radically shifted his position.

71.     Mr. Davenport called a meeting with Plaintiff, Ms. Young, and Ms. Moore-Hardy, in which Ms. Moore-Hardy verbalized allegations against Ms. Young.

72.     When Ms. Young attempted to speak up to defend herself, Mr. Davenport berated Ms. Young and alleged that as a Division Director she was not allowed to respond.

73.     Mr. Davenport then turned to Plaintiff and stated that she (Plaintiff) had failed by allowing Ms. Young to defend herself.

74.     Plaintiff responded to Mr. Davenport, stating that he was wrong and was handling the entire situation incorrectly.

75.     On July 30, 2021, Director of Human Resources Jason Hulitt conducted an interview with Ms. Young.

76.     Prior to the interview, Mr. Hulitt told Ms. Young he was going to conduct an employee engagement interview.

77.     When the interview occurred, however, the aggressively interrogating nature of the interview was surprising to Ms. Young.

78.     In this interview, Mr. Hulitt asked Ms. Young about her relationship with Plaintiff, her direct reports, and Mr. Davenport (i.e., did Ms. Young have a relationship with Plaintiff outside of work? how long has she known Plaintiff? what was her

10

relationship like with Mr. Davenport? how did she get along with her direct reports? etc.).

79.    Mr. Hulitt asked Ms. Young how long she had been with the agency, how long she had been a Division Director, and what made her qualified to hold her position.

80.    Mr. Hulitt asked Ms. Young about the unit she oversaw, its role and responsibilities.

81.    Mr. Hulitt insinuated that Ms. Young's professional and educational background were inadequate to qualify her for the position she held.

82.    In August 2021, Mr. Hulitt met with Plaintiff, as well, for an employee engagement interview.

83.    During this interview, Mr. Hulitt asked Plaintiff general questions, work-related questions, questions about her unit, and other topics.

84.    Plaintiff explained to Mr. Hulitt about how Mr. Davenport had interfered with her ability to perform her job and how both she and the unit were affected.

85.    Both employee engagement interviews (i.e., the one with Ms. Young and with Plaintiff) were recorded by Mr. Hulitt, using his state issued cell phone.

86.    Beginning in August 2021, Mr. Davenport discontinued all communication with Ms. Young.

87.    On September 14, 2021, both Plaintiff and Ms. Young were terminated, allegedly due to "falsification of time records."

88.    Both Plaintiff and Ms. Young were salaried employees of MDCPS.

89.    Their time sheets merely consisted of the dates and the hours they worked on those dates.

11

Case 3:24-cv-00615-CWR-ASH    Document 1-1    Filed 10/08/24    Page 203 of 287

Case: 25CI1:22-cv-00619-EHB    Document #: 1D-1    Filed: 03/16/2023    Page 12 of 15
Case: 25CI1:22-cv-00619-TTG    Document #: 2    Filed: 09/22/2022    Page 12 of 14

90.     Following this vague allegation by MDCPS, no explanation as to how the time sheets were allegedly 'falsified' was given.

91.     Both Plaintiff and Ms. Young filed appeals with the Mississippi State Personnel Board.

92.     Plaintiff will lose, at a minimum, approximately $60,000 of income in pay plus benefits per year.

## CAUSES OF ACTION

### COUNT I:  TORT OF OUTRAGE-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

93.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 92 above as if fully incorporated herein.

94.     By its actions described above, the Defendant intentionally inflicted emotional distress upon Plaintiff.

95.     The Defendant's actions have been such to evoke outrage and revulsion.

96.     The Defendant's actions are malicious, willful, wanton, grossly careless, indifferent and reckless.

97.     The effect of the Defendant's actions on Plaintiff were reasonably foreseeable.

98.     Plaintiff has suffered injury as a result of the Defendant's actions.

99.     As such, Plaintiff is seeking an award of compensatory damages in an amount to be determined by the jury to fully compensate her for the Defendant's actions.

100.    In addition, the Defendant's actions were done maliciously with the intent to cause Plaintiff injury.

12

Case 3:24-cv-00615-CWR-ASH    Document 1-1    Filed 10/08/24    Page 204 of 287

Case: 25CI1:22-cv-00619-EHB    Document #: 10-1    Filed: 03/16/2023    Page 13 of 15
Case: 25CI1:22-cv-00619-TTG    Document #: 2    Filed: 09/22/2022    Page 13 of 14

## COUNT II: WRONGFUL TERMINATION

101.    Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 100 above as if fully incorporated herein.

102.    The acts of the Defendant as described above constitute a willful and intentional violation of federal law, state law and/or Mississippi public policy which constitutes the tort of wrongful termination and entitles Plaintiff to damages.

### PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1.    Reinstatement or front pay in lieu of reinstatement;
2.    Back pay;
3.    Tax gross-up with all make-whole relief;
4.    Compensatory damages;
5.    Lost benefits;
6.    Pre-judgment and post-judgment interest;
7.    Attorney's fees;
8.    Costs and expenses; and
9.    Any other relief to which she may be properly entitled.

THIS the 22nd day of September 2022.

Respectfully submitted,

ASHLEY FALGOUT, Plaintiff

By: /s/Louis H. Watson, Jr.
Louis H. Watson, Jr.  (MB# 9053)
Nick Norris (MB# 101574)
Attorneys for Plaintiff

13

Case 3:24-cv-00615-CWR-ASH    Document 1-1    Filed 10/08/24    Page 205 of 287

Case: 25CI1:22-cv-00619-BHB    Document #: 10-1    Filed: 03/16/2023    Page 14 of 15
Case: 25CI1:22-cv-00619-TTG    Document #: 2    Filed: 09/22/2022    Page 14 of 14

OF COUNSEL:

**WATSON & NORRIS, PLLC**
4209 Lakeland Drive # 365
Flowood, MS 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
Web: www.watsonnorris.com

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**ASHLEY FALGOUT**                                                  **PLAINTIFF**

**v.**                                 **CASE NO.: 22-619**

**MISSISSIPPI DEPARTMENT OF**
**CHILD PROTECTION SERVICES**                              **DEFENDANT**

## SUMMONS

**TO:**   **MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES**
       Lynn Fitch, Attorney General for the State of Mississippi
       550 High Street
       Jackson, Mississippi 39201

## NOTICE TO DEFENDANT

**The Complaint which is attached to this summons is important and you must take immediate action to protect your rights.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to Watson & Norris, PLLC, 4209 Lakeland Drive #365, Flowood, Mississippi 39232, the attorney for the Plaintiff. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

ISSUED under my hand and the seal of said Court, this the ___ day of Sept 2022.

Honorable Zack Wallace
Circuit Clerk of Hinds County, MS

By: _____
     Deputy Clerk

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

MELANIE YOUNG                                                    PLAINTIFF

V.                                          CAUSE NO. 25CI1:22-cv-00618-EFP

MISSISSIPPI DEPARTMENT OF CHILD
PROTECTION SERVICES                                             DEFENDANT

*consolidated with*

ASHLEY FALGOUT                                                  PLAINTIFF

V.                                          CAUSE NO. 25CI1:22-cv-00619-DHG

MISSISSIPPI DEPARTMENT OF CHILD
PROTECTION SERVICES                                             DEFENDANT

---

## AGREED ORDER CONSOLIDATING CASES

BEFORE THE COURT is a Joint Motion to Consolidate Cases captioned above, brought pursuant to Miss. R. Civ. P. 42(a). Having reviewed the complaints in both matters, the Court finds that there are sufficient common questions of law and fact warranting consolidation of the cases for all purposes, including discovery and through trial.

As the *Young* matter is assigned the lower docket number, the Court finds that the cases should be consolidated into one action in the first-filed matter.

IT IS THEREFORE, ORDERED AND ADJUDGED that these two cases be consolidated into one matter before undersigned Judge Peterson. All future filings will be made in the case bearing Cause No. 25CI1:22-cv-00618-EFP. The Clerk of

Court will be directed to consolidate filed documents from Cause No. 25CI1:22-cv-00619-DHG into Cause No. 25CI1:22-cv-00618-EFP, and administratively close the separate matter currently pending as *Ashley Falgout v. MDCPS*, Cause No. 25CI1:22-cv-00619-DHG.

This the ____ of _____, 2023.

_____
CIRCUIT COURT JUDGE
ELEANOR FAYE PETERSON

Submitted by:

*/s/ Nick Norris*
Nick Norris
Attorney for Plaintiff Melanie Young
Attorney for Plaintiff Ashley Falgout

*/s/ Bethany B. Johnson*
Bethany B. Johnson
Attorney for Defendant MDCPS

Case: 25CI1:22-cv-00619-DHG    Document #: 11    Filed: 03/27/2023    Page 1 of 2

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

MELANIE YOUNG                                              **PLAINTIFF**

V.                               **CAUSE NO. 25C|1:22-cv-00618-EFP**

MISSISSIPPI DEPARTMENT OF CHILD
PROTECTION SERVICES                             **DEFENDANT**

*consolidated with*

ASHLEY FALGOUT                                **PLAINTIFF**

V.                               **CAUSE NO. 25C|1:22-cv-00619-DHG**

MISSISSIPPI DEPARTMENT OF CHILD
PROTECTION SERVICES                             **DEFENDANT**

## AGREED ORDER CONSOLIDATING CASES

BEFORE THE COURT is a Joint Motion to Consolidate Cases captioned above, brought pursuant to Miss. R. Civ. P. 42(a). Having reviewed the complaints in both matters, the Court finds that there are sufficient common questions of law and fact warranting consolidation of the cases for all purposes, including discovery and through trial.

As the *Young* matter is assigned the lower docket number, the Court finds that the cases should be consolidated into one action in the first-filed matter.

IT IS THEREFORE, ORDERED AND ADJUDGED that these two cases be consolidated into one matter before undersigned Judge Peterson. All future filings will be made in the case bearing Cause No. 25CI1:22-cv-00618-EFP. The Clerk of

Court will be directed to consolidate filed documents from Cause No. 25CI1:22-cv-00619-DHG into Cause No. 25CI1:22-cv-00618-EFP, and administratively close the separate matter currently pending as *Ashley Falgout v. MDCPS*, Cause No. 25CI1:22-cv-00619-DHG.

This the ⅔7 of 𝑀𝑎𝑦 2023.

_____
CIRCUIT COURT JUDGE
ELEANOR FAYE PETERSON

Submitted by:

 */s/ Nick Norris*
Nick Norris
Attorney for Plaintiff Melanie Young
Attorney for Plaintiff Ashley Falgout

 */s/ Bethany B. Johnson*
Bethany B. Johnson
Attorney for Defendant MDCPS

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

MELANIE YOUNG                                                      PLAINTIFF

V.                                          CAUSE NO. 25CI1:22-cv-00618-EFP

MISSISSIPPI DEPARTMENT OF CHILD
PROTECTION SERVICES                                              DEFENDANT

*consolidated with*

ASHLEY FALGOUT                                                    PLAINTIFF

V.                                          CAUSE NO. 25CI1:22-cv-00619-DHG

MISSISSIPPI DEPARTMENT OF CHILD
PROTECTION SERVICES                                              DEFENDANT

---

## AGREED ORDER CONSOLIDATING CASES

BEFORE THE COURT is a Joint Motion to Consolidate Cases captioned above, brought pursuant to Miss. R. Civ. P. 42(a). Having reviewed the complaints in both matters, the Court finds that there are sufficient common questions of law and fact warranting consolidation of the cases for all purposes, including discovery and through trial.

As the *Young* matter is assigned the lower docket number, the Court finds that the cases should be consolidated into one action in the first-filed matter.

IT IS THEREFORE, ORDERED AND ADJUDGED that these two cases be consolidated into one matter before undersigned Judge Peterson. All future filings will be made in the case bearing Cause No. 25CI1:22-cv-00618-EFP. The Clerk of

Court will be directed to consolidate filed documents from Cause No. 25CI1:22-cv-00619-DHG into Cause No. 25CI1:22-cv-00618-EFP, and administratively close the separate matter currently pending as *Ashley Falgout v. MDCPS*, Cause No. 25CI1:22-cv-00619-DHG.

This the 5 of April, 2023.

CIRCUIT COURT JUDGE
ELEANOR FAYE PETERSON

Submitted by:

/s/ *Nick Norris*
Nick Norris
Attorney for Plaintiff Melanie Young
Attorney for Plaintiff Ashley Falgout

/s/ *Bethany B. Johnson*
Bethany B. Johnson
Attorney for Defendant MDCPS

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

**MELANIE YOUNG**                                                **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO.: 25CI1:22-cv-00618-EFP**

**MISSISSIPPI DEPARTMENT OF**                                   **DEFENDANT**
**CHILD PROTECTION SERVICES**

### NOTICE OF SERVICE

PLEASE TAKE NOTICE that Plaintiff has this day served the following:

1.    Plaintiff's Requests for Production to Defendant(s).

A true and correct copy of this Notice has been served upon the Defendant along

with the document. The original pleadings are being retained in the possession of counsel

for the Plaintiff.

THIS, the 20th day of April, 2023.

Respectfully submitted,

/s Nick Norris
NICK NORRIS (MSB #101574)
Attorney for Plaintiff

OF COUNSEL:
WATSON & NORRIS, PLLC
4209 Lakeland Drive #365
Flowood, MS 39232
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
nick@watsonnorris.com

## CERTIFICATE OF SERVICE

I, Nick Norris, attorney for the Plaintiff, do hereby certify that I have this day served via ECF filing or by United States mail, postage prepaid, a true and correct copy of the above and foregoing document to all counsel of record.

SO CERTIFIED, the 20th day of April, 2023.

s/Nick Norris
NICK NORRIS

**IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI**
**FIRST JUDICIAL DISTRICT**

**MELANIE YOUNG**                                                                      **PLAINTIFF**

**v.**                                            **CIVIL ACTION NO.: 25CI1:22-cv-00618-EFP**

**MISSISSIPPI DEPARTMENT OF**                                              **DEFENDANT**
**CHILD PROTECTION SERVICES**

## NOTICE OF SERVICE

PLEASE TAKE NOTICE that Plaintiff has this day served the following:

1.    Plaintiff's Requests for Production to Defendant(s).

A true and correct copy of this Notice has been served upon the Defendant along

with the document.  The original pleadings are being retained in the possession of counsel

for the Plaintiff.

THIS, the 20th day of April, 2023.

Respectfully submitted,

/s Nick Norris
NICK NORRIS (MSB #101574)
Attorney for Plaintiff

OF COUNSEL:
WATSON & NORRIS, PLLC
4209 Lakeland Drive #365
Flowood, MS 39232
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
nick@watsonnorris.com

## **CERTIFICATE OF SERVICE**

I, Nick Norris, attorney for the Plaintiff, do hereby certify that I have this day served via ECF filing or by United States mail, postage prepaid, a true and correct copy of the above and foregoing document to all counsel of record.

SO CERTIFIED, the 20th day of April, 2023.

s/Nick Norris
NICK NORRIS

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

MELANIE YOUNG                                                    PLAINTIFF

V.                                          CAUSE NO. 25C 1:22-cv-00618-EFP

MISSISSIPPI DEPARTMENT OF
CHILD PROTECTION SERVICES                                      DEFENDANT

*Consolidated With*

ASHLEY FALGOUT                                                  PLAINTIFF

V.                                          CAUSE NO. 25C 1:22-cv-00619-DHG

MISSISSIPPI DEPARTMENT OF
CHILD PROTECTION SERVICES                                      DEFENDANT

### MOTION TO WITHDRAW AS COUNSEL OF RECORD

Comes now Morgan A. Middleton and files this Motion to Withdraw as Counsel of Record for Defendant Mississippi Department of Child Protection Services and, in support of the same, would show unto the Court as follows:

1.    Undersigned counsel, in her capacity as a Special Assistant Attorney General for the State of Mississippi, entered an appearance of behalf of the Defendant in these matters.

2.    Undersigned counsel would show that she is leaving her position as Special Assistant Attorney General and will be doing no further work on these matters.

3.    The Defendant will continue to be represented in these matters by Special Assistant Attorney General Bethany B. Johnson.

4.    No prejudice will occur to any of the parties if this motion is granted.

WHEREFORE PREMISES CONSIDERED, Morgan A. Middleton respectfully requests that this Court enter an order allowing her to withdraw as counsel of record for Defendant.

**DATE:  May 30, 2023.**

**MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES**, *Defendant*

**LYNN FITCH**
Attorney General of Mississippi

**BY:** /s/*Morgan A. Middleton*
Special Assistant Attorney General
Mississippi Bar No. 105969
Post Office Box 220
Jackson, Mississippi 39205-0220
Telephone: (601) 359-4721
E-mail: morgan.middleton@ago.ms.gov

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the ECF system which provided a copy to all counsel of record.

This, the 30th day of May, 2023.

*/s/ Morgan A. Middleton*
Morgan A. Middleton

2

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

MELANIE YOUNG                                          PLAINTIFF


V.                                                     CAUSE NO. 22-618


MISSISSIPPI DEPARTMENT OF CHILD
PROTECTION SERVICES                                    DEFENDANT


*Consolidated With*


ASHLEY FALGOUT                                         PLAINTIFF


V.                                     CAUSE NO. 25C 1:22-cv-00619-DHG


MISSISSIPPI DEPARTMENT OF
CHILD PROTECTION SERVICES                              DEFENDANT


### NOTICE OF APPEARANCE

Please take notice that C. Lee Lott hereby enters his appearance in the above-captioned matter as counsel on behalf of the Defendant herein.

All future e-filings, pleadings and correspondence should include C. Lee Lott at the address noted below.

    C. Lee Lott
    Special Assistant Attorney General – Civil
    550 High Street; Suite 1100 (39201)
    Post Office Box 220
    Jackson, MS 39205
    Email: lee.lott@ago.ms.gov

RESPECTFULLY SUBMITTED, this the 8th day of June, 2023.

> **MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES,** *Defendant*
>
> **LYNN FITCH, ATTORNEY GENERAL STATE OF MISSISSIPPI**
>
> /s/ *C. Lee Lott*
> Special Assistant Attorney General
> Mississippi Bar No. 10605
> Post Office Box 220
> Jackson, Mississippi 39205-0220
> Telephone: (601) 359-3847
> E-mail: lee.lott@ago.ms.gov

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have this day caused via the Court's electronic filing system, which provided a copy to all counsel of record.

This, the 8th day of June, 2023.

> /s/ *C. Lee Lott*
> Special Assistant Attorney General

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

**MELANIE YOUNG**                                                          **PLAINTIFF**

**V.**                                              **CAUSE NO. 25C 11=22-cv-00618-EFP**

**MISSISSIPPI DEPARTMENT OF CHILD
PROTECTION SERVICES DEFENDANT**

*consolidated with*

**ASHLEY FALGOUT**                                                        **PLAINTIFF**

**V.**                                              **CAUSE NO. 25C 11=22-cv-00619-DHG**

**MISSISSIPPI DEPARTMENT OF CHILD
PROTECTION SERVICES**                                                     **DEFENDANT**

### NOTICE OF SERVICE

PLEASE TAKE NOTICE that Plaintiff has this day served the following:

1.      Plaintiff's Interrogatories to Defendant(s).

A true and correct copy of this Notice has been served upon the Defendant along with the document.  The original pleadings are being retained in the possession of counsel for the Plaintiff.

THIS, the 28th day of July, 2023.

Respectfully submitted,

/s Nick Norris
NICK NORRIS (MSB #101574)
Attorney for Plaintiff

OF COUNSEL:
WATSON & NORRIS, PLLC
4209 Lakeland Drive #365
Flowood, MS 39232
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
nick@watsonnorris.com

## CERTIFICATE OF SERVICE

I, Nick Norris, attorney for the Plaintiff, do hereby certify that I have this day served via ECF filing or by United States mail, postage prepaid, a true and correct copy of the above and foregoing document to all counsel of record.

SO CERTIFIED, the 28th day of July, 2023.

s/Nick Norris
NICK NORRIS

2

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

**MELANIE YOUNG**                                                    **PLAINTIFF**

**V.**                                        **CAUSE NO. 25C 11=22-cv-00618-EFP**

**MISSISSIPPI DEPARTMENT OF CHILD**
**PROTECTION SERVICES DEFENDANT**

*consolidated with*

**ASHLEY FALGOUT**                                                   **PLAINTIFF**

**V.**                                        **CAUSE NO. 25C 11=22-cv-00619-DHG**

**MISSISSIPPI DEPARTMENT OF CHILD**
**PROTECTION SERVICES**                                           **DEFENDANT**

### NOTICE OF SERVICE

PLEASE TAKE NOTICE that Plaintiff has this day served the following:

1.      Plaintiff's Interrogatories to Defendant(s).

A true and correct copy of this Notice has been served upon the Defendant along with the document.  The original pleadings are being retained in the possession of counsel for the Plaintiff.

THIS, the 28th day of July, 2023.

                                        Respectfully submitted,

                                         /s Nick Norris
                                         NICK NORRIS (MSB #101574)
                                        Attorney for Plaintiff

OF COUNSEL:
WATSON & NORRIS, PLLC
4209 Lakeland Drive #365
Flowood, MS 39232
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
nick@watsonnorris.com

### CERTIFICATE OF SERVICE

I, Nick Norris, attorney for the Plaintiff, do hereby certify that I have this day served via ECF filing or by United States mail, postage prepaid, a true and correct copy of the above and foregoing document to all counsel of record.

SO CERTIFIED, the 28th day of July, 2023.

s/Nick Norris
NICK NORRIS

2

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**MELANIE YOUNG**                                                        **PLAINTIFF**

**V.**                                          **CAUSE NO. 25C 11=22-cv-00618-EFP**

**MISSISSIPPI DEPARTMENT OF CHILD**
**PROTECTION SERVICES DEFENDANT**

*consolidated with*

**ASHLEY FALGOUT**                                                       **PLAINTIFF**

**V.**                                          **CAUSE NO. 25C 11=22-cv-00619-DHG**

**MISSISSIPPI DEPARTMENT OF CHILD**
**PROTECTION SERVICES**                                                 **DEFENDANT**

### NOTICE OF SERVICE

PLEASE TAKE NOTICE that Plaintiff has this day served the following:

1.    Plaintiff's Second Set of Request for Production to Documents to Defendant(s).

A true and correct copy of this Notice has been served upon the Defendant along with the document.  The original pleadings are being retained in the possession of counsel for the Plaintiff.

THIS, the 28th day of July, 2023.

Respectfully submitted,

/s Nick Norris
NICK NORRIS (MSB #101574)
Attorney for Plaintiff

OF COUNSEL:
WATSON & NORRIS, PLLC
4209 Lakeland Drive #365
Flowood, MS 39232
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
nick@watsonnorris.com

## CERTIFICATE OF SERVICE

I, Nick Norris, attorney for the Plaintiff, do hereby certify that I have this day served via ECF filing or by United States mail, postage prepaid, a true and correct copy of the above and foregoing document to all counsel of record.

SO CERTIFIED, the 28th day of July, 2023.

s/Nick Norris
NICK NORRIS

2

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

MELANIE YOUNG                                                          PLAINTIFF

V.                                                    CAUSE NO. 25C 1:22-cv-00618-EFP

MISSISSIPPI DEPARTMENT OF
CHILD PROTECTION SERVICES                                            DEFENDANT

Consolidated With

ASHLEY FALGOUT                                                        PLAINTIFF

V.                                                    CAUSE NO. 25C 1:22-cv-00619-DHG

MISSISSIPPI DEPARTMENT OF
CHILD PROTECTION SERVICES                                            DEFENDANT

### UNOPPOSED MOTION FOR EXTENSION OF TIME TO
### RESPOND TO INTERROGATORIES AND REQUESTS FOR PRODUCTION

COMES NOW, Defendant, Mississippi Department of Child Protection Services, by and through counsel, and hereby requests a brief extension of time to serve its Responses to outstanding discovery, and would show unto the Court the following:

1. Plaintiff propounded Requests for Production to Defendant on June 7, 2023, and then propounded Interrogatories and Second Requests for Production on July 28.

2. Defendant and undersigned counsel are diligently reviewing the requests and seeking to locate or obtain responsive information. Due to various scheduling conflicts and workloads, Defendant needs additional time to serve its responses.

3. Accordingly, Defendant requests additional time to serve responses to all outstanding discovery until September 11, 2023.

4. Counsel for Plaintiff has been contacted and has no objection to this request.

WHEREFORE, Defendant respectfully requests that the aforegoing extension to serve its responses to all outstanding discovery be be granted.

RESPECTFULLY SUBMITTED, this the 11th day of August, 2023.

> **MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES,** *Defendant*
>
> **LYNN FITCH, ATTORNEY GENERAL STATE OF MISSISSIPPI**
>
> */s/ Bethany B. Johnson*
> Special Assistant Attorney General
> Mississippi Bar No. 10423
> P.O. Box 220
> Jackson, Mississippi 39205-0220
> Telephone: (601) 359-4245
> E-mail: Bethany.Johnson@ago.ms.gov

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have this day caused via the Court's electronic filing system, which provided a copy to all counsel of record.

This, the 11th day of August, 2023.

> */s/ Bethany B. Johnson*
> Special Assistant Attorney General

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

MELANIE YOUNG                                          PLAINTIFF

V.                                          CAUSE NO. 25C 1:22-cv-00618-EFP

MISSISSIPPI DEPARTMENT OF
CHILD PROTECTION SERVICES                              DEFENDANT

Consolidated With

ASHLEY FALGOUT                                          PLAINTIFF

V.                                          CAUSE NO. 25C 1:22-cv-00619-DHG

MISSISSIPPI DEPARTMENT OF
CHILD PROTECTION SERVICES                              DEFENDANT

### ORDER GRANTING DEFENDANTS'
### MOTION FOR EXTENSION OF TIME TO
### RESPOND TO INTERROGATORIES AND REQUESTS FOR PRODUCTION

THIS CAUSE having come before the Court on the motion of the Defendant, Mississippi Department of Child Protection Services for a brief extension of time to respond to outstanding discovery, 20-day extension of time to respond to Plaintiff's Discovery Requests, said motion appearing as Dkt. #18, and the Court, having considered the same and finding that the motion is unopposed, and otherwise being fully advised in the premises, finds that said motion is well taken and should be GRANTED.

IT IS, THEREFORE, ORDERED AND ADJUDGED that Defendant's motion for an extension until September 11, 2023 to respond to outstanding discovery [Dkt. #18] be and the same hereby is GRANTED, and Defendant shall have until and

including Monday, September 11, 2023, to file/serve its Responses to Plaintiff's outstanding discovery requests.

SO ORDERED AND ADJUDGED, this the 15 day of August, 2023.

_____
CIRCUIT COURT JUDGE

PRESENTED BY:

BETHANY B. JOHNSON (MS Bar 10423)
Special Assistant Attorney General
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi 39205-0220
Tel.: (601) 359-4245
Fax: (601) 359-2003
Bethany.Johnson@ago.ms.gov

ATTORNEY FOR DEFENDANT

Special Assistant Attorney General

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

MELANIE YOUNG                                                          **PLAINTIFF**

**V.**                                          CAUSE NO. 25C 1:22-cv-00618-EFP

MISSISSIPPI DEPARTMENT OF
CHILD PROTECTION SERVICES                               **DEFENDANT**

Consolidated With

ASHLEY FALGOUT                                                        **PLAINTIFF**

**V.**                                          CAUSE NO. 25C 1:22-cv-00619-DHG

MISSISSIPPI DEPARTMENT OF
CHILD PROTECTION SERVICES                               **DEFENDANT**

### DEFENDANT'S NOTICE OF SERVICE

**TO:   All Counsel of Record**

Pursuant to L.U.Civ.R. 5(d)(3), notice is hereby given that on Friday, July 14, 2023, I served the following discovery device(s)

Enter an (X) as appropriate:

|   | Initial Disclosures Pursuant to Rule 26(a)(1) to: |   |
|---|---|---|
| X | First Set of Interrogatories to: | Plaintiff, Ashley Falgout |
| X | First Set of Interrogatories to: | Plaintiff, Melanie Young |
| X | First Set of Requests for Production of Documents to: | Plaintiff, Ashley Falgout |
| X | First Set of Requests for Production of Documents to: | Plaintiff, Melanie Young |
|   | Requests for Admission to: |   |

Pursuant to L.U.Civ. R. 5(d)(3), I acknowledge my responsibilities as the custodian of the original(s) of the document(s) identified above.

RESPECTFULLY SUBMITTED, this the 7th day of September, 2023.

**MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES,** *Defendant*

**LYNN FITCH, ATTORNEY GENERAL STATE OF MISSISSIPPI**

*/s/ Bethany B. Johnson*
Special Assistant Attorney General
Mississippi Bar No. 10423
P.O. Box 220
Jackson, Mississippi 39205-0220
Telephone: (601) 359-4245
E-mail: Bethany.Johnson@ago.ms.gov

## CERTIFICATE OF SERVICE

I, Bethany B. Johnson, do hereby certify that I have this day filed the above-and-foregoing document via the Court's MEC system which provided an electronic copy of same to all counsel or record.

THIS, the 7th day of September, 2023.

*/s/ Bethany B. Johnson*
Special Assistant Attorney General

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

| | |
|---|---|
| **MELANIE YOUNG** | **PLAINTIFF** |
| **V.** | **CAUSE NO. 25C 1:22-cv-00618-EFP** |
| **MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES** | **DEFENDANT** |

**Consolidated With**

| | |
|---|---|
| **ASHLEY FALGOUT** | **PLAINTIFF** |
| **V.** | **CAUSE NO. 25C 1:22-cv-00619-DHG** |
| **MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES** | **DEFENDANT** |

### DEFENDANT'S NOTICE OF SERVICE

**TO:**   **All Counsel of Record**

Pursuant to L.U.Civ.R. 5(d)(3), notice is hereby given that on Tuesday, September 12, 2023, I served the following discovery device(s)

Enter an (X) as appropriate:

| X | Responses to Plaintiff's First Set of Requests for Production of Documents to: | Defendant |
|---|---|---|
| X | Responses to Plaintiff's First Set of Interrogatories to: | Defendant |
| X | Responses to Plaintiff's Second Set of Requests for Production of Documents to: | Defendant |

Pursuant to L.U.Civ. R. 5(d)(3), I acknowledge my responsibilities as the custodian of the original(s) of the document(s) identified above.

RESPECTFULLY SUBMITTED, this the 12th day of September, 2023.

>   **MISSISSIPPI DEPARTMENT OF CHILD**
>   **PROTECTION SERVICES,** *Defendant*
>
>   **LYNN FITCH, ATTORNEY GENERAL**
>   **STATE OF MISSISSIPPI**
>
>   */s/ Bethany B. Johnson*
>   Special Assistant Attorney General
>   Mississippi Bar No. 10423
>   P.O. Box 220
>   Jackson, Mississippi 39205-0220
>   Telephone: (601) 359-4245
>   E-mail: Bethany.Johnson@ago.ms.gov

## CERTIFICATE OF SERVICE

I, Bethany B. Johnson, do hereby certify that I have this day filed the above-and-foregoing document via the Court's MEC system which provided an electronic copy of same to all counsel or record.

THIS, the 12th day of September, 2023.

>   */s/ Bethany B. Johnson*
>   Special Assistant Attorney General

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

**MELANIE YOUNG**                                                    **PLAINTIFF**

**V.**                                                    **CAUSE NO. 25C 1:22-cv-00618-EFP**

**MISSISSIPPI DEPARTMENT OF**
**CHILD PROTECTION SERVICES**                                    **DEFENDANT**

**Consolidated With**

**ASHLEY FALGOUT**                                                    **PLAINTIFF**

**V.**                                                    **CAUSE NO. 25C 1:22-cv-00619-DHG**

**MISSISSIPPI DEPARTMENT OF**
**CHILD PROTECTION SERVICES**                                    **DEFENDANT**

### NOTICE OF SERVICE

PLEASE TAKE NOTICE that Plaintiff has this day served the following:

1.     Plaintiff, Melanie Young's Response to Interrogatories to Defendant(s).

A true and correct copy of this Notice has been served upon the Defendant along with the document. The original pleadings are being retained in the possession of counsel for the Plaintiff.

THIS, the 1st day of November, 2023.

Respectfully submitted,

/s Nick Norris
NICK NORRIS (MSB #101574)
Attorney for Plaintiff

OF COUNSEL:
WATSON & NORRIS, PLLC
4209 Lakeland Drive #365
Flowood, MS 39232
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
nick@watsonnorris.com

## CERTIFICATE OF SERVICE

I, Nick Norris, attorney for the Plaintiff, do hereby certify that I have this day served via ECF filing or by United States mail, postage prepaid, a true and correct copy of the above and foregoing document to all counsel of record.

SO CERTIFIED, the 1st day of November, 2023.

s/Nick Norris
NICK NORRIS

2

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**MELANIE YOUNG**                                    **PLAINTIFF**

**V.**                                    **CAUSE NO. 25C 1:22-cv-00618-EFP**

**MISSISSIPPI DEPARTMENT OF**
**CHILD PROTECTION SERVICES**                       **DEFENDANT**

**Consolidated With**

**ASHLEY FALGOUT**                                    **PLAINTIFF**

**V.**                                    **CAUSE NO. 25C 1:22-cv-00619-DHG**

**MISSISSIPPI DEPARTMENT OF**
**CHILD PROTECTION SERVICES**                       **DEFENDANT**

### NOTICE OF SERVICE

PLEASE TAKE NOTICE that Plaintiff has this day served the following:

1.    Plaintiff, Melanie Young's Response to Request for Production of Document to Defendant(s).

A true and correct copy of this Notice has been served upon the Defendant along with the document. The original pleadings are being retained in the possession of counsel for the Plaintiff.

THIS, the 1st day of November, 2023.

Respectfully submitted,

/s Nick Norris
NICK NORRIS (MSB #101574)
Attorney for Plaintiff

OF COUNSEL:
WATSON & NORRIS, PLLC
4209 Lakeland Drive #365
Flowood, MS 39232
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
nick@watsonnorris.com

## CERTIFICATE OF SERVICE

I, Nick Norris, attorney for the Plaintiff, do hereby certify that I have this day served via ECF filing or by United States mail, postage prepaid, a true and correct copy of the above and foregoing document to all counsel of record.

SO CERTIFIED, the 1st day of November, 2023.

<u>s/Nick Norris</u>
NICK NORRIS

**IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI**
**FIRST JUDICIAL DISTRICT**

**MELANIE YOUNG**                                          **PLAINTIFF**

**V.**                                     **CAUSE NO. 25C 1:22-cv-00618-EFP**

**MISSISSIPPI DEPARTMENT OF**
**CHILD PROTECTION SERVICES**                         **DEFENDANT**

**Consolidated With**

**ASHLEY FALGOUT**                                       **PLAINTIFF**

**V.**                                    **CAUSE NO. 25C 1:22-cv-00619-DHG**

**MISSISSIPPI DEPARTMENT OF**
**CHILD PROTECTION SERVICES**                         **DEFENDANT**

## NOTICE OF SERVICE

PLEASE TAKE NOTICE that Plaintiff has this day served the following:

1.      Plaintiff, Ashley Falgout's Response to Interrogatories to Defendant(s).

A true and correct copy of this Notice has been served upon the Defendant along with the document.  The original pleadings are being retained in the possession of counsel for the Plaintiff.

THIS, the 1st day of November, 2023.

Respectfully submitted,

/s Nick Norris
NICK NORRIS (MSB #101574)
Attorney for Plaintiff

OF COUNSEL:
WATSON & NORRIS, PLLC
4209 Lakeland Drive #365
Flowood, MS 39232
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
nick@watsonnorris.com

## CERTIFICATE OF SERVICE

I, Nick Norris, attorney for the Plaintiff, do hereby certify that I have this day served via ECF filing or by United States mail, postage prepaid, a true and correct copy of the above and foregoing document to all counsel of record.

SO CERTIFIED, the 1st day of November, 2023.

<u>s/Nick Norris</u>
NICK NORRIS

2

Case: 25CI1:22-cv-00619-DHG    Document #: 25    Filed: 11/01/2023    Page 1 of 2

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

**MELANIE YOUNG**                                          **PLAINTIFF**

**V.**                                          **CAUSE NO. 25C 1:22-cv-00618-EFP**

**MISSISSIPPI DEPARTMENT OF**
**CHILD PROTECTION SERVICES**                            **DEFENDANT**

**Consolidated With**

**ASHLEY FALGOUT**                                          **PLAINTIFF**

**V.**                                          **CAUSE NO. 25C 1:22-cv-00619-DHG**

**MISSISSIPPI DEPARTMENT OF**
**CHILD PROTECTION SERVICES**                            **DEFENDANT**

### NOTICE OF SERVICE

PLEASE TAKE NOTICE that Plaintiff has this day served the following:

1.    Plaintiff, Ashley Falgout's Response to Request for Production to Defendant(s).

A true and correct copy of this Notice has been served upon the Defendant along with the document.  The original pleadings are being retained in the possession of counsel for the Plaintiff.

THIS, the 1st day of November, 2023.

Respectfully submitted,

/s Nick Norris
NICK NORRIS (MSB #101574)
Attorney for Plaintiff

OF COUNSEL:
WATSON & NORRIS, PLLC
4209 Lakeland Drive #365
Flowood, MS 39232
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
nick@watsonnorris.com

## CERTIFICATE OF SERVICE

I, Nick Norris, attorney for the Plaintiff, do hereby certify that I have this day

served via ECF filing or by United States mail, postage prepaid, a true and correct copy

of the above and foregoing document to all counsel of record.

SO CERTIFIED, the 1st day of November, 2023.

s/Nick Norris
NICK NORRIS

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

MELANIE YOUNG                                                  PLAINTIFF

V.                                          CAUSE NO. 25C I 1:22-cv-00618-EFP

MISSISSIPPI DEPARTMENT OF CHILD
PROTECTION SERVICES                                           DEFENDANT

*consolidated with*

ASHLEY FALGOUT                                                PLAINTIFF

V.                                          CAUSE NO. 25C I 1:22-cv-00619-DHG

MISSISSIPPI DEPARTMENT OF CHILD
PROTECTION SERVICES                                           DEFENDANT

### AGREED AMENDED SCHEDULING ORDER

In accordance with M.R.C.P. 26(c), and to provide for the regular and orderly progression of the above-styled and numbered cause, it is hereby ORDERED:

1.     That counsel in the above numbered action will initiate and complete all discovery authorized by the Mississippi Rules of Civil Procedure on or before January 31, 2025, including evidentiary depositions but not expert depositions and depositions of medical providers. No further discovery except the above depositions will be permitted thereafter except by written stipulation of counsel or upon a showing of good cause and pursuant to order of this Court. The deadline for completion of

discovery may be shortened or enlarged upon request of a party and/or by a showing of good cause.

2.    Plaintiff's expert witnesses which are expected to be called as an expert witness at trial shall be designated according to applicable law and rules no later than September 13, 2024.  The Court shall allow subsequent designation and/or discovery of expert witnesses upon a showing of good cause.

3.    Defendant's expert witnesses which are expected to be called as an expert witness at trial shall be designated according to applicable law and rules no later than October 25, 2024.  The Court shall allow subsequent designation and/or discovery of expert witnesses upon a showing of good cause.

4.    All dispositive motions, shall be filed on or before February 28, 2025.

5.    All other motions, including evidentiary *in limine* motions and all other non-dispositive motions shall be served no later than 30 days prior to Trial. Responses thereto shall be filed within 14 days after the motions *in limine* are filed. All replies to the responses shall be filed within 7 days of the responses.

6.    The trial date will be set by a separate Order.

7.    Deadlines may be extended by agreement of the parties by way of an agreed Order filed by the Parties, or by permission of the Court upon showing of good cause.

SO ORDERED this the _23_ day of _April_, 2024.

_____

HONORABLE FAYE PETERSON
HINDS COUNTY CIRCUIT COURT JUDGE

Case: 25CI1:22-cv-00619-DHG    Document #: 26    Filed: 04/22/2024    Page 3 of 3

AGREED TO BY:

_/s/ Nick Norris_
Nick Norris
Attorney for Plaintiffs

_/s/ Bethany B. Johnson_
Bethany B. Johnson
Attorney for Defendant

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

MELANIE YOUNG                              **PLAINTIFF**

**V.**                      **CAUSE NO. 25C 1:22-cv-00618-EFP**

MISSISSIPPI DEPARTMENT OF
CHILD PROTECTION SERVICES            **DEFENDANT**

**Consolidated With**

ASHLEY FALGOUT                         **PLAINTIFF**

**V.**                      **CAUSE NO. 25C 1:22-cv-00619-DHG**

MISSISSIPPI DEPARTMENT OF
CHILD PROTECTION SERVICES            **DEFENDANT**

## NOTICE OF APPEARANCE

Please take notice that Lindsay Thomas Dowdle hereby enters her appearance in the above-captioned matter as additional counsel on behalf of the Defendant, Mississippi Department of Child Protection Services.

All future e-filings, pleadings and correspondence should include Lindsay Thomas Dowdle at the address noted below.

> Lindsay Thomas Dowdle
> Special Assistant Attorney General – Civil
> 550 High Street; Suite 1100 (39201)
> Post Office Box 220
> Jackson, MS  39205
> Email:  lindsay.dowdle@ago.ms.gov

**RESPECTFULLY SUBMITTED**, this the 22nd day of July, 2024.

> **MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES, *Defendant***
>
> **LYNN FITCH, ATTORNEY GENERAL STATE OF MISSISSIPPI**
>
> */s/ Lindsay Thomas Dowdle*
> Special Assistant Attorney General
> Mississippi Bar No. 102873
> P.O. Box 220
> Jackson, Mississippi 39205-0220
> Telephone: (601) 359-3020
> E-mail: lindsay.dowdle@ago.ms.gov

## CERTIFICATE OF SERVICE

I, Lindsay Thomas Dowdle, do hereby certify that I have this day filed the above-and-foregoing document via the Court's MEC system which provided an electronic copy of same to all counsel or record.

THIS, the 22nd day of July, 2024.

> */s/ Lindsay Thomas Dowdle*
> Special Assistant Attorney General

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

MELANIE YOUNG                                        **PLAINTIFF**

V.                             **CAUSE NO. 25C 1:22-cv-00618-EFP**

MISSISSIPPI DEPARTMENT OF
CHILD PROTECTION SERVICES                    **DEFENDANT**

*Consolidated With*

ASHLEY FALGOUT                                **PLAINTIFF**

V.                             **CAUSE NO. 25C 1:22-cv-00619-DHG**

MISSISSIPPI DEPARTMENT OF
CHILD PROTECTION SERVICES                    **DEFENDANT**

## MOTION TO WITHDRAW AS COUNSEL OF RECORD

Comes now Clarence Lee Lott and files this Motion to Withdraw as Counsel of Record for Defendant Mississippi Department of Child Protection Services and, in support of the same, would show unto the Court as follows:

1.      Undersigned counsel, in his capacity as a Special Assistant Attorney General for the State of Mississippi, entered an appearance on behalf of the Defendant in these matters.

2.      Undersigned counsel would show that he is leaving his position with the Attorney General's Office of the State of Mississippi and will be doing no further work on this matter.

3.      The Defendant will continue to be represented in this matter by Special Assistant Attorneys General Bethany B. Johnson and Lindsay Thomas Dowdle.

4.      No prejudice will occur to any of the parties if this motion is granted.

WHEREFORE PREMISES CONSIDERED, Clarence Lee Lott respectfully requests that this Court enter an order allowing him to withdraw as counsel of record for Defendant.

Respectfully submitted this the 23rd day of July, 2024.

**MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES,** *Defendant*

**LYNN FITCH**
Attorney General of Mississippi

**BY:** /s/ *Clarence Lee Lott*
Special Assistant Attorney General
Mississippi Bar No. 10605
Post Office Box 220
Jackson, Mississippi 39205-0220
Telephone: (601) 359-3847
E-mail: lee.lott@ago.ms.gov

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the ECF system which provided a copy to all counsel of record.

This, the 23rd day of July, 2024.

/s/ *Clarence Lee Lott*
Clarence Lee Lott

2

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

MELANIE YOUNG                                                    PLAINTIFF

V.                                          CAUSE NO. 25C 1:22-cv-00618-EFP

MISSISSIPPI DEPARTMENT OF
CHILD PROTECTION SERVICES                              DEFENDANT

*Consolidated With*

ASHLEY FALGOUT                                                  PLAINTIFF

V.                                          CAUSE NO. 25C 1:22-cv-00619-DHG

MISSISSIPPI DEPARTMENT OF
CHILD PROTECTION SERVICES                              DEFENDANT

## ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL OF RECORD

BEFORE THIS COURT, the motion [Dkt. 28] by Clarence Lee Lott to withdraw as counsel for Defendant Mississippi Department of Child Protection Services ("Defendant") in this matter. The Court, having considered the motion finds that it is well taken and should be GRANTED.

IT IS THEREFORE ORDERED AND ADJUDGED that Clarence Lee Lott is hereby withdraw as counsel of record for Defendant in this action, and that Bethany B. Johnson and Lindsay Thomas Dowdle remain as counsel of record for Defendant.

SO ORDERED this the ___29___ day of ___July___, 2024.

_____
CIRCUIT COURT JUDGE

Prepared and Submitted by:

_____

Clarence Lee Lott (MSB # 10605)
Special Assistant Attorney General
Post Office Box 220
Jackson, Mississippi 39205
Telephone: (601) 359-3847
Email: lee.lott@ago.ms.gov

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI

**MELANIE YOUNG AND ASHLEY**             **PLAINTIFFS**
**FALGOUT**

**v.**                            **CIVIL ACTION NO.: 25CI1:22-cv-00618-EFP**

**MISSISSIPPI DEPARTMENT OF**            **DEFENDANT**
**CHILD PROTECTION SERVICES**

### PLAINTIFFSS' UNOPPOSED MOTION FOR LEAVE
### TO FILE AMENDED COMPLAINT

COMES NOW, Plaintiffs in the above numbered and styled cause, and moves the Court for leave to file their Amended Complaint.  In support thereof, Plaintiffs would show as follows:

1.     On September 22, 2022, Plaintiffs filed their Complaint against Defendant.

2.     Plaintiff now desires to amend her Complaint to add a claim for retaliation under the False Claims Act.  Attached as Exhibit "A" is Plaintiff's proposed Amended Complaint

3.     Mississippi Rule of Civil Procedure 15(a) provides that leave to amend must be "freely given when justice so requires."  Miss. R. Civ.P. 15(a).  Further, a Motion to Amend should be granted unless there is a "substantial reason" to deny leave to amend.

4.     Plaintiffs argue that justice would not be served if the Motion to Amend the Complaint were denied.  Further, Plaintiffs allege that no substantial reason exists that would justify the denial of the amendment.

5.     Defendant has no objection to this request.

6.     Due to the nature of this Motion, Plaintiffs respectfully requests that the requirement of a supporting memorandum of authorities be waived.

WHEREFORE PREMISES CONSIDERED, Plaintiffs respectfully requests that they be granted leave to file their Amended Complaint.

THIS, the 9th day of September, 2024.

Respectfully submitted,

/s Nick Norris
NICK NORRIS (MSB#101574)
Attorney for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive #365
Flowood, MS 39232
Phone: (601) 968-0000
Facsimile: (601) 968-0010
nick@watsonnorris.com

## CERTIFICATE OF SERVICE

I, Nick Norris, attorney for Plaintiff do hereby certify that I have this day filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing or mailed, via United States Mail, postage prepaid, on all counsel of record.

THIS, the 9th day of September, 2024.

/s  Nick Norris
NICK NORRIS

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

**MELANIE YOUNG AND**
**ASHLEY FALGOUT**                                                    **PLAINTIFFS**

**v.**                                              **CAUSE NO.: 1:22-CV-00618-EFP**

**MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES**          **DEFENDANT**

### FIRST AMENDED COMPLAINT
### <u>JURY TRIAL DEMANDED</u>

      **COMES NOW** the Plaintiffs, Melanie Young and Ashley Falgout, by and through counsel, Watson & Norris, PLLC, and files this action to recover damages for the actions of Defendant Mississippi Department of Child Protection Services, which constitute the tort of outrage/intentional infliction of emotional distress (IIED), wrongful termination and violation of the False Claims act. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

### <u>THE PARTIES</u>

      1.    Plaintiff, Melanie Young, is an adult female who resides in Madison County, Mississippi.

      2.    Plaintiff, Ashley Falgout, is an adult female who resides in Madison County, Mississippi.

      3.    Defendant, Mississippi Department of Child Protection Services, may be served with process by serving Lynn Fitch, Attorney General for the State of Mississippi, 550 High Street, Jackson, Mississippi 39201.

### <u>JURISDICTION AND VENUE</u>

Exhibit "A"

4.      This court has subject matter and personal jurisdiction over the Defendant and venue is proper in this Court.

5.      Pursuant to *Miss. Code Ann*. § 11-46-11, *et seq*., Plaintiff timely sent Defendant the required Notice of Claim on June 15, 2022, via Certified Mail, Return Receipt Requested which was received by Defendant on or about June 17, 2022. Plaintiff has not received a notice of denial of claim and the 95-day tolling period has now expired. Thus, Plaintiff timely files these claims pursuant to *Miss. Code Ann*. § 11-46-11, *et seq*.

## STATEMENT OF FACTS

6.      Plaintiff Melanie Young was hired on October 1, 2020, as a Special Projects Officer IV (Education Liaison) at the Mississippi Department of Child Protection Services (MDCPS).

7.      Plaintiff Ashley Falgout was hired on July 1, 2009, as a Program Administrator of Independent Living at the Mississippi Department of Child Protection Services (MDCPS).

8.      Ms. Falgout was promoted a couple more times and then on October 1, 2020, she was promoted to the position of Bureau Director II.

9.      In this new role, Ms. Falgout's immediate supervisor was Deputy Director of Permanency Marcus Davenport.

10.      Ms. Falgout co-developed the Youth Transition Support Services (YTSS) program in 2017.

11.      In 2018, the YTSS program was moved under the Permanency Unit.

2

12.     In June 2020, Ms. Falgout was named the Interim Bureau Director over the YTSS program.

13.     In July 2020, Mr. Davenport called a YTSS unit meeting in July 2020 at which time he addressed Ms. Falgout and others and stated, "Your work is garbage, and y'all need to do better."

14.     In October 2020, Mr. Davenport initiated a personal relationship with Ms. Falgout that consisted of lunches, dinners, phone conversations, and Face Time conversations.

15.     In early 2021, Plaintiff Young, Special Projects Officer IV (Education Liaison) at the Mississippi Department of Child Protection Services (MDCPS), discovered that MDCPS officials were routinely signing the Individualized Educations Plans (IEPs) for children in foster care covered by the Individuals with Disabilities and Education Act (IDEA).

16.     According to the IDEA, only the legal parent or guardian of IDEA children are permitted to sign IEPs for purposes of special education decision making. The State of Mississippi through its agencies have entered into numerous federal grants with the United States Department of Human Services, which require Defendant to comply with the IDEA.

17.     This ongoing legal violation impacted many of the children/youth under the charge of MDCPS and their biological parents.

18.     On February 8, 2021, Plaintiffs met with Mr. Davenport to address the above-mentioned legal violation being perpetrated against MDCPS children/youth and their biological parents.

19.     On April 1, 2021, Plaintiff Young was promoted to the position of Division Director II.

20.     At that time, Plaintiff Young continued in her role as Education Liaison but also took on this new position.

21.     In this new role, Plaintiff Young's immediate supervisor was Bureau Director II, Plaintiff Falgout.

22.     On May 5, 2021, Claimant emailed Strategy and Policy Attorney Kimberly Gore. In that email, among many questions, Claimant inquired of Ms. Gore, "In terms of special education, can MDCPS legally serve as the [Individuals with Disabilities Education Act] (IDEA) parent?"

23.     When Ms. Gore responded, the response to that question was the following: "No."

24.     The definition of parent under 20 U.S.C. § 1401(23)(B) specifically excludes the State. 20 U.S.C. § 1415(b)(2)(A) also provides that the surrogate parent "shall not be an employee of the State educational agency, the local educational agency, or any other agency that is involved in the education or care of the child." MDCPS cannot act as the surrogate parent because it is an agency involved in the care of the child."

25.     On May 19, 2021, Plaintiff Falgout emailed Deputy Commissioner of Child Welfare Kimberly Wheaton (i.e., Mr. Davenport's direct report) to express her concerns.

4

26.    Given the response Plaintiffs received from the legal department (i.e., Ms. Gore and others), it was clear that MDCPS officials were not legally allowed to serve as IDEA parents.

27.    Plaintiffs were now reaching out to Ms. Wheaton so that MDCPS could appropriately revise its policy and practice.

28.    On June 3, 2021, Plaintiffs met with Mr. Davenport to discuss education concerns.

29.    At that meeting Plaintiffs provided Mr. Davenport with a document entitled Y TSS Education Plan.

30.    On that document, the second item stated: "IDEA Parent" We MUST have a special education decision maker for each child requiring special education and related services.  MDCPS/MDCPS employees CAN NOT serve in this role per federal law. Therefore, until this is addressed the validity of each child/youth's IEP is compromised, the services they are to receive may be interrupted, MDCPS employees' ability to effectively advocate on behalf child/youth is diminished, and the Agency is positioned to experience legal repercussions."

31.    Plaintiff Young presented this document to Mr. Davenport as part of a plan on how to move forward addressing the education-related issues.

32.    Plaintiff Young presented this and other items to Mr. Davenport in the hopes of moving forward with a revision of policy (i.e., to comply with federal law and federal block grants) and practical change.

33.    The following issues with not following the federal block grants was presented to Mr. Davenport:

- Not enrolling children/youth in school in accordance with federal and state compulsory school laws
- Not creating educational plans for children/ youth as required by ESSA and Fostering Connections Act
- Not creating Transitional Living Plans for youth age 17 and older per Title IV-E of the SSA
- Not providing housing support for youth age 18 and older per Title IV-E of the SSA
- Signing IEPs for youth in foster care and denying them the legal protections for students with disabilities under IDEA
- Not coordinating with MDE or the local school districts to ensure the educational stability mandated by ESSA and Fostering Connections
- Not allowing youth to remain in their school of origin as ordered by ESSA
- Not allowing biological parents/guardians to participate in the educational decisions for youth in foster care as stated in IDEA and ESSA
- Not collecting educational data required by ACF, CB and the SSA
- Reporting fraudulent data to the federal government surrounding Independent Living and education which affects federal funding
- Denying children and youth FAPE as guaranteed by IDEA

34.    In response, however, Mr. Davenport gave no clear resolution, feedback, or guidance on how to proceed with this issue.

35.    Rather than supporting Plaintiff Young in this endeavor, Mr. Davenport responded, "Education isn't a priority for me." The State of Mississippi through its state agencies have continued to violate the federal grants it entered into by failing to provide a surrogate parent for IEP meetings so that children in its care can have independent representation pursuant to federal law.

36.    Plaintiffs attempted to explain to Mr. Davenport that they had addressed the matter via email with MDCPS's legal department (i.e., Ms. Gore, Anna Claire Steel) and then they had further addressed the matter with Ms. Wheaton.

37.    When they asked Mr. Davenport how these issues of federal law and agency policy/practice were to be resolved, Mr. Davenport directed them to "Continue doing like we have always done, because there haven't been any problems - per Kimberly Wheaton".

38.    Plaintiffs requested this directive be given to them in writing, but Mr. Davenport denied this request.

39.    Plaintiffs then stated to Mr. Davenport that she refused to knowingly participate, allow to continue, or instruct her direct reports or agency members to engage in illegal practices.

40.    Mr. Davenport then directed Plaintiff Young to cease all work she was doing to coordinate between MDCPS, the Mississippi Department of Education (MDE) and the American Bar Association – Legal Center for Foster Care and Education and Casey Family Programs (ABA).

7

41.    This directive barred Plaintiffs from effectively fulfilling her role and responsibilities on behalf of the children/youth of MDCPS.

42.    Following these events (in early June 2021), Plaintiff Falgout's personal relationship with Mr. Davenport began to change.

43.    Mr. Davenport discontinued all personal engagements with Plaintiff Falgout, and he limited his interaction to only formal professional engagement.

44.    Beginning around this time, Mr. Davenport told Plaintiff Falgout, on several occasions, either directly or by inference, that Commissioner Andrea Sanders wanted Plaintiff Falgout gone from MDCPS.

45.    Mr. Davenport portrayed himself to Plaintiff Falgout as attempting to protect her from those who wanted her removed.

46.    These statements conflicted with Ms. Sanders' direct interactions with Plaintiff Falgout, wherein she (Ms. Sanders) consistently expressed positive approval regarding Plaintiff. Falgout's job performance.

47.    Increasingly, Mr. Davenport began interfering in Plaintiff Falgout's work duties.

48.    Unbeknownst to Ms. Falgout, Mr. Davenport met with service providers and community partners, with whom Ms. Falgout had long standing professional relationships, and attempted to undermine her (Ms. Falgout's) position and professional credibility.

49.    Mr. Davenport began directly contacting Ms. Falgout's staff and division directors (i.e., bypassing her) and questioning them about routine work matters.

8

50.    Ms. Falgout's staff began contacting her, expressing confusion as to why Mr. Davenport was questioning them.

51.    Ms. Falgout addressed this confusion to Mr. Davenport, who merely responded, "It's my right."

52.    Mr. Davenport negotiated service contracts to be paid out of the Independent Living – John H. Chafee Foster Care Independence Program budget without Plaintiff's knowledge, consent, or input.

53.    Mr. Davenport increasingly micromanaged Ms. Falgout's work duties and schedule.    He prohibited Ms. Falgout from communicating with other departments and he often instructed personnel in other departments to communicate directly with him, i.e., not with Ms. Falgout.

54.    On several occasions, Ms. Falgout attempted to address the way Mr. Davenport was interfering with her ability to fulfill her role as a Bureau Director.

55.    Ms. Falgout asked that Mr. Davenport put her job description/requirements in writing.

56.    Mr. Davenport responded that he would provide Ms. Falgout with a performance review, but she never received it.

57.    Mr. Davenport's interference with Ms. Falgout's work significantly interfered with any productive work in the YTSS program.

58.    Mr. Davenport effectively blocked this program, resulting in children and youth being denied services.

59.     In July 2021, Ms. Falgout met with Ms. Wheaton to discuss her (Ms. Falgout's) concerns about how Mr. Davenport was interfering with her (Ms. Falgout's) ability to perform her job.

60.     Ms. Wheaton responded that she would address the matter with Mr. Davenport.

61.     Also, around the first week of July 2021, Plaintiff and Ms. Falgout were called to Mr. Davenport's office.

62.     At that time, Ms. Davenport informed Plaintiff and Ms. Falgout that YTSS Federal Reporting designee and Education Liaison Cynthia Moore-Hardy had raised some concerns to him that he felt needed to be addressed.

63.     It is noteworthy that Ms. Moore-Hardy was a direct report to Plaintiff and as recently as April 2021 Plaintiff had confronted Ms. Moore-Hardy regarding issues of insubordination and inadequate work performance.

64.     Between April and July 2021, Plaintiff had discussed Ms. Moore-Hardy's problematic work performance with Mr. Davenport.

65.     Mr. Davenport had directed Plaintiff to submit documentation to Human Resources and had, on one occasion, stated that she (Ms. Moore-Hardy) should be terminated.

66.     In the second week of July 2021, however, Mr. Davenport radically shifted his position.

67.     Mr. Davenport called a meeting with Plaintiff, Ms. Falgout, and Ms. Moore-Hardy, in which Ms. Moore-Hardy verbalized allegations against Plaintiff.

68.    When Plaintiff attempted to speak up to defend herself, Mr. Davenport berated her and alleged that as a Division Director she was not allowed to respond.

69.    Mr. Davenport then turned to Ms. Falgout and stated that she (Ms. Falgout) had failed by allowing Plaintiff to defend herself.

70.    Ms. Falgout responded to Mr. Davenport, stating that he was wrong and was handling the entire situation incorrectly.

71.    On July 30, 2021, Director of Human Resources Jason Hulitt conducted an interview with Plaintiff Young.

72.    Prior to the interview, Mr. Hulitt told Plaintiff Young he was going to conduct an employee engagement interview.

73.    When the interview occurred, however, the aggressively interrogating nature of the interview was surprising to Plaintiff Young.

74.    In this interview, Mr. Hulitt asked Plaintiff about her relationship with Ms. Falgout, her direct reports, and Mr. Davenport (i.e., did Plaintiff have a relationship with

75.    Ms. Falgout outside of work? how long has she known Ms. Falgout? What was her relationship like with Mr. Davenport? how did she get along with her direct reports? etc.).

76.    Mr. Hulitt asked Plaintiff Young how long she had been with the agency, how long she had been a Division Director, and what made her qualified to hold her position.

77.    Mr. Hulitt asked Plaintiff Young about the unit she oversaw, its role and responsibilities.

78.   Mr. Hulitt insinuated that Plaintiff's professional and educational background were inadequate to qualify her for the position she held.

79.   In August 2021, Mr. Hulitt met with Ms. Falgout, as well, for an employee engagement interview.

80.   During this interview, Mr. Hulitt asked Ms. Falgout general questions, work-related questions, questions about her unit, and other topics.

81.   Ms. Falgout explained to Mr. Hulitt about how Mr. Davenport had interfered with her ability to perform her job and how both she and the unit were affected.

82.   Both employee engagement interviews with Plaintiffs were recorded by Mr. Hulitt, using his state issued cell phone.

83.   Beginning in August 2021, Mr. Davenport discontinued all communication with Plaintiff.

84.   On September 14, 2021, both Plaintiffs were terminated, allegedly due to "falsification of time records."

85.   Both Plaintiffs were salaried employees of MDCPS.

86.   Their time sheets merely consisted of the dates and the hours they worked on those dates.

87.   Following this vague allegation by MDCPS, no explanation as to how the time sheets were allegedly 'falsified' was given.

88.   Both Plaintiffs filed appeals with the Mississippi State Personnel Board.

89.    Plaintiffs will lose, at a minimum, approximately $60,000 of income in pay plus benefits per year.

## CAUSES OF ACTION

### COUNT I:  TORT OF OUTRAGE-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

90.    Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 89 above as if fully incorporated herein.

91.    By its actions described above, the Defendant intentionally inflicted emotional distress upon Plaintiffs.

92.    The Defendant's actions have been such to evoke outrage and revulsion.

93.    The Defendant's actions are malicious, willful, wanton, grossly careless, indifferent and reckless.

94.    The effect of the Defendant's actions on Plaintiffs were reasonably foreseeable.

95.    Plaintiffs have suffered injury as a result of the Defendant's actions.

96.    As such, Plaintiffs are seeking an award of compensatory damages in an amount to be determined by the jury to fully compensate her for the Defendant's actions.

97.    In addition, the Defendant's actions were done maliciously with the intent to cause Plaintiffs' injury.

### COUNT II: WRONGFUL TERMINATION

98.    Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 97 above as if fully incorporated herein.

99.    The acts of the Defendant described above constitute a willful and intentional violation of federal law, state law and/or Mississippi public policy which constitutes the tort of wrongful termination and entitles Plaintiffs to damages.

### COUNT III:  VIOLATION OF FALSE CLAIMS ACT.

100.    Plaintiffs re-alleges and incorporates all averments set forth in paragraphs 1 through 99 above as if fully incorporated herein.

101.    Defendant has violated the False Claims Act by terminating Plaintiffs in retaliation for reporting its violation of federal law, which violated the federal grants the State of Mississippi has entered into through its agencies with the federal government.

### PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1.    Back wages and reinstatement; or
2.    Future wages in lieu of reinstatement;
3.    Double back wages;
4.    Compensatory damages;
5.    Attorney's fees;
6.    Lost benefits;
7.    Pre-judgment and post-judgment interest;
8.    Costs and expenses; and
9.    Such further relief as is deemed just and proper.

THIS the _____ day of September 2024.

Respectfully submitted,

MELANIE YOUNG, Plaintiff

By: /s/Louis H. Watson, Jr.
    Louis H. Watson, Jr.  (MB# 9053)
    Nick Norris (MB# 101574)
    Attorneys for Plaintiff


OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, MS 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
Web:  www.watsonnorris.com

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

MELANIE YOUNG                                           **PLAINTIFF**

V.                                    CAUSE NO. 25C｜1:22-cv-00618-EFP

MISSISSIPPI DEPARTMENT OF CHILD
PROTECTION SERVICES                                    **DEFENDANT**

*consolidated with*

ASHLEY FALGOUT                                         **PLAINTIFF**

V.                                    CAUSE NO. 25C｜1:22-cv-00619-DHG

MISSISSIPPI DEPARTMENT OF CHILD
PROTECTION SERVICES                                    **DEFENDANT**

## ORDER GRANTING PLAINTIFF'S UNOPPOED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

This matter having come before the Court on *Plaintiffs' Unopposed Motion for Leave to File Amended Complaint,* [Doc. #30 in 22-cv-000619] filed in the underlying action and the Court having considered that Plaintiffs' Unopposed Motion will simplify and streamline this action and promote judicial economy, hereby finds that the Motion is well taken as well as unopposed,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that: 1) Plaintiffs will be granted leave of Court for five days to file the proposed Amended Complaint; and 2) Defendants reserve all defenses available to the Defendants' of the case.

1

*Plaintiff's Unopposed Motion for Leave to file Amended Complaint* in the above-referenced matters, is hereby GRANTED.

SO ORDERED, this the ___ day of September 2024.

_____
HONORABLE FAYE PETERSON
HINDS COUNTY CIRCUIT COURT JUDGE

SUBMITTED BY:

Nick Norris, Esq. (MSB # 101574)
Watson & Norris, PLLC
4209 Lakeland Dr # 365
Flowood, MS 39232
Tel: (601) 968-0000
Fax: (601) 968-0010
E-mail: nick@watsonnorris.com
Attorney for Plaintiffs

2

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**MELANIE YOUNG AND**
**ASHLEY FALGOUT**                                          **PLAINTIFFS**

**v.**                                          **CAUSE NO.: 1:22-CV-00618-EFP**

**MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES**     **DEFENDANT**

### FIRST AMENDED COMPLAINT
### <u>JURY TRIAL DEMANDED</u>

**COMES NOW** the Plaintiffs, Melanie Young and Ashley Falgout, by and through

counsel, Watson & Norris, PLLC, and files this action to recover damages for the actions

of Defendant Mississippi Department of Child Protection Services, which constitute the

tort of outrage/intentional infliction of emotional distress (IIED), wrongful termination and

violation of the False Claims act.  In support of this cause, the Plaintiff would show unto

the Court the following facts to-wit:

### <u>THE PARTIES</u>

1.      Plaintiff, Melanie Young, is an adult female who resides in Madison County,

Mississippi.

2.      Plaintiff, Ashley Falgout, is an adult female who resides in Madison County,

Mississippi.

3.      Defendant, Mississippi Department of Child Protection Services, may be

served with process by serving Lynn Fitch, Attorney General for the State of Mississippi,

550 High Street, Jackson, Mississippi 39201.

### <u>JURISDICTION AND VENUE</u>

1

4.      This court has subject matter and personal jurisdiction over the Defendant and venue is proper in this Court.

5.      Pursuant to *Miss. Code Ann.* § 11-46-11, *et seq.*, Plaintiff timely sent Defendant the required Notice of Claim on June 15, 2022, via Certified Mail, Return Receipt Requested which was received by Defendant on or about June 17, 2022. Plaintiff has not received a notice of denial of claim and the 95-day tolling period has now expired. Thus, Plaintiff timely files these claims pursuant to *Miss. Code Ann.* § 11-46-11, *et seq.*

## STATEMENT OF FACTS

6.      Plaintiff Melanie Young was hired on October 1, 2020, as a Special Projects Officer IV (Education Liaison) at the Mississippi Department of Child Protection Services (MDCPS).

7.      Plaintiff Ashley Falgout was hired on July 1, 2009, as a Program Administrator of Independent Living at the Mississippi Department of Child Protection Services (MDCPS).

8.      Ms. Falgout was promoted a couple more times and then on October 1, 2020, she was promoted to the position of Bureau Director II.

9.      In this new role, Ms. Falgout's immediate supervisor was Deputy Director of Permanency Marcus Davenport.

10.     Ms. Falgout co-developed the Youth Transition Support Services (YTSS) program in 2017.

11.     In 2018, the YTSS program was moved under the Permanency Unit.

2

12.    In June 2020, Ms. Falgout was named the Interim Bureau Director over the YTSS program.

13.    In July 2020, Mr. Davenport called a YTSS unit meeting in July 2020 at which time he addressed Ms. Falgout and others and stated, "Your work is garbage, and y'all need to do better."

14.    In October 2020, Mr. Davenport initiated a personal relationship with Ms. Falgout that consisted of lunches, dinners, phone conversations, and Face Time conversations.

15.    In early 2021, Plaintiff Young, Special Projects Officer IV (Education Liaison) at the Mississippi Department of Child Protection Services (MDCPS), discovered that MDCPS officials were routinely signing the Individualized Educations Plans (IEPs) for children in foster care covered by the Individuals with Disabilities and Education Act (IDEA).

16.    According to the IDEA, only the legal parent or guardian of IDEA children are permitted to sign IEPs for purposes of special education decision making. The State of Mississippi through its agencies have entered into numerous federal grants with the United States Department of Human Services, which require Defendant to comply with the IDEA.

17.    This ongoing legal violation impacted many of the children/youth under the charge of MDCPS and their biological parents.

3

18.    On February 8, 2021, Plaintiffs met with Mr. Davenport to address the above-mentioned legal violation being perpetrated against MDCPS children/youth and their biological parents.

19.    On April 1, 2021, Plaintiff Young was promoted to the position of Division Director II.

20.    At that time, Plaintiff Young continued in her role as Education Liaison but also took on this new position.

21.    In this new role, Plaintiff Young's immediate supervisor was Bureau Director II, Plaintiff Falgout.

22.    On May 5, 2021, Claimant emailed Strategy and Policy Attorney Kimberly Gore. In that email, among many questions, Claimant inquired of Ms. Gore, "In terms of special education, can MDCPS legally serve as the [Individuals with Disabilities Education Act] (IDEA) parent?"

23.    When Ms. Gore responded, the response to that question was the following: "No."

24.    The definition of parent under 20 U.S.C. § 1401(23)(B) specifically excludes the State. 20 U.S.C. § 1415(b)(2)(A) also provides that the surrogate parent "shall not be an employee of the State educational agency, the local educational agency, or any other agency that is involved in the education or care of the child." MDCPS cannot act as the surrogate parent because it is an agency involved in the care of the child."

25.    On May 19, 2021, Plaintiff Falgout emailed Deputy Commissioner of Child Welfare Kimberly Wheaton (i.e., Mr. Davenport's direct report) to express her concerns.

4

26.    Given the response Plaintiffs received from the legal department (i.e., Ms. Gore and others), it was clear that MDCPS officials were not legally allowed to serve as IDEA parents.

27.    Plaintiffs were now reaching out to Ms. Wheaton so that MDCPS could appropriately revise its policy and practice.

28.    On June 3, 2021, Plaintiffs met with Mr. Davenport to discuss education concerns.

29.    At that meeting Plaintiffs provided Mr. Davenport with a document entitled Y TSS Education Plan.

30.    On that document, the second item stated: "IDEA Parent" We MUST have a special education decision maker for each child requiring special education and related services.  MDCPS/MDCPS employees CAN NOT serve in this role per federal law. Therefore, until this is addressed the validity of each child/youth's IEP is compromised, the services they are to receive may be interrupted, MDCPS employees' ability to effectively advocate on behalf child/youth is diminished, and the Agency is positioned to experience legal repercussions."

31.    Plaintiff Young presented this document to Mr. Davenport as part of a plan on how to move forward addressing the education-related issues.

32.    Plaintiff Young presented this and other items to Mr. Davenport in the hopes of moving forward with a revision of policy (i.e., to comply with federal law and federal block grants) and practical change.

5

33.    The following issues with not following the federal block grants was presented to Mr. Davenport:

- Not enrolling children/youth in school in accordance with federal and state compulsory school laws

- Not creating educational plans for children/ youth as required by ESSA and Fostering Connections Act

- Not creating Transitional Living Plans for youth age 17 and older per Title IV-E of the SSA

- Not providing housing support for youth age 18 and older per Title IV-E of the SSA

- Signing IEPs for youth in foster care and denying them the legal protections for students with disabilities under IDEA

- Not coordinating with MDE or the local school districts to ensure the educational stability mandated by ESSA and Fostering Connections

- Not allowing youth to remain in their school of origin as ordered by ESSA

- Not allowing biological parents/guardians to participate in the educational decisions for youth in foster care as stated in IDEA and ESSA

- Not collecting educational data required by ACF, CB and the SSA

- Reporting fraudulent data to the federal government surrounding Independent Living and education which affects federal funding

- Denying children and youth FAPE as guaranteed by IDEA

34.    In response, however, Mr. Davenport gave no clear resolution, feedback, or guidance on how to proceed with this issue.

35.    Rather than supporting Plaintiff Young in this endeavor, Mr. Davenport responded, "Education isn't a priority for me." The State of Mississippi through its state agencies have continued to violate the federal grants it entered into by failing to provide a surrogate parent for IEP meetings so that children in its care can have independent representation pursuant to federal law.

36.    Plaintiffs attempted to explain to Mr. Davenport that they had addressed the matter via email with MDCPS's legal department (i.e., Ms. Gore, Anna Claire Steel) and then they had further addressed the matter with Ms. Wheaton.

37.    When they asked Mr. Davenport how these issues of federal law and agency policy/practice were to be resolved, Mr. Davenport directed them to "Continue doing like we have always done, because there haven't been any problems - per Kimberly Wheaton".

38.    Plaintiffs requested this directive be given to them in writing, but Mr. Davenport denied this request.

39.    Plaintiffs then stated to Mr. Davenport that she refused to knowingly participate, allow to continue, or instruct her direct reports or agency members to engage in illegal practices.

40.    Mr. Davenport then directed Plaintiff Young to cease all work she was doing to coordinate between MDCPS, the Mississippi Department of Education (MDE) and the American Bar Association – Legal Center for Foster Care and Education and Casey Family Programs (ABA).

41.    This directive barred Plaintiffs from effectively fulfilling her role and responsibilities on behalf of the children/youth of MDCPS.

42.    Following these events (in early June 2021), Plaintiff Falgout's personal relationship with Mr. Davenport began to change.

43.    Mr. Davenport discontinued all personal engagements with Plaintiff Falgout, and he limited his interaction to only formal professional engagement.

44.    Beginning around this time, Mr. Davenport told Plaintiff Falgout, on several occasions, either directly or by inference, that Commissioner Andrea Sanders wanted Plaintiff Falgout gone from MDCPS.

45.    Mr. Davenport portrayed himself to Plaintiff Falgout as attempting to protect her from those who wanted her removed.

46.    These statements conflicted with Ms. Sanders' direct interactions with Plaintiff Falgout, wherein she (Ms. Sanders) consistently expressed positive approval regarding Plaintiff. Falgout's job performance.

47.    Increasingly, Mr. Davenport began interfering in Plaintiff Falgout's work duties.

48.    Unbeknownst to Ms. Falgout, Mr. Davenport met with service providers and community partners, with whom Ms. Falgout had long standing professional relationships, and attempted to undermine her (Ms. Falgout's) position and professional credibility.

49.    Mr. Davenport began directly contacting Ms. Falgout's staff and division directors (i.e., bypassing her) and questioning them about routine work matters.

8

50.    Ms. Falgout's staff began contacting her, expressing confusion as to why Mr. Davenport was questioning them.

51.    Ms. Falgout addressed this confusion to Mr. Davenport, who merely responded, "It's my right."

52.    Mr. Davenport negotiated service contracts to be paid out of the Independent Living – John H. Chafee Foster Care Independence Program budget without Plaintiff's knowledge, consent, or input.

53.    Mr. Davenport increasingly micromanaged Ms. Falgout's work duties and schedule.    He prohibited Ms. Falgout from communicating with other departments and he often instructed personnel in other departments to communicate directly with him, i.e., not with Ms. Falgout.

54.    On several occasions, Ms. Falgout attempted to address the way Mr. Davenport was interfering with her ability to fulfill her role as a Bureau Director.

55.    Ms. Falgout asked that Mr. Davenport put her job description/requirements in writing.

56.    Mr. Davenport responded that he would provide Ms. Falgout with a performance review, but she never received it.

57.    Mr. Davenport's interference with Ms. Falgout's work significantly interfered with any productive work in the YTSS program.

58.    Mr. Davenport effectively blocked this program, resulting in children and youth being denied services.

9

59.    In July 2021, Ms. Falgout met with Ms. Wheaton to discuss her (Ms. Falgout's) concerns about how Mr. Davenport was interfering with her (Ms. Falgout's) ability to perform her job.

60.    Ms. Wheaton responded that she would address the matter with Mr. Davenport.

61.    Also, around the first week of July 2021, Plaintiff and Ms. Falgout were called to Mr. Davenport's office.

62.    At that time, Ms. Davenport informed Plaintiff and Ms. Falgout that YTSS Federal Reporting designee and Education Liaison Cynthia Moore-Hardy had raised some concerns to him that he felt needed to be addressed.

63.    It is noteworthy that Ms. Moore-Hardy was a direct report to Plaintiff and as recently as April 2021 Plaintiff had confronted Ms. Moore-Hardy regarding issues of insubordination and inadequate work performance.

64.    Between April and July 2021, Plaintiff had discussed Ms. Moore-Hardy's problematic work performance with Mr. Davenport.

65.    Mr. Davenport had directed Plaintiff to submit documentation to Human Resources and had, on one occasion, stated that she (Ms. Moore-Hardy) should be terminated.

66.    In the second week of July 2021, however, Mr. Davenport radically shifted his position.

67.    Mr. Davenport called a meeting with Plaintiff, Ms. Falgout, and Ms. Moore-Hardy, in which Ms. Moore-Hardy verbalized allegations against Plaintiff.

10

68.    When Plaintiff attempted to speak up to defend herself, Mr. Davenport berated her and alleged that as a Division Director she was not allowed to respond.

69.    Mr. Davenport then turned to Ms. Falgout and stated that she (Ms. Falgout) had failed by allowing Plaintiff to defend herself.

70.    Ms. Falgout responded to Mr. Davenport, stating that he was wrong and was handling the entire situation incorrectly.

71.    On July 30, 2021, Director of Human Resources Jason Hulitt conducted an interview with Plaintiff Young.

72.    Prior to the interview, Mr. Hulitt told Plaintiff Young he was going to conduct an employee engagement interview.

73.    When the interview occurred, however, the aggressively interrogating nature of the interview was surprising to Plaintiff Young.

74.    In this interview, Mr. Hulitt asked Plaintiff about her relationship with Ms. Falgout, her direct reports, and Mr. Davenport (i.e., did Plaintiff have a relationship with

75.    Ms. Falgout outside of work? how long has she known Ms. Falgout? What was her relationship like with Mr. Davenport? how did she get along with her direct reports? etc.).

76.    Mr. Hulitt asked Plaintiff Young how long she had been with the agency, how long she had been a Division Director, and what made her qualified to hold her position.

77.    Mr. Hulitt asked Plaintiff Young about the unit she oversaw, its role and responsibilities.

78.    Mr. Hulitt insinuated that Plaintiff's professional and educational background were inadequate to qualify her for the position she held.

79.    In August 2021, Mr. Hulitt met with Ms. Falgout, as well, for an employee engagement interview.

80.    During this interview, Mr. Hulitt asked Ms. Falgout general questions, work-related questions, questions about her unit, and other topics.

81.    Ms. Falgout explained to Mr. Hulitt about how Mr. Davenport had interfered with her ability to perform her job and how both she and the unit were affected.

82.    Both employee engagement interviews with Plaintiffs were recorded by Mr. Hulitt, using his state issued cell phone.

83.    Beginning in August 2021, Mr. Davenport discontinued all communication with Plaintiff.

84.    On September 14, 2021, both Plaintiffs were terminated, allegedly due to "falsification of time records."

85.    Both Plaintiffs were salaried employees of MDCPS.

86.    Their time sheets merely consisted of the dates and the hours they worked on those dates.

87.    Following this vague allegation by MDCPS, no explanation as to how the time sheets were allegedly 'falsified' was given.

88.    Both Plaintiffs filed appeals with the Mississippi State Personnel Board.

89.    Plaintiffs will lose, at a minimum, approximately $60,000 of income in pay plus benefits per year.

## CAUSES OF ACTION

### COUNT I:  TORT OF OUTRAGE-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

90.    Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 89 above as if fully incorporated herein.

91.    By its actions described above, the Defendant intentionally inflicted emotional distress upon Plaintiffs.

92.    The Defendant's actions have been such to evoke outrage and revulsion.

93.    The Defendant's actions are malicious, willful, wanton, grossly careless, indifferent and reckless.

94.    The effect of the Defendant's actions on Plaintiffs were reasonably foreseeable.

95.    Plaintiffs have suffered injury as a result of the Defendant's actions.

96.    As such, Plaintiffs are seeking an award of compensatory damages in an amount to be determined by the jury to fully compensate her for the Defendant's actions.

97.    In addition, the Defendant's actions were done maliciously with the intent to cause Plaintiffs' injury.

### COUNT II: WRONGFUL TERMINATION

98.    Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 97 above as if fully incorporated herein.

13

99.    The acts of the Defendant described above constitute a willful and intentional violation of federal law, state law and/or Mississippi public policy which constitutes the tort of wrongful termination and entitles Plaintiffs to damages.

### COUNT III:  VIOLATION OF FALSE CLAIMS ACT.

100.    Plaintiffs re-alleges and incorporates all averments set forth in paragraphs 1 through 99 above as if fully incorporated herein.

101.    Defendant has violated the False Claims Act by terminating Plaintiffs in retaliation for reporting its violation of federal law, which violated the federal grants the State of Mississippi has entered into through its agencies with the federal government.

### PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1.    Back wages and reinstatement; or
2.    Future wages in lieu of reinstatement;
3.    Double back wages;
4.    Compensatory damages;
5.    Attorney's fees;
6.    Lost benefits;
7.    Pre-judgment and post-judgment interest;
8.    Costs and expenses; and
9.    Such further relief as is deemed just and proper.

THIS the 11th day of September 2024.

        Respectfully submitted,

        MELANIE YOUNG, Plaintiff

By: /s Nick Norris
     Louis H. Watson, Jr.  (MB# 9053)
     Nick Norris (MB# 101574)
     Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, MS 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
Web:  www.watsonnorris.com

## CERTIFICATE OF SERVICE

I, Nick Norris, attorney for Plaintiff do hereby certify that I have this day filed the

foregoing with the Clerk of the Court using the ECF system which sent notification of such filing

or mailed, via United States Mail, postage prepaid, on all counsel of record.

THIS, the 11th day of September, 2024.

        /s  Nick Norris

        NICK NORRIS

15

### IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**MELANIE YOUNG**                                                      **PLAINTIFF**

**V.**                                          CAUSE NO. 25C | 1:22-cv-00618-EFP

**MISSISSIPPI DEPARTMENT OF CHILD
PROTECTION SERVICES**                                           **DEFENDANT**

*consolidated with*

**ASHLEY FALGOUT**                                                 **PLAINTIFF**

**V.**                                          CAUSE NO. 25C | 1:22-cv-00619-DHG

**MISSISSIPPI DEPARTMENT OF CHILD
PROTECTION SERVICES**                                           **DEFENDANT**

### ORDER GRANTING PLAINTIFF'S UNOPPOED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

This matter having come before the Court on *Plaintiffs' Unopposed Motion for Leave to File Amended Complaint*, [Doc. #30 in 22-cv-000619] filed in the underlying action and the Court having considered that Plaintiffs' Unopposed Motion will simplify and streamline this action and promote judicial economy, hereby finds that the Motion is well taken as well as unopposed,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that: 1) Plaintiffs will be granted leave of Court for five days to file the proposed Amended Complaint; and 2) Defendants reserve all defenses available to the Defendants' of the case.

1

*Plaintiff's Unopposed Motion for Leave to file Amended Complaint* in the above-referenced matters, is hereby GRANTED.

SO ORDERED, this the __1__ day of ~~September~~ October 2024.

_____
HONORABLE DEBRA GIBBS
HINDS COUNTY CIRCUIT COURT JUDGE

SUBMITTED BY:

Nick Norris, Esq. (MSB # 101574)
Watson & Norris, PLLC
4209 Lakeland Dr # 365
Flowood, MS 39232
Tel: (601) 968-0000
Fax: (601) 968-0010
E-mail: nick@watsonnorris.com
Attorney for Plaintiffs

2